**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| SOVERAIN IP, LLC, | ) | |
| Plaintiff, | ) ) | Case No.  2:17-cv-00204 |
| v. | ) ) | LEAD CASE |
| MICROSOFT CORP., | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) ) | |
| | ) | |
| SOVERAIN IP, LLC, | ) ) | |
| Plaintiff, | ) ) | Case No.  2:17-cv-00306 |
| v. | ) ) | JURY TRIAL DEMANDED |
| WAL-MART STORES, INC. AND WAL-MART STORES TEXAS, LLC, | ) ) ) | |
| Defendants. | ) ) ) ) | |

**DEFENDANTS' MOTION TO DISMISS UNDER FEDERAL RULES**
**OF CIVIL PROCEDURE 12(B)(7) AND 12(B)(3), OR IN THE ALTERNATIVE**
**TRANSFER UNDER 28 U.S.C. § 1406 OR § 1404**

# TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................. 1

II.     THE WALMART ENTITIES.......................................................................... 4

III.    ARGUMENT ................................................................................................... 5

    A.      The Court Should Dismiss this Suit for Failure to Join Walmart.com USA ...........5

        1.      Walmart.com USA Is the Proper Defendant and Is Necessary and
              Indispensable to this Suit ...................................................................5

        2.      Walmart.com USA Cannot Be Joined Because Venue Would Be
              Improper...........................................................................................8

        3.      This Suit Should Not Proceed Without Walmart.com USA.........................9

    B.      In the Alternative, the Case Should Be Dismissed or Transferred because
        Venue Is Improper ...........................................................................10

        1.      Under *TC Heartland*, Venue Is Improper for Walmart Stores and
              Stores Texas..................................................................................10

        2.      Stores Texas Should Be Transferred with Walmart Stores, or the
              Claims Against It Should Be Severed and Stayed .....................................12

    C.      In the Alternative, Walmart Stores and Stores Texas Should Be
        Transferred under 28 U.S.C. § 1404 ...................................................13

        1.      The Private Factors Show that the Northern District of California Is
              Clearly More Convenient than the Eastern District of Texas.....................13

            i)      The Northern District of California Provides Greater Ease of
                  Access to Sources of Proof.................................................13

            ii)     The Northern District of California Provides Compulsory
                  Process over Non-Party Witnesses While the Eastern District of
                  Texas Does Not ...............................................................14

            iii)    The Northern District of California Is More Convenient for All
                  the Relevant Witnesses.......................................................16

        2.      Practical Issues Are Neutral..........................................................17

        3.      The Public Interest Factors Also Weigh in Favor of Transfer.....................18

            i)      The Northern District of California Has Strong Local Interests
                  in Matters Involving the walmart.com website ...................19

            ii)     The Other Public Interest Factors are Neutral......................19

         4.      The Court Should Either Transfer Walmart Stores and Stores, Texas,
              or Transfer Walmart Stores and Sever and Stay the Case Against
              Stores Texas ...................................................................20

            i)      The Court can Transfer both Walmart Stores and Stores Texas ...........20

            ii)     If the Court Does Not Transfer Stores Texas, the Stores Texas'
                  Case Should Be Severed and Stayed Because It Is Peripheral..............21

IV.     CONCLUSION................................................................................................ 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*,
  817 F.3d 755 (Fed. Cir. 2016), *cert. denied sub nom. Mylan Pharm. v. Acorda Therapeutics*, 137 S. Ct. 625 (2017) ...................................................................................20

*Adaptix, Inc. v. AT&T Mobility LLC*
  No. 6:12-CV-120, 2014 WL 12622296 (E.D. Tex. Jan. 27, 2014).........................................11

*Am. Trading & Prod. Corp. v. Fischbach & Moore, Inc.*,
  311 F. Supp. 412 (N.D. Ill. 1970) ..............................................................................................6

*Williamson ex rel. At Home Bondholders' Liquidating Trust v. Verizon Commc'ns Inc.*,
  No. 11 CIV. 4948 LTS HBP, 2013 WL 227691 (S.D.N.Y. Jan. 22, 2013)..............................6

*Dernick v. Bralorne Res., Ltd.*,
  639 F.2d 196 (5th Cir. 1981) .....................................................................................................7

*E.E.O.C. v. Peabody W. Coal Co.*,
  400 F.3d 774 (9th Cir. 2005) .....................................................................................................8

*Ei-Land Corp. v. Simpson Strong-Tie Co., Inc.*,
  No. 2:09-cv-337, 2010 WL 3859783 (E.D. Tex. Sept. 30, 2010)............................................21

*Elecs. For Imaging, Inc. v. Coyle*,
  340 F.3d 1344 (Fed. Cir. 2003).................................................................................................20

*Eolas v. Walmart*,
  Case No. 6:15-cv-01038-RWS, D.E. 326 (E.D. Tex. Apr. 28, 2017)...1, 2, 3, 4, 10, 12, 13, 14, 19, 21, 22, 23

*Eolas v. Walmart*,
  No. 6:15-cv-01040, D.E. 16 (E.D. Tex. Feb. 9, 2016)............................................................13

*Freeman v. Nw. Acceptance Corp.*
  754 F.2d 553 (5th Cir. 1985) .....................................................................................................7

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009).....................................................................................13, 15, 16

*GeoTag, Inc. v. Aromatique, Inc.*,
  No. 2:10-cv-570, 2013 WL 8349856 (E.D. Tex. Jan. 14, 2013) .......................................14, 17

*In re Google, Inc.*
No. 17-107, D.E. 16 (Fed. Cir. Feb. 23, 2017) ........................................................17

*Grober v. Mako Prods., Inc.*,
686 F.3d 1335 (Fed. Cir. 2012).............................................................................20

*H-W Tech., L.C., v. Apple, Inc.*,
No. 3:11-cv-651-G, 2012 WL 3072776 (N.D. Tex. July 5, 2012) ........................18

*Haas v. Jefferson Nat'l Bank of Miami Beach*,
442 F.2d 394 (5th Cir. 1978) ..................................................................................7

*In re Hoffman-La Roche, Inc.*,
587 F.3d 1333 (Fed. Cir. 2009).............................................................................18

*J.L.B. Equities, Inc. v. Ocwen Fin. Corp.*,
131 F. Supp. 2d 544 (S.D.N.Y. 2001).....................................................................6

*Hood ex. rel. Mississippi v. Cty. of Memphis*,
570 F.3d 625 (5th Cir. 2009) ..................................................................................5

*In re Nintendo of Am., Inc.*,
756 F.3d 1363 (Fed. Cir. 2014).............................................................................14

*In re Nintendo Co., Ltd.*,
589 F.3d 1194 (Fed. Cir. 2009).............................................................................16

