# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| Soverain IP, LLC, <br>    Plaintiff, <br><br> v. <br><br> Microsoft Corp., <br>    Defendant. | § § § § § § § § | Case No. 2:17-CV-00204-RWS-RSP <br> LEAD CASE |
| Soverain IP, LLC, <br>    Plaintiff, <br><br> v. <br><br> AT&T Inc. et al., <br>    Defendants. | § § § § § § § § | Case No. 2:17-CV-00293-RWS-RSP <br> MEMBER CASE |

**DEFENDANTS AT&T INC. ET AL.'S REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S ALLEGATIONS OF
WILLFUL INFRINGEMENT UNDER RULE 12(B)(6)**

## TABLE OF CONTENTS

I. Soverain's Allegations of Knowledge Are Factually and Legally Insufficient ................... 2

    A. Soverain Insufficiently Pleads Pre-Suit Knowledge for Each of the Three Patents ................................................................................................................ 2

    B. Soverain's Allegations of Post-Suit Willfulness Are Insufficient .......................... 3

II. Soverain Fails to Allege Egregious Misconduct Sufficient for Willfulness ....................... 4

# TABLE OF AUTHORITIES

**Cases**

*Aqua Shield v. Inter Pool Cover Team*,
    774 F.3d 766 (Fed. Cir. 2014)..................................................................................4

*Bio-Rad Labs. Inc. v. Thermo Fisher Sci. Inc.*,
    No. 16-cv-358, 2017 WL 438733 (D. Del. Feb. 1, 2017).........................................5

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
    No. 11-cv-1175, 2012 WL 6968938 (D. Del. July 18, 2012)...................................3

*Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*,
    No. 14-cv-1430, 2015 WL 5725768 (D. Del. Sept. 29, 2015)..................................3

*Gustafson, Inc. v. Intersystems Indus. Prod., Inc.*,
    897 F.2d 508 (Fed. Cir. 1990)..................................................................................4

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    579 U.S. ---, 136 S. Ct. 1923 (2016)....................................................................2, 5

*Intellectual Ventures I LLC v. Symantec Corp.*,
    No. 13-cv-440, 2017 WL 639638 (D. Del. Feb. 13, 2017).......................................4

*InvestPic, LLC v. FactSet Research Sys., Inc.*,
    No. 10-cv-1028, 2011 WL 4591078 (D. Del. Sept. 30, 2011)..................................2

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
    851 F.3d 1275 (Fed. Cir. 2017)................................................................................4

*Monolithic Power Sys., Inc. v. Silergy Corp.*,
    127 F. Supp. 3d 1071 (N.D. Cal. 2015) ...................................................................5

*Opticurrent, LLC v. Power Integrations, Inc.*,
    No. 2:16-cv-325, D.I. 34, slip op. (E.D. Tex. Oct. 19, 2016) ...............................3, 4

*SoftView LLC v. Apple Inc.*,
    No. 10-cv-389, 2012 WL 3061027 (D. Del. July 26, 2012).....................................2

**Statutes**

35 U.S.C. § 287.................................................................................................................2

Soverain's opposition is misleading. To make its willfulness allegations seem stronger than they really are, Soverain treats the three asserted patents collectively, subtly implying that the facts as to one apply to all. It even goes so far as to use that conflation as the cornerstone of its position:

- "All of these facts, *taken together*, present a strong inference that AT&T was aware of Soverain's technology. . . ." Opp. at 3 (emphasis added); or

- "Soverain has alleged a number of separate bases that, *taken together*, support finding AT&T's knowledge at the pleading stage . . . ." Opp. at 5 (emphasis added).

Analyzed properly, on a patent-by-patent basis, however, Soverain's allegations in its Complaint do not plausibly infer that AT&T acted with knowledge of infringement, let alone the "egregious misconduct" necessary for willful infringement for any of the asserted patents.

With respect to *pre-suit* knowledge, for two of the patents—the '447 and '900 patents—the sole fact alleged is that each of the two patents are "well-known within the industry." But despite Soverain's protestations, this is insufficient as a matter of law to establish that *AT&T* knew of—let alone willfully infringed—these patents. The cases Soverain cites are not to the contrary. For the third patent—the '780 patent—Soverain attempts to impute pre-filing knowledge based on AT&T having cited it in a handful of its own patent applications from among AT&T's tens of thousands of patent applications. This too is legally insufficient—alone or in combination with alleged general industry knowledge—to establish knowledge sufficient for a willfulness finding.

Soverain similarly has no basis to allege *post-filing* willfulness for any patent. *See* Mot. at 7-8. The '780 patent expired before this case was filed, and thus there can be no post-filing willfulness. For the '447 patent—which expired last week—Soverain fails to allege facts that plausibly give rise to the inference that AT&T could have willfully infringed in the short time period between the filing of this case and expiration of the patent. And for the '900 patent, Soverain tries to explain away this Court's decision finding, in an analogous situation, no willful infringement without having sought a preliminary injunction.