*Rembrandt Vision Techs. L.P. v. Johnson & Johnson Vision Care, Inc.*,
No. 2:09-cv-200-TJW, 2011 WL 2937365 (E.D. Tex. July 19, 2011)..................17

*Schutten v. Shell Oil Co.*,
421 F.2d 869 (5th Cir. 1970) ..................................................................................9

*In re TC Heartland LLC*,
No. 16-105 (Fed. Cir. 2016)..................................................................................10

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
137 S. Ct. 1514 (2017)........................................................................2, 8, 10, 11

*Tick v. Cohen*,
787 F.2d 1490 (11th Cir. 1986) ..............................................................................8

*Timberlake v. Synthes Spine, Inc.*,
No. V-08-4, 2011 WL 2607044 (S.D. Tex. June 30, 2011)....................................6

*In re Toyota Motor Corp*,
747 F.3d 1338 (Fed. Cir. 2014).............................................................................18

*UltimatePointer,*
   6:11-cv-00496, Dkt. No. 448, at 5-6 (E.D. Tex. June 17 2014) .............................................22

*Ventronics Sys. LLC v. Drager Med. GmbH,*
   No. 6:10-cv-582, slip op. (E.D. Tex. Oct. 20, 2011) .........................................................15, 16

*In re Volkswagen AG,*
   371 F.3d 201 (5th Cir. 2004) ..........................................................................................15, 19

*Xilinx, Inc. v. Papst Licensing GmbH & Co. KG,*
   848 F.3d 1346 (Fed. Cir. 2017).............................................................................................20

**Statutes**

28 U.S.C. § 1391(c) ...................................................................................................................11

28 U.S.C. § 1400(b) ...............................................................................................2, 8, 10, 11, 12

28 U.S.C. § 1404 ..........................................................................................................1, 2, 3, 12, 19

28 U.S.C. § 1404(a) ...................................................................................................................21

28 U.S.C. § 1406 .............................................................................................................1, 2, 3, 12

28 U.S.C. § 1406(a) ...................................................................................................................12

**Rules**

Fed. R. Civ. P. 11(b) ...................................................................................................................20

Fed. R. Civ. P. 12(7) .....................................................................................................................2

Fed. R. Civ. P. 12(b)(3) ...................................................................................................1, 2, 3, 11

Fed. R. Civ. P. 12(b)(7) .....................................................................................................1, 2, 5

Fed. R. Civ. P. 19 .......................................................................................................................5, 8

Fed. R. Civ. P. 19(a) ..................................................................................................................5, 7

Fed. R. Civ. P. 19(b) ..................................................................................................................5, 8

Fed. R. Civ. P. 19(b)(1)-(4) ...........................................................................................................9

Two months ago, in a case involving these same defendants and accusing the same walmart.com website—a website developed not by the defendants, but by Walmart.com USA, LLC, a California company with no ties to Texas—this Court severed and transferred the case. *See Eolas v. Walmart*, Case No. 6:15-cv-01038-RWS, D.E. 326 (E.D. Tex. Apr. 28, 2017). However, in that case, determining the correct party was not before the Court.  In this case, it is. Defendants Wal-Mart Stores, Inc. ("Walmart Stores") and Wal-Mart Stores Texas LLC ("Stores Texas") request that this case either be dismissed under Rule 12(b)(7) for failure to join the correct party, or under Rule 12(b)(3) for improper venue.  In the alternative, Walmart Stores and Stores Texas ask that this case be transferred to the Northern District of California under either 28 U.S.C. § 1406, or 1404 as was done in the *Eolas* case, and let the proper party issue be resolved by that court.

## I.  <u>INTRODUCTION</u>

Soverain's infringement allegations against Walmart Stores and Stores Texas are directed at certain features and functionality of the walmart.com website.  Docket Entry ("D.E.") 1, at ¶¶ 60, 84, 110.  The walmart.com website is developed, operated, and maintained by Walmart.com USA LLC ("Walmart.com USA") in the Northern District of California, where that entity is headquartered.  The only proper venue for this suit is the Northern District of California.

Soverain sought to avoid this necessary result by omitting Walmart.com USA as a party, instead, naming its ultimate parent (Walmart Stores) and a Walmart Stores subsidiary (Stores Texas), which is an operating entity for the physical stores in Texas.  These named defendants have no direct involvement with the development, operation, or maintenance of the website.  As such, the case should be dismissed or transferred to the Northern District of California.

There are three separate and appropriate approaches by which the Court can address Soverain's attempt to circumvent venue law by naming the wrong corporate entity: 1) dismissal

under Rule 12(7) for failure to join Walmart.com USA as a necessary party; 2) dismissal under

Rule 12(b)(3) for improper venue; or 3) transfer of one or both Walmart entities under §§ 1404

and/or 1406 to the Northern District of California.  If the Court does not transfer Stores Texas

under §§ 1404 or 1406, then the claims against it should be severed and stayed consistent with this

Court's ruling in the recent *Eolas v. Walmart* case.

As to the first approach, Walmart.com USA is a necessary party to this suit and should be

joined if feasible.  However, venue in the Eastern District of Texas would be improper for

Walmart.com USA because it does not "reside" here, as it is incorporated in the Northern District

of California, nor does it have a "regular and established place of business" in this District.  28

U.S.C. § 1400(b).[1]  Since Walmart.com USA cannot be joined, but is indispensable to this suit as

the party that created and maintains the walmart.com website, the case should be dismissed under

Rule 12(b)(7).

As to the second approach, in addition to failing to name a necessary party, Soverain has

chosen an improper venue.  In light of the Supreme Court's recent ruling in *TC Heartland LLC v.*

*Kraft Foods Group Brands LLC*, a suit against Walmart Stores or Stores Texas can only be filed

in their states of incorporation or where they have committed infringing acts and have a "regular

and established place of business."  Both entities are Delaware corporations headquartered in

Bentonville, Arkansas, and neither has committed an act of infringement in this District because

---

[1]      As the Court is aware, the existence of Walmart.com USA was raised in *Eolas v. Walmart*, but Walmart
Stores and Stores Texas did not seek to add Walmart.com USA as a necessary party.  This is not because Walmart.com
USA is not a necessary party, but rather because Walmart Stores and Stores Texas also believed that Stores Texas had
been added by mistake, and that Eolas's counsel would be amenable to substituting in the proper party.  Unfortunately,
Walmart's counsel never received a response from Eolas, and only later learned that Eolas had purposefully added
Stores Texas to pursue a nonsensical induced infringement claim in an attempt to prevent transfer.  Because the Eolas
case was prior to the Supreme Court's ruling in *TC Heartland*, Walmart also believed that venue would have been
proper for Walmart.com USA, so the case would not need to be dismissed for failure to join.  However, now that 28
U.S.C. § 1400(b) is the sole authority on venue, it is clear that the Eastern District of Texas is not a proper venue to
sue Walmart.com USA because it does not have a "regular and established place of business" here.  28 U.S.C.
§ 1400(b); *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1520 (2017).

the accused walmart.com features and functionality were designed, developed, and deployed from the San Francisco Bay Area.   Additionally, Walmart Stores does not have a "regular and established place of business" in this District.  The only places of business in the Eastern District of Texas are the brick and mortar Walmart stores, which are operated by Stores Texas.[2]  Because venue is not proper for Walmart Stores or Stores Texas, the Court should either dismiss this suit under Rule 12(b)(3), or transfer it to the Northern District of California under 28 U.S.C. § 1406.