1

Finally, regarding egregiousness, Soverain's parroting of *Halo*'s test for willfulness is not enough. Soverain fails to allege any behavior "beyond typical infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. ---, 136 S. Ct. 1923, 1935 (2016). Notably, while Soverain alleges that some of AT&T's competitors have licensed the asserted patents, Soverain never alleges that AT&T was aware of this licensing. Soverain, therefore, fails to even plead that AT&T could have had the intent necessary to willfully infringe.

I.  **Soverain's Allegations of Knowledge Are Factually and Legally Insufficient**

   A.  **Soverain Insufficiently Pleads Pre-Suit Knowledge for Each of the Three Patents**

Soverain's allegations of pre-suit knowledge for the '447 and '900 patents are based entirely on its aspirational statement that the patents are "well-known within the industry." *See* Compl. ¶¶ 80, 101. As Soverain fails to plead that *AT&T* has knowledge, its willfulness allegations are insufficient. In its motion, AT&T cited numerous cases finding that comparable allegations,[1] based entirely on industry knowledge, failed to state a claim for willfulness. Mot. at 5-6. Soverain, in response, relies exclusively on *InvestPic, LLC v. FactSet Research Sys., Inc.*, No. 10-cv-1028, 2011 WL 4591078 (D. Del. Sept. 30, 2011); however, the allegations of knowledge in *InvestPic* were significantly more robust than Soverain's thin assertions here. In *InvestPic*, the plaintiff alleged not only that the asserted patent was "well-known in the industry," but also that "products related to the invention are available within the U.S. public marketplace and are in compliance [with] 35 U.S.C. § 287." *Id.* at *2. In other words, the complaint in *InvestPic* expressly identified compliance with the notice provision. There are no such allegations here. Indeed, the same court

---

[1] Soverain accuses AT&T of "ignor[ing] an entire section of the *SoftView* decision." Opp. at 5. AT&T did not. AT&T focused on SoftView's allegations against defendant Kyocera, which were found to be insufficient, because they are most analogous to the thin allegations here. *See* Mot. at 5. The section AT&T allegedly ignored addressed SoftView's allegations that AT&T had a "relationship" with the inventor of the patent at issue and that AT&T learned of the patent from Apple as the exclusive seller of the iPhone. *SoftView LLC v. Apple Inc.*, No. 10-cv-389, 2012 WL 3061027, at *5 (D. Del. July 26, 2012). No such allegations are present here.

that decided *InvestPic* later explained that "[i]n and of themselves, the allegations regarding (1) Defendants' knowledge of patents related to the [asserted] patent or (2) the asserted patent's ubiquity in Defendants' industry, may not have been sufficient." *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, No. 14-cv-1430, 2015 WL 5725768, at *3 (D. Del. Sept. 29, 2015).

Soverain also tries to make its allegations seem more robust by characterizing its allegations of pre-suit knowledge as three "separate bases": fame through media attention, knowledge through citations by AT&T's competitors, and license fees paid by AT&T customers. Opp. at 5. But this all boils down to the same general industry knowledge that was insufficient in *Elms 3DS*. Soverain thus did not sufficiently plead pre-suit knowledge for the '447 or '900 patents.

Soverain's allegations of imputed knowledge of the '780 patent are also insufficient to infer that AT&T had specific knowledge of the patent. Numerous cases find that a company's citations to a patent in its own patent filings simply does *not* support a finding of willfulness. *See* Mot. at 5-6. Soverain is wrong that these cases stand only for the proposition that citing a patent in a company's own applications—"*on its own*"—is not sufficient. Opp. at 6. Courts find that even in conjunction with other facts, such as public lawsuits against other industry players involving the patent, citations to a patent does not "make actual knowledge . . . plausible." *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. 11-cv-1175, 2012 WL 6968938, at *1 (D. Del. July 18, 2012).

This Court should therefore dismiss Soverain's allegations of pre-suit willfulness.

**B.     Soverain's Allegations of Post-Suit Willfulness Are Insufficient**

Under the specific circumstances of this case—like those in *Opticurrent*—Soverain cannot maintain a claim for post-suit willfulness for the '447 and '900 patents having not moved for a preliminary injunction. Soverain's efforts to distinguish *Opticurrent* are unavailing. *See* Opp. at 8-9. This Court's comment that Opticurrent's allegations of willfulness "were limited to a single statement contained in the Prayer" was directed to the failure to sufficiently plead *pre*-suit willfulness. *See Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-cv-325, D.I. 34, slip op.