Lastly, the Court can transfer Walmart Stores and Stores Texas to the Northern District of California under 28 U.S.C. § 1404.   As the Court recognized in its recent decision, *Eolas v. Walmart*, Case No. 6:15-cv-01038-RWS, D.E. 326 (E.D. Tex. Apr. 28, 2017), the Northern District of California is clearly more convenient.   The operations for walmart.com are headquartered there, and almost all of the relevant witnesses and documents are located there.  The Northern District of California also has subpoena power over at least one identified third-party witness, compared to none identified in this District, and would be much more convenient for witnesses to travel to for trial given the abundant direct flight options.  If the Court determines that Stores Texas cannot be transferred to the Northern District of California despite Soverain's direct infringement allegations,[3] Walmart Stores and Stores Texas request that the peripheral suit against Stores Texas be severed and stayed, and that the primary suit against Walmart Stores be transferred to the Northern District of California, just as the Court did in *Eolas v. Walmart*.

---

[2]     There are also distribution centers in Texas that support the brick and mortar stores.  Walmart does not believe these are "regular and established places of business" under the venue statute, but regardless, the issue is moot because they are operated by another Walmart subsidiary, not Walmart Stores or Stores Texas.

[3]     As explained in Section IV.C.3., Soverain alleges that Stores Texas "directly infringed and continues to directly infringe" by "having made, sold, used, offered for sale, and/or sold" certain technology allegedly embodied in features of the walmart.com website.  D.E. 1, ¶ 74, 100, 136.  The development for those accused features occurred within the Northern District of California, thus, if the Court accepts as true Soverain's allegation that Stores Texas directly infringed the patents-in-suit, personal jurisdiction and venue would be proper in the Northern District of California.  If the Court rejects these implausible pleadings, it should either dismiss Stores Texas, or sever and stay the case while transferring Walmart Stores.

## II.   THE WALMART ENTITIES

Walmart Stores is the parent company of various Walmart subsidiaries, including Stores Texas and Walmart.com USA.  It is a Delaware corporation with its headquarters in Bentonville, Arkansas.  Walmart Stores does not have a regular and established place of business in Texas.  Rather, the brick and mortar stores in Texas are all operated by Stores Texas, a wholly owned subsidiary of Walmart Stores.  Bhatia Decl. ¶ 3-4.  Stores Texas has no role in the development or operation of the walmart.com website, nor does it have any control over the employees responsible for the website.  *Id.* ¶ 11.

The walmart.com website is developed and maintained by Walmart.com USA, another wholly owned subsidiary of Walmart Stores.  Walmart.com USA is headquartered in the San Francisco Bay Area.  *Id.* at ¶ 5.  Walmart.com USA is the entity responsible for the walmart.com website features and functionality being accused of infringement.[4]  *Id.* at ¶ 9.  Examples given in Soverain's complaint of infringing functionality of the website are search functionality (D.E. 1, at ¶ 62), scripts on the walmart.com webpage (*Id.*, ¶67, 72), and cookies, web beacons, or mobile device identifiers for tracking requests from walmart.com visitors.  *Id.*, ¶¶ 88, 92, 118, 122.  The design and development for these and other accused features is done by the Walmart.com USA engineering team and/or the Walmart.com USA search group, both of which are based in the San Francisco Bay Area, with some development occurring remotely and in India.  Bhatia Decl. ¶ 10.  The overwhelming majority of knowledgeable, relevant employees and documents for the accused features and functionality are located in the San Francisco Bay Area.  *Id*. at ¶¶ 12, 14-15.  Similarly,

---

[4]      Soverain's complaint alleges that the walmart.com website infringes because it includes: (1) "technology for extracting data from sources of network-based information in a communications network having a plurality of network servers programmed to transmit network-based information"; (2) "technology for tracking webpage requests received at a web server from multiple clients"; and (3) "technology for processing service requests from a client to  server system through a network."  D.E. 1, ¶¶ 62, 86, 112.  Soverain's complaint specifically identifies "scripts that enable the extraction of network based information," including from search results, as well as "cookies," "web beacons," and "mobile device identifiers" as infringing features of the walmart.com website.  D.E. 1, at ¶¶ 67, 88, 92, 115, 122.

4

most of the employees who handle business and website metrics for the accused features are in the Northern District of California, with the remainder in India.  *Id*. at ¶ 13.  Conversely, No employee responsible for the accused features is located in the Eastern District of Texas.  *Id.*  at ¶ 12.  The vast majority of documents and source code pertaining to the accused features are also located at Walmart.com USA's offices in the Northern District of California.  *Id*. at ¶ 14.  None are located in East Texas.

### III.    STATEMENT OF THE ISSUES

Whether the suit should be dismissed under Federal Rule of Civil Procedure 12(b)(7) because Walmart.com USA is a necessary party that should be joined if feasible, but cannot be joined because venue is improper.

Whether the suit should be dismissed under Federal Rule of Civil Procedure 12(b)(3) because venue is not proper for Walmart Stores or Stores Texas.

In the alternative, whether the suit should transferred to the Northern District of California under 28 U.S.C. §§ 1406 or 1404 because venue is improper or because the Northern District of California is clearly more convenient.

Whether the suit against Stores Texas should be severed and stayed if it is not transferred to the Northern District of California.

### IV.    ARGUMENT

**A.    The Court Should Dismiss this Suit for Failure to Join Walmart.com USA**

**1.    Walmart.com USA Is the Proper Defendant and Is Necessary and Indispensable to this Suit**

Under Rule 12(b)(7), dismissal is appropriate if there has been a failure to join a necessary party under Rule 19.  A party is necessary under Rule 19 if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

5

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

    (i) as a practical matter impair or impede the person's ability to protect the interest; or

    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a).   Once the defendant meets its initial burden of demonstrating a party is necessary, the burden shifts to the plaintiff.  *Hood ex. rel. Mississippi v. Cty. of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009).  If an absent party is necessary, but "cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  FED. R. CIV. P. 19(b).  The Court "may go outside the pleadings and look to extrinsic evidence such as documents or affidavits" when considering a Rule 12(b)(7) motion.  *Timberlake v. Synthes Spine, Inc.*, No. V-08-4, 2011 WL 2607044, at *2 (S.D. Tex. June 30, 2011).