3

at 4 (E.D. Tex. Oct. 19, 2016).  With respect to *post*-suit willfulness, this Court independently held that Opticurrent "cannot take advantage of the limited exception allowing plaintiffs to recover for solely post-filing conduct" because it "has not sought a preliminary injunction."  *Id.*

Furthermore, that *Opticurrent* was decided before *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275 (Fed. Cir. 2017), is of no moment.  *Mentor Graphics* did not eliminate the "connect[ion]" between "findings of willfulness [and] preliminary-injunction rulings."  *Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 773 (Fed. Cir. 2014).  *Mentor Graphics* simply reaffirmed *Aqua Shield*—decided well before *Opticurrent*—which held that there is no "rigid rule" that the *denial* of a motion for preliminary injunction eliminates all post-suit willfulness.  *Aqua Shield*, 774 F.3d at 773-74.  The court in *Aqua Shield* found that a denial of a motion for preliminary injunction did not eliminate post-suit willfulness only where the denial was not based on the merits of "infringement or validity at all."  *Id.*  Here, however, Soverain has not argued that a preliminary injunction would have been denied for reasons separate and apart from the merits of its infringement allegations.  Thus, as in *Opticurrent*, Soverain's decision to not move for a preliminary injunction removes the availability of willfulness based on post-suit activity alone.

**II.     Soverain Fails to Allege Egregious Misconduct Sufficient for Willfulness**

Soverain fails to allege *any* "behavior beyond typical infringement."  *Intellectual Ventures I LLC v. Symantec Corp.*, No. 13-cv-440, 2017 WL 639638, at *8 (D. Del. Feb. 13, 2017).  Soverain argues only that the fact that other companies (nakedly alleged to be AT&T's "competitors") have taken licenses to the asserted patents necessarily makes AT&T's infringement willful.  This is insufficient to constitute willful infringement.

While Soverain alleges that these companies "paid considerable licensing fees for their use of the technology claimed by the '447 patent," Compl. ¶¶ 80, 101, 132, Soverain fails to allege in its Complaint that AT&T was actually aware of any of these licenses.  Willfulness is "a question of the actor's intent."  *Gustafson, Inc. v. Intersystems Indus. Prod., Inc.*, 897 F.2d 508, 510-11

(Fed. Cir. 1990). AT&T cannot have intended, as Soverain suggests, to gain an advantage over these companies unless it knew the existence of and the facts surrounding those licenses. But Soverain never specifically pleads that AT&T was aware of any of these licenses. *See* Compl. ¶¶ 80, 101, 132. AT&T therefore cannot have formed the intent necessary to willfully infringe.

By making essentially verbatim allegations against all other defendants—which Soverain does not deny doing—Soverain is essentially proposing a rule that once a company takes a license to a patent, all future infringement of that patent by one of that company's competitors is per se "egregious." But no case supports such a rule. Soverain, rather, must make specific allegations against each defendant that "allow a trier of fact to conclude that [a defendant] acted with a level of intent that is more culpable than the typical infringer." *Monolithic Power Sys., Inc. v. Silergy Corp.*, 127 F. Supp. 3d 1071, 1077 (N.D. Cal. 2015). Soverain fails to do so.

Soverain argues that "[a]t the pleading stage, it is not necessary to show that the case is egregious." Opp. at 10 (citing *Bio-Rad Labs. Inc. v. Thermo Fisher Sci. Inc.*, No. 16-cv-358, 2017 WL 438733, at *1 (D. Del. Feb. 1, 2017)). This is correct: Soverain need not *show* egregiousness at this stage. But it still must *plead* facts sufficient to show it at a later stage. This is where Soverain falls short. In *Bio-Rad*, for example, the plaintiff plead that it had sent the defendant specific notice of infringement with a licensing proposal and that the defendant had, in response, initiated opposition proceedings against a European counterpart to the asserted patents. *Id.* at *1. Here, by contrast, Soverain only states generically that other companies have licensed the asserted patents and does not plead any facts reflecting AT&T's specific intent to infringe. These allegations—which fail to allege *any* "misconduct beyond typical infringement"—do not support a finding of willful infringement. *See Halo*, 136 S. Ct. at 1935.

\*   \*   \*

For the foregoing reasons, AT&T requests that the Court dismiss Soverain's claims of willful infringement for failure to state a claim upon which relief may be granted.

Dated: July 5, 2017

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

*/s/ Robert A. Vincent*
Robert A. Vincent (#24056474)
Nathan R. Curtis (#24078390)
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201-6912
Telephone: (214) 698-3100
Fax: (214) 571-2900
rvincent@gibsondunn.com
ncurtis@gibsondunn.com

Josh Krevitt
Benjamin Hershkowitz
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com

Harry L. Gillam, Jr. (#07921800)
gil@gillamsmithlaw.com
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Fax: (903) 934-9257

*Counsel for Defendants*
*AT&T, Inc. and AT&T Services, Inc.*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically on July 5, 2017, pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

                                        */s/ Robert A. Vincent*