As the entity that actually develops and maintains walmart.com, Walmart.com USA is a necessary party to Soverain's allegations that the website's features and functionality infringe Soverain's patents.  Soverain has not plead facts that would warrant piercing the corporate veil and holding Walmart Stores liable for Walmart.com USA's development and offering of the accused website.  Nor has Soverain made allegations of agency that warrant holding Walmart Stores liable for this conduct.  Conversely, the declaration of Dhiraj Bhatia, establishes that Walmart Stores and its subsidiaries, such as Walmart.com USA, have their own operations, act as separate and distinct legal entities, and observe corporate formalities.  Bhatia Decl. at ¶¶ 3-6.

Soverain has not alleged anything to the contrary, nor could it.  That Walmart advertises its stores and website under the general name "Walmart" does not establish that corporate formalities were ignored such that piercing the corporate veil is appropriate.  *See, e.g. Williamson ex rel. At Home Bondholders' Liquidating Trust v. Verizon Commc'ns Inc.*, No. 11 CIV. 4948 LTS

HBP, 2013 WL 227691, at *3 (S.D.N.Y. Jan. 22, 2013) ("The use of a common trade name and references to a conglomerate as a collective entity, when included in statements 'intended to be read by the consuming public, cannot create a single entity structure given the sophistication and complexity of today's corporate world.'"); *J.L.B. Equities, Inc. v. Ocwen Fin. Corp.*, 131 F. Supp. 2d 544, 550 (S.D.N.Y. 2001) ("An advertising strategy deciding not to present to its consumers the existence of a parent-subsidiary relationship is not equivalent to a showing that the parent corporation exercises any control over its subsidiary's operational or marketing activities."); *Am. Trading & Prod. Corp. v. Fischbach & Moore, Inc.*, 311 F. Supp. 412, 416 (N.D. Ill. 1970).  As separate legal entities, the Court should look to whether the true actor in the allegation of infringement, Walmart.com USA, is a necessary party.

The Fifth Circuit has recognized that if "the subsidiary was the primary participant in the events giving rise to the lawsuit," "[f]ailure to join the subsidiary in such circumstances would be improper."  *Dernick v. Bralorne Res., Ltd.*, 639 F.2d 196, 199 (5th Cir. 1981).  As a patent infringement suit directed at the walmart.com website, the "events giving rise to the lawsuit" are the development, operation, and maintenance of the walmart.com website.  Walmart.com USA is the entity responsible for this conduct.  Bhatia Decl. ¶¶ 5, 10. As the Fifth Circuit recognized in *Freeman v. Nw. Acceptance Corp.*, when the plaintiff seeks to impose liability on an entity for the acts of another, i.e. impose liability on Walmart Stores for Walmart.com USA's operations, Walmart.com USA becomes an "active participant" in the allegations.  754 F.2d 553, 559 (5th Cir. 1985).  The Fifth Circuit held that "joinder of the subsidiary is required in such a situation."  *Id.* (citing numerous cases from other circuits and districts holding the same).

Moreover, due to its active participation in the underlying conduct, Walmart.com USA also controls critical sources of evidence relevant to Soverain's infringement claims and the Walmart

7

defendants' defenses.  These factors also demonstrate the necessity of a party.  *See Haas v. Jefferson Nat'l Bank of Miami Beach*, 442 F.2d 394, 397-98 (5th Cir. 1978) (holding that a party was necessary when its "presence is critical to the disposition of the important issues in the litigation. [Its] evidence will either support the complaint or bolster the defense.").  Accordingly, Walmart.com USA is a necessary party to Soverain's allegations and should be joined if feasible.

### 2.      Walmart.com USA Cannot Be Joined Because Venue Would Be Improper

Because Walmart.com USA is a necessary party under Rule 19(a), the second step is for the Court to determine whether it is feasible to order that the absentee party be joined.  Rule 19(a) sets forth three circumstances in which joinder is not feasible: (1) when venue is improper; (2) when the absentee is not subject to personal jurisdiction; and (3) when joinder would destroy subject matter jurisdiction.  *See* FED. R. CIV. P. 19; *see also E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005); *Tick v. Cohen,* 787 F.2d 1490, 1493 (11th Cir. 1986) (listing the three factors that may make joinder unfeasible).  Here, Walmart.com USA cannot be joined because venue would be improper.

For patent suits against domestic corporations, venue is only proper where the company is incorporated, or where it has allegedly committed infringing acts and has a regular and established place of business.  28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1520 (2017).  Neither applies to Walmart.com USA.  Walmart.com USA is a limited liability company organized under the laws of California, and is headquartered in the Northern District of California.  Bhatia Decl. ¶ 5.  It has been located there since it was created in 2000.  *Id.*  Walmart.com USA has no regular and established place of business in the Eastern District of Texas.  Indeed, no employees responsible for any aspect of the walmart.com website

reside in this district.  *Id.* at ¶ 12.  Thus, if Walmart.com USA is joined, which it must be as an indispensable party, it also needs to be dismissed for improper venue.  FED. R. CIV. P. 19(a)(3).

### 3.     This Suit Should Not Proceed Without Walmart.com USA

Once the Court determines that a required party cannot be joined, it must determine whether in equity and good conscience the suit should proceed with the existing parties or should be dismissed.  FED. R. CIV. P. 19(b).  This determination is based on four factors: (1) the extent to which judgment rendered in the party's absence might prejudice them or an existing party; (2) the extent any prejudice can be lessened or avoided; (3) whether judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.  FED. R. CIV. P. 19(b)(1)-(4).  Here, equity and good conscience requires dismissal for failure to join Walmart.com USA.

Soverain's allegations are directed at the walmart.com website and thus any impact from this case will be felt in the Northern District of California, where Walmart.com USA is based and where the development and operation of the accused features take place.  A finding of infringement by the walmart.com website necessarily prejudices Walmart.com USA because any design changes to the website to avoid infringement would need to be done by Walmart.com USA, not Walmart Stores or Stores Texas.  This prejudice cannot be avoided simply by suing the parent company, Walmart Stores.  Indeed, any judgment would likely be inadequate because the conduct of Walmart.com USA, *a non-party*, would continue to determine what reasonable royalty *Walmart Stores* would owe to Soverain.  This is untenable.  If features of the walmart.com website are accused of infringement, the entity that develops them, Walmart.com USA, should be a party to the suit.  Moreover, Soverain has an adequate remedy if the suit is dismissed – bringing suit against Walmart.com USA in the Northern District of California like it should have from the beginning. The existence of an alternative proper forum to bring suit weighs in favor of dismissal.  *Schutten*

*v. Shell Oil Co.*, 421 F.2d 869, 875 (5th Cir. 1970) (concluding that dismissal for failing to join a necessary party was "made easier by the knowledge that the courts of the State of Louisiana offer a forum in which a complete adjudication of all interests can be obtained without fear of needless multiple litigation.").

Because Walmart.com USA is a separate legal entity and the primary participant in the alleged infringing conduct, it is a necessary party.  Soverain purposefully chose not to bring suit against Walmart.com USA, instead choosing to sue the parent corporation and an unrelated subsidiary to create the façade of a proper venue in this forum.  Soverain's gamesmanship should not be rewarded.  With no prejudice to Soverain, the Court should dismiss the suit for failure to add Walmart.com USA as a necessary party.

**B.      In the Alternative, the Case Should Be Dismissed or Transferred because Venue Is Improper**

If the Court does not dismiss this lawsuit for failure to join Walmart.com USA, it should still either dismiss or transfer the case because venue is not proper for Walmart Stores or Stores Texas.  Under 28 U.S.C. § 1400(b), suits alleging patent infringement can only be brought "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."[5]

**1.      Under *TC Heartland*, Venue Is Improper for Walmart Stores and Stores Texas**

Under the Supreme Court's recent ruling in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), a domestic corporation "resides" only in its state of incorporation.  As Soverain's complaint acknowledges, neither Walmart Stores nor Stores Texas

---

[5]       In *Eolas v. Walmart*, Walmart preserved its 12(b)(3) defense given that *In re TC Heartland LLC*, No. 16-105 (Fed. Cir. 2016) was on appeal.  No. 6:15-cv-01040-RWS, D.E. 16 (E.D. Tex. Feb. 9, 2016).  Now that the Supreme Court has resolved the issue, the Eastern District of Texas is not a proper venue to bring suit against Walmart Stores or Stores Texas.

"resides" in the Eastern District of Texas because they are incorporated in Delaware.  D.E. 1, at ¶ 31.  Accordingly, venue is only proper for Walmart Stores and Stores Texas if they have committed an act of infringement in this District *and* have "a regular and established place of business" in the Eastern District of Texas.  28 U.S.C. § 1400(b).  The first prong – committing an act of infringement in the District – is not met for either entity.  The accused features are configured and deployed by Walmart.com USA from the Northern District of California.  Bhatia Decl. ¶¶ 5, 10.  Thus, the Eastern District of Texas is not a proper venue for this suit for either entity.

In addition, the second prong is not met for Walmart Stores because it has no regular and established place of business in the Eastern District of Texas.  All of Walmart's retail locations in East Texas are instead operated by Walmart Stores' wholly owned subsidiary, Stores Texas.  *Id.* at ¶ 4.  Stores Texas' places of business should not be imputed to the parent company Walmart Stores.

Before the Supreme Court's decision in *TC Heartland*, courts believed venue was proper in "any judicial district in which such defendant is subject to the court's personal jurisdiction."  28 U.S.C. § 1391(c).  When analyzing whether a corporate defendant was subject to personal jurisdiction in this district, the contacts of subsidiaries were not imputed to the parent.  For example, in *Adaptix, Inc. v. AT&T Mobility LLC*, the Court held that defendant L.G. could not be transferred to the Southern District of California because it used "a San Diego-based subsidiary to import, market, and sell the accused products in the United States," and "the contacts of a subsidiary are not imputed to the parent for purposes of personal jurisdiction.  No. 6:12-CV-120, 2014 WL 12622296, at *2 (E.D. Tex. Jan. 27, 2014).

The same logic follows in the venue context – the making of Walmart.com USA's allegedly infringing website cannot be imputed to Walmart Stores (nor Stores Texas) and, similarly, Stores

Texas' contacts with Texas cannot be imputed to Walmart Stores to make venue proper.  Without these contacts, Walmart Stores does not commit alleged acts of infringement in this District, nor does it have a regular and established place of business here.  Soverain is attempting to combine the unrelated activities of two separate and distinct subsidiaries to establish venue over the parent company that does neither.  The Court should reject Soverain's attempt to manipulate venue and dismiss Walmart Stores under Rule 12(b)(3).

If the Court does not dismiss Walmart Stores and Stores Texas, it should transfer the suit to the Northern District of California.  Under 28 U.S.C. § 1406(a), the Court can transfer the case to "any district or division in which it could have been brought" if "it be in the interest of justice."  Soverain alleges that Walmart Stores and Stores Texas directly infringe the patents-in-suit through the development and maintenance of certain features and functionality of the walmart.com website.  As discussed, those operations occur almost entirely within the Northern District of California, with none occurring in the Eastern District of Texas.  Thus, the Northern District of California would have personal jurisdiction over Walmart Stores and Stores Texas, and venue would be proper because alleged infringing activities occur there and the walmart.com headquarters is "a regular and established place of business."  28 U.S.C. § 1400(b).  Accordingly, transferring the case to the Northern District of California is appropriate if the Court does not dismiss it.

**2.      Stores Texas Should Be Transferred with Walmart Stores, or the Claims Against It Should Be Severed and Stayed**

If the Court transfers only Walmart Stores under 28 U.S.C. § 1406, the case against Stores Texas should still be transferred pursuant to § 1404, or it should be severed and stayed pending resolution of the case against Walmart Stores because the Stores Texas claims are peripheral.  If the Court accepts Soverain's pleadings that Stores Texas developed the website, then transfer to

12

the Northern District of California – where all of the website development occurred – is appropriate because it is clearly more convenient.  If the Court instead finds Soverain's pleading implausible, then it should sever and stay Stores Texas consistent with its ruling in *Eolas v. Walmart*.  The rationale for these outcomes is discussed in detail in Section IV.C. below.

**C.     In the Alternative, Walmart Stores and Stores Texas Should Be Transferred under 28 U.S.C. § 1404**

If the Court finds that the suit should not be dismissed for failure to join Walmart.com USA and because venue is improper, the case should still be transferred to the Northern District of California because it is a clearly more convenient venue.  The walmart.com website is designed, developed, and maintained by employees at Walmart.com USA's headquarters in the Northern District of California.  All of the witnesses with relevant knowledge about the website are located there, as well as all of the relevant documents.  The public and private interest factors demonstrate that this suit should be transferred to the Northern District of California, just as the Court did recently in *Eolas v. Walmart*, No. 6:15-cv-01038, under almost identical facts.  Based on Soverain's pleadings, the Court can (and should) transfer Stores Texas.  However, if the Court looks past the pleadings, it should transfer Walmart Stores and sever and stay the peripheral case against Stores Texas, consistent with the Court's decision in *Eolas v. Walmart*.

**1.     The Private Factors Show that the Northern District of California Is Clearly More Convenient than the Eastern District of Texas**

*i)     The Northern District of California Provides Greater Ease of Access to Sources of Proof*

As the alleged infringer, the Walmart entities are presumed to have the bulk of the relevant evidence.  *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.").  Consequently, the location of the relevant documents weighs in favor of transfer to that location.

13

*Id.*  Here, the relevant documents are located in the Northern District of California, at Walmart.com USA's offices.  Bhatia Decl. at ¶¶ 12, 14.  Similarly, the employees with relevant knowledge about the website are located in the Northern District of California.  *Id.* at ¶¶ 10, 12, 15.  None of the relevant evidence or witnesses are located in the Eastern District of Texas.  *Id.* at ¶¶ 12-14.  The fact that the relevant evidence is located in the Northern District of California weighs in favor of transfer.  *Genentech*, 566 F.3d at 1345.

In contrast, Soverain likely has few relevant documents in the Eastern District of Texas. According to its complaint, Soverain "owns the intellectual property rights to information management solutions that allow companies and individuals to manage Internet content, encrypt network based information, and manage access to network based information."  D.E. 1, at ¶ 28. As a patent licensing and litigation entity, Soverain is unlikely to have any relevant documents other than licenses and case files for other lawsuits.  This pittance of relevant evidence is vastly outweighed by the walmart.com evidence in the Northern District of California.  *See In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014) ("[D]ecisions granting transfer have looked beyond the connection of the parties with the transferor venue when the disparity of convenience is so marked as to outweigh the plaintiff's right to choose the forum.").

At bottom, and as the Court is aware from its prior experience in *Eolas v. Walmart*, almost all of the relevant evidence and witnesses are in the Northern District of California and little if any are in the Eastern District of Texas.  Accordingly, this factor weighs in favor of transfer.

ii)     *The Northern District of California Provides Compulsory Process over Non-*Party *Witnesses While the Eastern District of Texas Does Not*

The availability of compulsory process favors transfer because at least one non-party witness is subject to the subpoena power of the Northern District of California, whereas none are for this District.  *See GeoTag, Inc. v. Aromatique, Inc.*, No. 2:10-cv-570, 2013 WL 8349856, at *3

(E.D. Tex. Jan. 14, 2013) (Schneider, J.) ("Transfer is favored" when a transferee district has "the power to compel attendance at both depositions and trial" over a greater number of non-party witnesses.).

At least one of the named inventors of the patents-in-suit, John R. Ellis, is subject to compulsory process in the Northern District of California because he lives in Woodside, California in San Mateo County.[6]  Additionally, all of the walmart.com website development and operation occurred in the Northern District of California.  If any former employees are necessary witnesses, it is likely they will still live in the Northern District of California.  Walmart Stores and Stores Texas are not aware of any relevant non-party witnesses in this District.  The other inventors named in Soverain's complaint are not subject to compulsory process for both trial and depositions in either District.  David Gifford, Lawrence Stewart, and Winfield Treese all live in Massachusetts, outside the subpoena power of either district.  The same is true of the prosecuting attorneys for the patents-in-suit.  On information and belief, the last inventor named in the complaint, Daniel Earl Geer, Jr., is located in the Virginia area and is therefore also outside of both districts' subpoena power.

If this case is transferred, the Northern District of California will have the ability to compel at least one non-party witness, and likely more given this suit involves Walmart.com USA's e-commerce website and as such relevant prior art witnesses and former employees are likely to be in Silicon Valley, which is in the Northern District of California.  This weighs in favor of transfer.

---

[6]        The description for Mr. Ellis's personal website shows that he is "a software executive in Woodside, California."  *See* view-source:http://www.johnrellis.com/

> iii)    *The Northern District of California Is More Convenient for All the*
> *Relevant Witnesses*

The cost of attendance for party and non-party witnesses is an important factor in the transfer analysis. *In re Volkswagen AG*, 371 F.3d 201, 204 (5th Cir. 2004) (courts must "contemplate consideration of the parties and witnesses."); *In re Genentech*, 566 F.3d at 1343 ("The convenience of the witnesses is probably the single most important factor in transfer analysis."). The convenience of the witnesses "increases in direct relationship to the additional distance to be traveled" when the distance between the transferee and transferor venue is over 100 miles. *Volkswagen I*, 371 F.3d at 204-05. Courts in this District have noted that this rule favors transfer "if the transferee venue is a shorter average distance from witnesses than the transferor venue." *Ventronics Sys. LLC v. Drager Med. GmbH*, No. 6:10-cv-582, slip op. at 7 (E.D. Tex. Oct. 20, 2011) (Davis, J.). Whether there are direct flights also impacts the travel time analysis. *Id.* at 8.

The Northern District of California would be significantly cheaper and more convenient for witnesses. First, the vast majority of the relevant witnesses already reside in the Northern District of California near Walmart.com USA's headquarters. Bhatia Decl. ¶¶ 10, 12. Because there are no relevant walmart.com witnesses in this District (*Id.* ¶ 12), and no Walmart Stores witnesses likely to be trial witnesses, holding the trial here would require every Walmart witness to travel more than 1,500 miles from the San Francisco Bay Area to Tyler, Texas. Conversely, the courthouses of the Northern District of California are close to Walmart.com USA's offices in the Bay Area. Bhatia Decl. ¶ 16. This heavily favors transfer to the Northern District of California. *In re Genentech, Inc.*, 566 F.3d at 1343 (holding that the "parties' convenience factor favored transfer, and not only slightly," where those with knowledge of development of the accused products at the defendants' facilities were in the transferee venue); *see also In re Nintendo Co.,*

16

*Ltd.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) (holding "the cost of attendance for willing witnesses clearly favors transfer" when the average travel required would be over 700 miles less for the transferee district).

Of the potential Soverain witnesses, none appear to reside in the Eastern District of Texas. At least one resides in San Mateo County in the Northern District of California and thus it would be more convenient to him for trial to be held there.  The remaining inventors are all believed to reside on the East Coast, either in the Greater Boston Area (near M.I.T.), or in Virginia.  And although Plaintiff claims to be a Texas corporation, according to state filings the manager of plaintiff Soverain IP is Stephen C. McArthur, a lawyer who has a firm in Los Angeles.[7]  Travel to the Northern District of California would be cheaper and less time consuming for all of these witnesses due to the availability of direct flights. Ex. 1, Online Flight Comparisons.  This weighs in favor of transfer.  *Ventronics Sys. LLC*, No. 6:10-cv-582, slip op. at 7.

Because the vast majority of the witnesses are located near Walmart.com USA's headquarters in the Northern District of California, and none are located in this District, this factor heavily favors transfer.

### iv.     Practical Issues Are Neutral

This case is in its infancy as are Soverain's suits against other defendants over the patents-in-suit.  There are therefore no practical issues with transferring this case to the Northern District of California.  *See GeoTag*, 2013 WL 8349856, at *5 (granting transfer to the Northern District of Texas when "the case [was] still in its infancy").

That there are other pending Soverain cases in this District is of no import.  As the Federal Circuit reasoned in *In re Google, Inc.*, "it is improper for a district court to weigh the judicial

---

[7] https://smcarthurlaw.com/contact/

economy factor in a plaintiff's favor solely based on the existence of multiple co-pending suits." No. 17-107, D.E. 16 at 7 (Fed. Cir. Feb. 23, 2017) (non-precedential).  Doing so would allow Soverain to avoid transfer to a more convenient venue "simply because it filed related suits against multiple defendants in the transferor district.  That is not the law under the Fifth Circuit."  *Id.* Additionally, this District does not have any specialized knowledge about the patents-in-suit.  This is the first wave of lawsuits filed by Soverain on the '447 and '900 patents.  Moreover, only one suit has been filed by Soverain in this District on the '780 patent, and that was in 2004 before Judge Davis.  As Judge Davis has since retired, his familiarity with the '780 patent is of "no further use in this case." *Rembrandt Vision Techs. L.P. v. Johnson & Johnson Vision Care, Inc.*, No. 2:09-cv-200-TJW, 2011 WL 2937365, at *2 (E.D. Tex. July 19, 2011).  Accordingly, this factor is neutral.[8]

### 2.      The Public Interest Factors Also Weigh in Favor of Transfer

In addition to the private interest factors weighing in favor of transfer, the first public interest factor – local interest in the suit – favors transfer to the Northern District of California and the remaining public interest factors are neutral.  This presents a "clear overall picture: nothing favors the transferor forum, whereas several factors favor the transferee forum." *In re Toyota Motor Corp*, 747 F.3d 1338, 1341 (Fed. Cir. 2014) (holding that when the "analysis shows that the transferee forum is 'clearly more convenient'" the case should be transferred and that the transferee venue need not be "*far* more convenient").

---

[8]      If any of the other defendants move for transfer to the Northern District of California, as Walmart believes is likely, then judicial economy would favor transfer.

> i)    *The Northern District of California Has Strong Local Interests in Matters Involving the walmart.com website*

The Northern District of California has a strong interest in this litigation for several reasons. First, the walmart.com website is designed, operated, and maintained in that district, and all of the documents and witnesses for walmart.com are located there.  This connection to the Northern District of California weighs in favor of transfer.  *See In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (recognizing that an accused product "offered nationwide does not give rise to a substantial interest in any single venue," but "if there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor.").

Second, to the extent any judgment is rendered based on walmart.com, the effects of it will be felt in the Northern District of California at Walmart.com USA's headquarters.  Thus, the Northern District of California has a local interest in any judgment rendered.  *H-W Tech., L.C., v. Apple, Inc.*, No. 3:11-cv-651-G, 2012 WL 3072776 at *11 (N.D. Tex. July 5, 2012) (finding the Northern District of California had a localized interest in a suit against Apple because "the outcome of the case will have a direct financial impact on a party located there.").

Accordingly, the local interest factor weighs in favor of transfer.

> ii)    *The Other Public Interest Factors are Neutral*

The conflicts of laws, court congestion and familiarity of the forum with the governing law factors are all neutral.  At this time there are no known conflict of law issues between California and Texas.  There is also no indication that this District or the Northern District of California suffers from administration difficulties related to court congestion.  Lastly, both forums are well versed in patent law.  Accordingly, the remaining public interest factors are all neutral.

3.      **The Court Should Either Transfer Walmart Stores and Stores, Texas,
         or Transfer Walmart Stores and Sever and Stay the Case Against
         Stores Texas**

Because the Northern District of California is clearly a more convenient venue, the Court

should transfer Walmart Stores there.  The Court should also either transfer Stores Texas based on

Soverain's direct infringement pleadings, or sever and stay Stores Texas because the case against

it is peripheral at best.  This mirrors the Court's decision in *Eolas v. Walmart*, Case No. 6:15-cv-

01038-RWS, D.E. 326 (E.D. Tex. Apr. 28, 2017), and as in that case, either option is appropriate.

i)      *The Court can Transfer both Walmart Stores and Stores Texas*

The threshold question for transfer under § 1404 is "whether the judicial district to which

transfer is sought would have been a district in which the claim could have been filed."

*Volkswagen I*, 371 F.3d at 203.  The Northern District of California has personal jurisdiction over

Walmart Stores and would also be a proper venue.  The conduct at issue – making the accused

features of the walmart.com website – was done in the San Francisco Bay area at Walmart.com

USA's offices.  Bhatia Decl., at ¶ 10.  These are minimum contacts with the forum state, and those

headquarters are also a regular and established place of business in that district.  Thus the suit

against Walmart Stores could have been brought there.

According to Soverain's pleadings, the suit against Stores Texas could also have been

brought in the Northern District of California.  If it had filed suit in the Northern District of

California, Soverain would only need to raise a prima facie case of personal jurisdiction and the

Northern District of California would be required to resolve all factual conflicts in Soverain's

favor.  *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012).  Soverain alleges that

"Walmart," which Soverain defines as being both Walmart Stores, Inc. *and* Stores Texas (D.E. 1

at 1), "designs, makes, sells, offers to sell, imports, and/or uses the Walmart.com Webpage." *Id.*,

at ¶ 60.   Soverain therefore contends that Stores Texas directly infringes through its alleged involvement in developing Walmart.com.

As demonstrated above, the development and operation of walmart.com occurs in the Northern District of California.  Thus, if Stores Texas was involved in developing walmart.com – something Soverain has no evidence of and arguably plead in violation of its Rule 11(b) obligations – it would have minimum contacts with the Northern District of California and personal jurisdiction would be proper.  *Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 759 (Fed. Cir. 2016), *cert. denied sub nom. Mylan Pharm. v. Acorda Therapeutics*, 137 S. Ct. 625 (2017) (minimum contacts met "when the defendant purposefully directed activities at the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.").[9] Similarly, since the development occurred at Walmart.com USA's headquarters in the Northern District of California, venue would also be proper.

If the Court accepts Soverain's pleadings as true, it should transfer both Walmart Stores and Stores Texas to the Northern District of California because it is clearly more convenient.

> ii)   *If the Court Does Not Transfer Stores Texas, the Stores Texas'*
> *Case Should Be Severed and Stayed Because It Is Peripheral*

If the Court transfers Walmart Stores but finds that it cannot transfer Stores Texas based on Soverain's pleadings, then it should sever and stay the case against Stores Texas because it is peripheral.  To find that Stores Texas cannot be transferred to the Northern District of California where walmart.com is developed and maintained, the Court must necessarily have rejected Soverain's allegation that Stores Texas directly infringes the patents-in-suit.  In that case, the only

---

[9]      California's long-arm statute is co-extensive with these federal due process requirements.  *See Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1353 (Fed. Cir. 2017).  The final consideration for personal jurisdiction is whether it "is reasonable and fair."  *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003).  If Soverain's allegation that Stores Texas helped develop the Walmart.com website in the Northern District of California is taken as true, then it would not be unfair for Stores Texas to be sued in the Northern District of California.

remaining allegation would be that Stores Texas "intended to induce patent infringement by third-party customers and users" of walmart.com.  D.E. 1, at ¶ 78.  Soverain's pleadings do not explain how Stores Texas, which only operates the retail Walmart physical locations in Texas, could actively induce infringement of the patents-in-suit through the walmart.com website.  Whatever the allegation, including if it is similar to the nonsensical theory raised by Eolas in *Eolas v. Walmart*, Case No. 6:15-cv-01038-RWS, the claim against Store Texas is peripheral to the direct infringement claims against Walmart Stores.  Following this Court's reasoning in *Eolas* and prior precedent, the Stores Texas case should be severed and stayed.

Where another venue is more convenient for the primary claims, as it is for what may be the primary claims against Walmart Stores, courts routinely sever and transfer the primary defendant, while staying the case against the peripheral defendant.[10]  This Court did exactly that in its recent opinion in *Eolas v. Walmart*, Case No. 6:15-cv-01038-RWS, D.E. 326 (E.D. Tex. Apr. 28, 2017).  The facts here are identical.  Soverain is alleging both Walmart Stores and Stores Texas directly and indirectly infringe the patents-in-suit through their alleged development and operation of walmart.com.  However, if the Court finds that Stores Texas cannot be transferred to the Northern District of California due to lack of personal jurisdiction and improper venue, then it must necessarily have found Soverain's direct infringement allegations against Stores Texas implausible.  In that event, the only claims left against Stores Texas would be indirect infringement claims based on the operation of brick and mortar stores, *i.e.* the same strained position taken by Eolas – that operating a brick and mortar Walmart store somehow induces customers to use the walmart.com website.  This is a peripheral claim as Walmart.com USA is the "manufacturer,"

---

[10]     Courts in this district consider three factors to determine if this is appropriate; whether: "(1) the remaining claims are peripheral to the severed claims; (2) adjudication of the severed claims would potentially dispose of the remaining claims; and (3) the §1404(a) factors warrant transfer of the severed claims." *Ei-Land Corp. v. Simpson Strong-Tie Co., Inc.*, No. 2:09-cv-337, 2010 WL 3859783, at *6 (E.D. Tex. Sept. 30, 2010).

Walmart Stores is the parent of the manufacturer, consumers on walmart.com are the "customers"—and Stores Texas is not even in the picture.  As in *UltimatePointer*, there is no evidence Stores Texas "had any role in the design, manufacture, or importation of the accused products," *i.e.* walmart.com.  *UltimatePointer*, 6:11-cv-00496, Dkt. No. 448, at 5-6 (E.D. Tex. June 17 2014).  Additionally, just as in *Eolas v. Walmart*, adjudication of the claims against Walmart will dispose of the claims against Stores Texas because either walmart.com will be found not to infringe, the patents-in-suit will be found invalid, or Soverain will prevail and fully recover for any alleged infringement based on the development of walmart.com and use of walmart.com by third-party customers.

Once Stores Texas is severed, staying the case is appropriate in light of the three factors courts consider when deciding whether to stay a case: "(1) whether a stay will unduly prejudice or present a clear tactical advantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial has been set."  *UltimatePointer*, 6:11-cv-00496, Dkt. No. 448, at 18.  A stay would not unduly prejudice Soverain or present any tactical advantage because the claims against Stores Texas are peripheral and depend entirely on the underlying claims against Walmart Stores (as parent of Walmart.com USA).  As discussed above, a stay will also simplify the issues because the claims against Stores Texas will be resolved by a trial in the primary case.  The third factor also favors a stay because this case is in its infancy; indeed Walmart Stores and Stores Texas have not filed answers yet.

Because Stores Texas has no connection to the accused product or infringement allegations, if the Court does not grant dismissal, the Court should transfer Walmart Stores and sever and stay the case against Stores Texas.

23

## V.     CONCLUSION

Soverain, like Eolas and others before, tries to muddle Walmart entities to gerrymander jurisdiction and manipulate the venue analysis by omitting Walmart.com USA while asserting a website-based infringement claim.  This failure to join a necessary party warrants dismissal of the suit because the Eastern District of Texas is not a proper venue for Walmart.com USA.  If the Court does not find that the case must be dismissed for failure to join Walmart.com USA, it should still dismiss the case because venue is improper under the current law.  Lastly, if the Court finds that venue is proper, it should still transfer Walmart Stores and Stores Texas to the Northern District of California because it is clearly the more convenient forum, or transfer Walmart Stores while severing and staying the peripheral case against Stores Texas.  This is consistent with the Court's decision in *Eolas v. Walmart* under almost identical facts.  Any of these results would be appropriate.  The only improper result would be to allow this suit to proceed in this District on the basis of Soverain's blatant gamesmanship.

Dated:  June 20, 2017

Respectfully submitted,
WINSTON & STRAWN LLP

*/s/ John R. Keville*
John R. Keville
Texas Bar No. 00794085
jkeville@winston.com
Robert L. Green
Texas Bar No. 24087625
rlgreen@winston.com
1111 Louisiana St., 25th Fl.
Houston, Texas 77002
Tel.: (713) 651-2600
Fax: (713) 651-2700

**ATTORNEY FOR DEFENDANTS
WAL-MART STORES, INC. AND
WAL-MART STORES TEXAS LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on counsel of record who are deemed to have consented to electronic service on this 20th day of June 2017, via electronic filing using the Court's CM/ECF system.


/s/ *John R. Keville*