**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SOVERAIN IP, LLC, )<br><br>       Plaintiff, )<br><br>    v. )<br><br>MICROSOFT CORPORATION, )<br><br>       Defendant. ) | Case No.  2:17-cv-00204<br><br>LEAD CASE<br><br>JURY TRIAL DEMANDED |
| SOVERAIN IP, LLC, )<br><br>       Plaintiff, )<br><br>    v. )<br><br>WAL-MART STORES, INC. AND WAL-MART STORES TEXAS, LLC, )<br><br>       Defendants. ) | Case No.  2:17-cv-00306<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION TO DISMISS UNDER FEDERAL RULES**
**OF CIVIL PROCEDURE 12(B)(7) AND 12(B)(3), OR IN THE ALTERNATIVE**
**TRANSFER UNDER 28 U.S.C. § 1406 OR § 1404**

# **TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................................................. 1

II.    THE WALMART ENTITIES AND THE WALMART.COM WEBSITE ....................... 4

III.   STATEMENT OF THE ISSUES ............................................................................. 6

IV.   ARGUMENT .................................................................................................. 7

     A.    The Court Should Dismiss this Suit for Failure to Join Walmart.com USA .......... 7

          1.    Walmart.com USA Is the Proper Defendant and Is Necessary and
               Indispensable to this Suit ............................................................................ 7

          2.    Walmart.com USA Cannot Be Joined Because Venue Would Be
               Improper ................................................................................................. 10

          3.    This Suit Should Not Proceed Without Walmart.com USA ....................... 12

     B.    In the Alternative, the Case Should Be Dismissed or Transferred ...................... 13

          1.    Venue Is Improper for Walmart Stores and Stores Texas, and This
               Case Should Be Dismissed Pursuant to Rule 12(b)(3) ............................... 13

          2.    In the Alternative, Walmart Stores and Stores Texas Should Both be
               Transferred to the Northern District of California ..................................... 17

     C.    In the Alternative, both Defendants Should Be Transferred under 28
         U.S.C. § 1404 ................................................................................................. 18

          1.    The Private Factors Show that the Northern District of California Is
               Clearly More Convenient than the Eastern District of Texas ..................... 18

          d.    Practical Issues Are Neutral ...................................................................... 22

          2.    The Public Interest Factors Also Weigh in Favor of Transfer .................... 23

          3.    The Court Should Either Transfer Both Defendants, or Transfer
               Walmart Stores and Sever and Stay the Case Against Stores Texas ........... 24

V.    CONCLUSION ............................................................................................. 28

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*,
    817 F.3d 755 (Fed. Cir. 2016), *cert. denied sub nom. Mylan Pharm. v. Acorda*
    *Therapeutics*, 137 S. Ct. 625 (2017) ......................................................................................26

*Adaptix, Inc. v. AT&T Mobility LLC*
    No. 6:12-CV-120, 2014 WL 12622296 (E.D. Tex. Jan. 27, 2014) ........................................16

*ArrivalStar S.A. v. Geo-Comm, Inc.*,
    799 F. Supp. 2d 889 (N.D. Ill. 2011) ....................................................................................11

*Williamson ex rel. At Home Bondholders' Liquidating Trust v. Verizon Commc'ns*
    *Inc.*, No. 11 CIV. 4948 LTS HBP, 2013 WL 227691 (S.D.N.Y. Jan. 22, 2013) .....................8

*In re Cordis Corp.*,
    769 F.2d 733 (Fed. Cir. 1985)................................................................................................10

*Dernick v. Bralorne Res., Ltd.*,
    639 F.2d 196 (5th Cir. 1981) ...................................................................................................8

*E.E.O.C. v. Peabody W. Coal Co.*,
    400 F.3d 774 (9th Cir. 2005) .................................................................................................10

*Ei-Land Corp. v. Simpson Strong-Tie Co., Inc.*,
    No. 2:09-cv-337, 2010 WL 3859783 (E.D. Tex. Sept. 30, 2010) ..........................................27

*Elecs. For Imaging, Inc. v. Coyle*,
    340 F.3d 1344 (Fed. Cir. 2003)..............................................................................................26

*Eolas v. Walmart*,
    Case No. 6:15-cv-01038-RWS, D.E. 326 (E.D. Tex. Apr. 28, 2017)............................. passim

*Eolas v. Walmart*,
    No. 6:15-cv-01038 .................................................................................................................18

*Freeman v. Nw. Acceptance Corp.*
    754 F.2d 553 (5th Cir. 1985) ...................................................................................................9

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009)...........................................................................18, 19, 20, 21

*GeoTag, Inc. v. Aromatique, Inc.*,
    No. 2:10-cv-570, 2013 WL 8349856 (E.D. Tex. Jan. 14, 2013) ......................................19, 22

*In re Google, Inc.*
No. 17-107, D.E. 16 (Fed. Cir. Feb. 23, 2017) .................................................................22

*Grober v. Mako Prods., Inc.*,
686 F.3d 1335 (Fed. Cir. 2012)..........................................................................................25

*H-W Tech., L.C., v. Apple, Inc.*,
No. 3:11-cv-651-G, 2012 WL 3072776 (N.D. Tex. July 5, 2012) .........................................23

*Haas v. Jefferson Nat'l Bank of Miami Beach*,
442 F.2d 394 (5th Cir. 1978) ..............................................................................................9

*In re Hoffman-La Roche, Inc.*,
587 F.3d 1333 (Fed. Cir. 2009)..........................................................................................23

*IP Co. v. Tropos Networks*,
No. 1:06-cv-0585-CC, D.E. 88, slip op. (N.D. Ga. Oct. 5, 2012) .........................................12

*J.L.B. Equities, Inc. v. Ocwen Fin. Corp.*,
131 F. Supp. 2d 544 (S.D.N.Y. 2001).....................................................................................8

*Hood ex. rel. Mississippi v. Cty. of Memphis*,
570 F.3d 625 (5th Cir. 2009) ................................................................................................7

*In re Nintendo of Am., Inc.*,
756 F.3d 1363 (Fed. Cir. 2014)..........................................................................................19

*In re Nintendo Co., Ltd.*,
589 F.3d 1194 (Fed. Cir. 2009)..........................................................................................21

*Rembrandt Vision Techs. L.P. v. Johnson & Johnson Vision Care, Inc.*,
No. 2:09-cv-200-TJW, 2011 WL 2937365 (E.D. Tex. July 19, 2011)....................................23

*Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.*,
645 F. Supp. 2d 1130 (S.D. Fla. 2009) ................................................................................12

*Schutten v. Shell Oil Co.*,
421 F.2d 869 (5th Cir. 1970) ..............................................................................................13

*In re TC Heartland LLC*,
No. 16-105 (Fed. Cir. 2016)................................................................................................14

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
137 S. Ct. 1514 (2017)...........................................................................3, 10, 11, 12, 14, 16

*Tick v. Cohen*,
787 F.2d 1490 (11th Cir. 1986) ..........................................................................................10

*Timberlake v. Synthes Spine, Inc.*,
No. V-08-4, 2011 WL 2607044 (S.D. Tex. June 30, 2011).......................................................7

*In re Toyota Motor Corp*,
747 F.3d 1338 (Fed. Cir. 2014)..............................................................................................23

*UltimatePointer*,
6:11-cv-00496, Dkt. No. 448, at 5-6 (E.D. Tex. June 17 2014) ......................................27, 28

*Ventronics Sys. LLC v. Drager Med. GmbH*,
No. 6:10-cv-582, slip op. (E.D. Tex. Oct. 20, 2011) ......................................................21, 22

*In re Volkswagen AG*,
371 F.3d 201 (5th Cir. 2004) ...........................................................................20, 21, 24, 25

*Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*,
848 F.3d 1346 (Fed. Cir. 2017)..............................................................................................26

**Statutes**

28 U.S.C. § 1391(c) ......................................................................................................................16

28 U.S.C. § 1400(b) ...............................................................................................3, 10, 13, 14, 17

28 U.S.C. § 1404 .............................................................................................1, 2, 4, 17, 18, 25

28 U.S.C. § 1404(a) ......................................................................................................................27

28 U.S.C. § 1406 ....................................................................................................................1, 2, 3, 6

28 U.S.C. § 1406(a) ......................................................................................................................17

**Rules**

FED. R. CIV. P. 11(b) .....................................................................................................................26

FED. R. CIV. P. 12(7) ......................................................................................................................2

FED. R. CIV. P. 12(b)(3) ..............................................................................1, 2, 3, 6, 13, 17

FED. R. CIV. P. 12(b)(7) ....................................................................................................1, 3, 6, 7

FED. R. CIV. P. 19 .....................................................................................................................7, 10

FED. R. CIV. P. 19(a) ...............................................................................................................7, 10

FED. R. CIV. P. 19(b) ...............................................................................................................7, 12

FED. R. CIV. P. 19(b)(1)-(4) ........................................................................................................12

Three months ago, in a case involving these same two defendants and accusing the same walmart.com website of infringement (a website developed not by the defendants, but by Walmart.com USA, LLC, a California company with no ties to Texas), this Court severed and transferred the claims alleged against Walmart Stores, Inc. and stayed the claims against Walmart Stores Texas LLC. *See Eolas v. Walmart*, Case No. 6:15-cv-01038-RWS, D.E. 326 (E.D. Tex. Apr. 28, 2017). However, in that case, determining the correct party was not before the Court. In this case, it is. Wal-Mart Stores, Inc. ("Walmart Stores") and Wal-Mart Stores Texas LLC ("Stores Texas") request that this case either be dismissed under Rule 12(b)(7) for failure to join the correct party, or under Rule 12(b)(3) for improper venue. In the alternative, at minimum, Walmart Stores and Stores Texas ask that this case be transferred to the Northern District of California under either 28 U.S.C. § 1406 or § 1404, as was done in the *Eolas* case, and let the proper party issue be resolved by that court.

## I.   <u>INTRODUCTION</u>

At a high level, Soverain's infringement allegations are directed at certain activity on the walmart.com website. Amended Compl., Docket Entry ("D.E.") 76, at ¶¶ 99, 123, 149. But the walmart.com website is developed, operated, and deployed by Walmart.com USA LLC ("Walmart.com USA") from the San Francisco Bay Area, where that entity is headquartered. Thus, the Northern District of California is the proper venue.

Soverain sought to circumvent this inevitable result by omitting Walmart.com USA as a party, and instead, naming its ultimate parent (Walmart Stores) and a Walmart Stores subsidiary (Stores Texas), which has no involvement with the website, but is just an operating entity for the physical stores in Texas. These named defendants do not develop, operate, or deploy the walmart.com website. After Defendants raised this issue in their previously filed motion, Soverain filed an Amended Complaint. However, the Amended Complaint does not add Walmart.com USA

1

as a party, nor does it explain how the named Walmart Defendants are responsible for the allegedly infringing acts—because it cannot.  Soverain chose vacuous quantity over quality by devoting numerous paragraphs to discussing the physical delivery and distribution of products *after* they are purchased on the walmart.com website.  This post-sale activity has not been accused of infringement, has no relation to the alleged acts of infringement, and does nothing to cure Soverain's improper choice of parties and venue.

Soverain targets its infringement allegations at the website walmart.com, therefore the entity that developed and operates the website (Walmart.com USA) should be a party, and the suit should be brought in a venue where the allegedly infringing acts occur and where Walmart.com USA has an established place of business.  The proper venue for this suit is the Northern District of California, and this case should be dismissed or transferred there.

There are three separate and appropriate approaches by which the Court can reach this result:  (1) dismissal under Rule 12(b)(7) for failure to join Walmart.com USA as a necessary party; (2) dismissal under Rule 12(b)(3) for improper venue; or (3) transfer of one or both Walmart entities to the Northern District of California under §§ 1404 and/or 1406.  If the Court does not transfer Stores Texas under §§ 1404 or 1406, then the claims against it should be severed and stayed consistent with this Court's ruling in the recent *Eolas v. Walmart* case.

As to the first approach, Walmart.com USA is a necessary party to this suit and should be joined if feasible.  However, venue in the Eastern District of Texas would be improper for Walmart.com USA, as it does not "reside" here (it is incorporated in the Northern District of California), it has not committed any "acts of infringement" here (the walmart.com servers are outside the District), and it does not have a "regular and established place of business" in this

District (it has no offices or other place of business in this District).  28 U.S.C. § 1400(b).[1]  Because

Walmart.com USA cannot be joined, but is indispensable to this suit as the party that created and

maintains the walmart.com website, the case should be dismissed under Rule 12(b)(7).

As to the second approach, in addition to failing to name a necessary party, Soverain has

chosen an improper venue.  In light of the Supreme Court's recent ruling in *TC Heartland LLC v.*

*Kraft Foods Group Brands LLC*, a suit against Walmart Stores or Stores Texas can only be filed

in their states of incorporation or where they have committed infringing acts and have a "regular

and established place of business."   137 S. Ct. 1514, 1520 (2017).   Both entities are Delaware

corporations headquartered in Bentonville, Arkansas, and neither has committed an act of

infringement in this District because the accused walmart.com features and functionality were

designed, developed, and deployed from outside this District.   Additionally, Walmart Stores does

not have a "regular and established place of business" in this District.   The only potential places

of business in the Eastern District of Texas are the brick and mortar Walmart stores, which

Soverain admits are operated by Stores Texas.[2]  Because venue is improper, the Court should either

dismiss this suit under Rule 12(b)(3), or transfer it to the Northern District of California under 28

U.S.C. § 1406.

---

[1]     As the Court is aware, the existence of Walmart.com USA was raised in *Eolas v. Walmart*, but Walmart Stores and Stores Texas did not seek to add Walmart.com USA as a necessary party.  This is not because Walmart.com USA is not a necessary party, but rather because Walmart Stores and Stores Texas also believed that Stores Texas had been added by mistake, and that Eolas's counsel would be amenable to substituting in the proper party.  Unfortunately, Walmart's counsel never received a response from Eolas, and only later learned that Eolas had purposefully added Stores Texas to pursue a nonsensical induced infringement claim in an attempt to prevent transfer.  Because the Eolas case was prior to the Supreme Court's ruling in *TC Heartland*, Walmart also believed that venue may have been proper for Walmart.com USA, so the case would not need to be dismissed for failure to join.  However, now that the Supreme Court has clarified that 28 U.S.C. § 1400(b) is the sole statutory authority governing venue in a patent infringement action, it is clear that the Eastern District of Texas is not a proper venue to sue Walmart.com USA because it does not "reside" here, nor does it have a "regular and established place of business" here.  28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1520 (2017).

[2]     There are also distribution centers in Texas that support the brick and mortar stores.  These are irrelevant because the infringement allegations do not implicate distribution centers, and they are operated by another Walmart subsidiary, not Walmart Stores or Stores Texas.

Lastly, the Court can transfer Walmart Stores and Stores Texas to the Northern District of California under 28 U.S.C. § 1404.  As the Court recognized in its recent decision (*Eolas v. Walmart*, Case No. 6:15-cv-01038-RWS, D.E. 326 (E.D. Tex. Apr. 28, 2017)), the Northern District of California is clearly more convenient.  The operations for walmart.com are headquartered there, and almost all of the relevant witnesses and documents are located there.  The Northern District of California also has subpoena power over multiple third-party witnesses, compared to none identified in this District, and would be much more convenient for witnesses to travel to for trial given the abundant direct flight options.  If the Court determines that Stores Texas cannot be transferred to the Northern District of California despite Soverain's direct infringement allegations,[3] Walmart Stores and Stores Texas request that the peripheral claims against Stores Texas be severed and stayed, and that the primary claims against Walmart Stores be transferred to the Northern District of California, as was done in *Eolas v. Walmart*.

## II.        THE WALMART ENTITIES AND THE WALMART.COM WEBSITE

Walmart Stores is the parent company of various Walmart subsidiaries, including Stores Texas and Walmart.com USA.  Bhatia Decl. ¶ 3.  It is a Delaware corporation with its headquarters in Bentonville, Arkansas.  *Id.*  Walmart Stores operates retail stores in certain western states, but none in Texas.  *Id.* at ¶¶ 3-4.  The other brick and mortar stores are operated by specific wholly-owned subsidiaries, depending on the region.  *Id.* at ¶ 4.  Stores Texas operates the brick and mortar stores in Texas.  *Id.*  Stores Texas has no role in the development or operation of the walmart.com website, nor does it have any control over the employees responsible for the website.  *Id.* ¶ 12.

---

[3]        As explained in Section IV.C.3.a., Soverain alleges that Stores Texas "directly infringed and continues to directly infringe" by "having made, sold, used, offered for sale, and/or sold" certain technology allegedly embodied in features of the walmart.com website.  D.E. 76 at ¶¶ 113, 139, 175.  The development for those accused features occurred within the Northern District of California, thus, if the Court accepts as true Soverain's allegation that Stores Texas directly infringed the patents-in-suit, personal jurisdiction and venue would be proper in the Northern District of California.  If the Court rejects these implausible pleadings, it should either dismiss Stores Texas, or sever and stay the case while transferring Walmart Stores.

The walmart.com website is developed and maintained by Walmart.com USA, another wholly owned subsidiary of Walmart Stores.  *Id.* at ¶¶ 5, 10.  Walmart.com USA is the entity responsible for the walmart.com website functionality and server activity accused of infringement in this case.  *Id.* at ¶ 10.  Walmart.com USA is headquartered in the San Francisco Bay Area.  *Id.* at ¶ 5.  Walmart.com USA has no offices or other places of business in the Eastern District of Texas, and no one responsible for the development or operation of the website is located in the Eastern District of Texas.  *Id.* at ¶¶ 5, 11, 12.  Indeed, employees at brick and mortar stores are not trained to use the walmart.com website, and do not use web browsers to access the website as part of their job duties.  *Id.* at ¶ 12.

While individual residents of East Texas undoubtedly access the walmart.com website, none of the features being accused of infringement are developed, hosted, or deployed in the Eastern District of Texas.  *Id.* at ¶¶ 11, 15.  Soverain asserts that Walmart Stores and Stores Texas infringe the patents-in-suit through the walmart.com webpage, servers, and computer equipment. D.E. 76 at ¶¶ 99, 123, 149.  Examples given in Soverain's Amended Complaint of infringing features of the website are search functionality (D.E. 76, at ¶ 101), scripts on the walmart.com webpage (*id.* at ¶¶ 106, 111), and cookies, web beacons, or mobile device identifiers for tracking requests from walmart.com visitors.  *Id.* at ¶¶ 127, 131, 157, 161.[4]  The design and development for these and other accused features is done by the Walmart.com USA engineering team, including the Walmart.com USA search organization, both of which are based in the San Francisco Bay

---

[4]     Soverain's amended complaint alleges that the walmart.com website infringes because it includes: (1) "technology for extracting data from sources of network-based information in a communications network having a plurality of network servers programmed to transmit network-based information"; (2) "technology for tracking webpage requests received at a web server from multiple clients"; and (3) "technology for processing service requests from a client to a server system through a network."  D.E. 76, ¶¶ 101, 125, 151.  Soverain's amended complaint specifically identifies "scripts that enable the extraction of network based information," including from search results, as well as "cookies," "web beacons," and "mobile device identifiers" as infringing features of the website.  *Id.* at ¶¶ 101, 127, 131, 157, 161.

Area, with some development occurring remotely and in India.  Bhatia Decl. at ¶¶ 10-11.  None of the development or deployment occurs in the Eastern District of Texas.  *Id.* at ¶¶ 11-15.

Because the vast majority of the relevant development occurred there, the overwhelming majority of knowledgeable, relevant employees and documents for the accused features and functionality are located in the San Francisco Bay Area.  *Id.* at ¶¶ 11, 14-15.  Similarly, most of the employees who handle business and website metrics for the accused features are in the Northern District of California, with the remainder in India.  *Id.* at ¶ 13.  Additionally, the vast majority of documents and source code pertaining to the accused features are also located at Walmart.com USA's offices in the Northern District of California.  *Id.* at ¶ 14.  Source code is also stored at several datacenters in the United States, including in the Dallas/Fort Worth Area, but none are in the Eastern District and the employees at those datacenters do not work on the source code and, thus, have no knowledge concerning its operation.  *Id.* at ¶ 15.  These datacenters house the servers that host and operate the walmart.com website, but that operation is controlled and accessed by employees in the San Francisco Bay Area, India, and other locations.  *Id.* at ¶ 16.  There are no such datacenters in the Eastern District of Texas.  *Id.*

### III.   STATEMENT OF THE ISSUES

Whether the suit should be dismissed under Federal Rule of Civil Procedure 12(b)(7) because Walmart.com USA is a necessary party that should be joined if feasible, but cannot be joined because venue is improper in the Eastern District of Texas.

Whether the suit should be dismissed under Federal Rule of Civil Procedure 12(b)(3) because venue is not proper for Walmart Stores or Stores Texas in the Eastern District of Texas.

In the alternative, whether the suit should be transferred to the Northern District of California under 28 U.S.C. §§ 1406 or 1404 because venue is improper in the Eastern District of Texas or because the Northern District of California is a clearly more convenient venue.

6

Whether the suit against Stores Texas should be severed and stayed if it is not transferred to the Northern District of California.

## IV.   ARGUMENT

### A.   The Court Should Dismiss this Suit for Failure to Join Walmart.com USA

#### 1.   Walmart.com USA Is the Proper Defendant and Is Necessary and Indispensable to this Suit

Under Rule 12(b)(7), dismissal is appropriate if there has been a failure to join a necessary party under Rule 19.  A party is necessary under Rule 19 if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

    (i) as a practical matter impair or impede the person's ability to protect the interest; or

    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a).  Once the defendant meets its initial burden of demonstrating a party is necessary, the burden shifts to the plaintiff to prove otherwise.  *Hood ex. rel. Mississippi v. Cty. of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009).  If an absent party is necessary, but "cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  FED. R. CIV. P. 19(b).  The Court "may go outside the pleadings and look to extrinsic evidence" such as documents or affidavits when considering a Rule 12(b)(7) motion.  *Timberlake v. Synthes Spine, Inc.*, No. V-08-4, 2011 WL 2607044, at *2 (S.D. Tex. June 30, 2011).

As the entity that actually develops and maintains the walmart.com website, Walmart.com USA is a necessary party to Soverain's allegations that the website's features and functionality infringe Soverain's patents.  Soverain has not plead facts that would warrant piercing the corporate veil and holding Walmart Stores liable for Walmart.com USA's development and offering of the

7

accused website.  Nor has Soverain made allegations of agency that warrant holding Walmart Stores liable for this conduct.  Conversely, Walmart Stores and its subsidiaries, such as Walmart.com USA, have their own operations, act as separate and distinct legal entities, and observe corporate formalities.  Bhatia Decl. at ¶¶ 3-6.

Despite amending its complaint, Soverain has not added any allegations that the corporate veil should be pierced.[5]  Instead, Soverain simply claims Walmart Stores is responsible for the walmart.com website, and points to its registration of the walmart.com domain (D.E. 76 at ¶ 42), ownership of certain copyrights that appear on the website (*id.* at ¶ 50), and the issuance of security certificates.  *Id.* at ¶ 52.  These are all red herrings and have no relevance to the alleged technology at issue—"Soverain's network management and data extraction patent portfolio" (*id.* at ¶ 25) through certain network and server activity.  *Id.* at ¶¶ 98, 122, 148.[6]  Walmart.com USA developed, maintains, and operates this functionality.  Thus, it is the proper party.

Even if the Court finds that Walmart Stores's mere registration of the domain name made it arguably a proper party, Walmart.com USA is still a necessary party because it is "the primary participant in the events giving rise to the lawsuit."  *Dernick v. Bralorne Res., Ltd*., 639 F.2d 196, 199 (5th Cir. 1981).  The Fifth Circuit has held that "[f]ailure to join the subsidiary in such circumstances would be improper."  *Id.*  The development, operation, and deployment of these

---

[5]     As Defendants noted in their original Motion to Dismiss or Transfer (D.E. 57), the use of the general name "Walmart" in advertising and at stores does not vitiate the separate nature of each Walmart entity.  *See, e.g. Williamson ex rel. At Home Bondholders' Liquidating Trust v. Verizon Commc'ns Inc.*, No. 11 CIV. 4948 LTS HBP, 2013 WL 227691, at *3 (S.D.N.Y. Jan. 22, 2013) ("The use of a common trade name and references to a conglomerate as a collective entity, when included in statements 'intended to be read by the consuming public, cannot create a single entity structure given the sophistication and complexity of today's corporate world.'"); *J.L.B. Equities, Inc. v. Ocwen Fin. Corp.*, 131 F. Supp. 2d 544, 550 (S.D.N.Y. 2001) ("An advertising strategy deciding not to present to its consumers the existence of a parent-subsidiary relationship is not equivalent to a showing that the parent corporation exercises any control over its subsidiary's operational or marketing activities.").

[6]     For the same reason, the claim that Walmart Stores controls the privacy policy is misplaced. D.E. 76, at ¶ 44.  Furthermore, even in the "privacy policy" page that Soverain references, the link to contact the Privacy Office directs users to a help page where users can "[c]ontact Walmart.com for online orders and services or help using Walmart.com." *See* "Contact Us" page, *available at* http://corporate.walmart.com/contact-us .

features are the "events giving rise to the lawsuit," not the domain registration.  Walmart.com USA is the entity responsible for this conduct.  Bhatia Decl. at ¶¶ 10-11.  Indeed, the Terms of Use for the website specifically inform users that they are using "the family of websites provided by Wal-Mart.com USA LLC and Wal-Mart Stores, Inc."[7]  This is because while Walmart Stores may own the domain name, Walmart.com USA is the entity responsible for the actual content and functionality of the website, including that accused of infringing Soverain's patents.  As the Fifth Circuit recognized in *Freeman v. Nw. Acceptance Corp.*, when the plaintiff seeks to impose liability on an entity for the acts of another, *i.e.*, impose liability on Walmart Stores for Walmart.com USA's development of the website, Walmart.com USA becomes an "active participant" in the allegations.  754 F.2d 553, 559 (5th Cir. 1985).  The Fifth Circuit held that "joinder of the subsidiary is required in such a situation."  *Id.* (citing numerous cases from other circuits and districts holding the same).

Moreover, because it is responsible for the allegedly infringing conduct, Walmart.com USA controls critical sources of evidence relevant to Soverain's infringement claims and the Walmart entities' defenses.  While Walmart Stores may own the domain name, Walmart.com USA is the entity responsible for the source code, documentation, and other relevant evidence related to the development of the accused features.  Bhatia Decl. at ¶¶ 11, 14-16.  Soverain cannot seriously suggest that it will be content to receive evidence related solely to the registration of the walmart.com website and copyrights, rather than the source code and deployment documents held by Walmart.com USA.  Walmart.com USA's control of this critical information and evidence demonstrates it is a necessary party to this suit.  *See Haas v. Jefferson Nat'l Bank of Miami Beach*, 442 F.2d 394, 397-98 (5th Cir. 1978) (holding that a party was necessary when its "presence is

---

[7]     *See* Walmart.com Terms of Use, *available at* http://help.walmart.com/app/answers/detail/a_id/8/~/walmart.com-terms-of-use#1.

critical to the disposition of the important issues in the litigation. [Its] evidence will either support the complaint or bolster the defense."). Accordingly, Walmart.com USA is a necessary party to Soverain's allegations and should be joined if feasible.

### 2. Walmart.com USA Cannot Be Joined Because Venue Would Be Improper

Because Walmart.com USA is a necessary party under Rule 19(a), the second step is for the Court to determine whether it is feasible to order that the absentee party be joined. Rule 19(a) sets forth three circumstances in which joinder is not feasible: (1) when venue is improper; (2) when the absentee is not subject to personal jurisdiction; and (3) when joinder would destroy subject matter jurisdiction. FED. R. CIV. P. 19; *see also E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005); *Tick v. Cohen,* 787 F.2d 1490, 1493 (11th Cir. 1986). Here, Walmart.com USA cannot be joined because venue is improper.

For patent suits against domestic corporations, venue is only proper where the company is incorporated, or where it has allegedly committed infringing acts and has a regular and established place of business. 28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1520 (2017). Neither applies to Walmart.com USA, which is a California limited liability company headquartered in the Northern District of California. Bhatia Decl. at ¶ 5.

To have a "regular and established place of business" in this District, Walmart.com USA must do business in this District through "a permanent and continuous presence." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985). Walmart.com USA operates its business – which is developing, maintaining, and deploying the walmart.com website – out of the Northern District of California, with some development work occurring remotely. Bhatia Decl. ¶¶ 5, 10-11.[8] None of

---

[8]  While Soverain's Amended Complaint did not join Walmart.com USA, it does contain the new allegation that Stores Texas's "physical stores in the Eastern District of Texas constitute regular and established places of business *for Walmart.com*." D.E. 76, at ¶ 39. It is unclear if Soverain is alleging that Walmart.com USA has "established places of business" within each brick and mortar store, or if it is claiming Stores Texas is involved in the operation of the walmart.com website. Neither is true, as Soverain's allegation again attempts to ignore the clear

that work occurs in the Eastern District of Texas, and no employees responsible for any aspect of the walmart.com website reside in the Eastern District of Texas. *Id.* at ¶ 11.

Furthermore, the recent four factor test outlined by Judge Gilstrap in *Raytheon v. Cray* also demonstrates that Walmart.com USA does not have a "regular and established place of business" in this District. Case No. 2:15-cv-01554-JRG, D.E. 289, at 22-25 (E.D. Tex. June 29, 2017) (outlining (1) physical presence; (2) defendant's representations; (3) benefits received; and (4) targeted interactions with the District as four non-dispositive factors to be considered). As explained, Walmart.com USA has no "physical presence" in this District. Walmart.com USA does not have any offices or other places of business in the Eastern District of Texas, and the infrastructure for deploying the walmart.com website is all located outside of this District. Bhatia Decl. ¶¶ 5, 15-16. Additionally, Walmart.com USA does not represent that it has a presence in this District, nor does it receive "benefits" from such nonexistent presence. The fact that individual customers in East Texas purchase products through walmart.com cannot constitute a "presence" for the entity that creates and deploys the website. Such sales activity is no more than "doing business" within the District, which is not enough for venue purposes. *TC Heartland*, 137 S.Ct. at 1519 ("doing business" in a district does not establish proper venue); *see also ArrivalStar S.A. v. Geo-Comm, Inc.*, 799 F. Supp. 2d 889, 890 (N.D. Ill. 2011) (simply providing services or products to customers in a district falls "fatally short" of the necessary allegation for a regular and established place of business). Lastly, Walmart.com USA does not have "targeted interactions" with the District. Walmart.com USA develops and deploys the walmart.com website for use by customers across the country indiscriminately. It does not have any office in the Eastern District,

---

distinction between the e-commerce functionality accused of infringement and the physical distribution and delivery of products. Stores Texas operates the retail stores in Texas and has no involvement with the website functionality. Walmart.com USA is responsible for the network and server activity that Soverain alleges infringes, but has no role in the operation of physical stores in Texas.

does not seek to engage with "potential customers, consumers, [or] users," and does not provide "localized customer support." *Raytheon*, Case No. 2:15-cv-01554-JRG, D.E. 289, at 22-25.

Simply put, to find venue is proper for Walmart.com USA would be tantamount to finding that having a website that reaches customers in a district establishes venue. That would be directly contradict  Supreme Court's decision in *TC Heartland*, which makes clear that venue under 1400(b) requires something more, and other district courts have recognized as much. *See, e.g., IP Co. v. Tropos Networks*, No. 1:06-cv-0585-CC, D.E. 88, slip op. at 3-4 (N.D. Ga. Oct. 5, 2012); *Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.*, 645 F. Supp. 2d 1130, 1145 (S.D. Fla. 2009). Thus, if Walmart.com USA is joined, which it must be as an indispensable party, it must also be dismissed for improper venue.

### 3.      This Suit Should Not Proceed Without Walmart.com USA

Once the Court determines that a required party cannot be joined, it must determine whether in equity and good conscience the suit should proceed with the existing parties or should be dismissed. FED. R. CIV. P. 19(b). This determination is based on four factors: (1) the extent to which judgment rendered in the party's absence might prejudice them or an existing party; (2) the extent any prejudice can be lessened or avoided; (3) whether judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder. FED. R. CIV. P. 19(b)(1)-(4). Here, equity and good conscience requires dismissal for failure to join Walmart.com USA.

Soverain's allegations are directed at the walmart.com website and, thus, any impact from this case will be felt in the Northern District of California, where Walmart.com USA is based and where the development and operation of the accused features take place. A finding of infringement by the walmart.com website necessarily prejudices Walmart.com USA because any design changes to the website to avoid infringement would need to be done by Walmart.com USA, not

Walmart Stores or Stores Texas.  This prejudice cannot be avoided simply by suing the parent company, Walmart Stores.  Indeed, any judgment would likely be inadequate because the conduct of Walmart.com USA, *a non-party*, would continue to determine what reasonable royalty ***Walmart Stores*** would owe to Soverain.  This is untenable.  If features of the walmart.com website are accused of infringement, the entity that develops and deploys them, Walmart.com USA, must be a party to the suit.  Moreover, Soverain has an adequate remedy if the suit is dismissed – bringing suit against Walmart.com USA in the Northern District of California like it should have done from the beginning.  The existence of an alternative proper forum to bring suit weighs in favor of dismissal.  *Schutten v. Shell Oil Co.*, 421 F.2d 869, 875 (5th Cir. 1970) (concluding that dismissal for failing to join a necessary party was "made easier by the knowledge that the courts of the State of Louisiana offer a forum in which a complete adjudication of all interests can be obtained . . .").

Because Walmart.com USA is a separate legal entity and the primary participant in the alleged infringing conduct, it is a necessary party.  Soverain purposefully chose not to bring suit against Walmart.com USA, instead choosing to sue the parent corporation and an unrelated subsidiary to create the façade of a proper venue in this forum.  Soverain's gamesmanship should not be rewarded.  With no prejudice to Soverain, the Court should dismiss the suit for failure to add Walmart.com USA as a necessary party.

**B.      In the Alternative, the Case Should Be Dismissed or Transferred**

If the Court does not dismiss this lawsuit for failure to join Walmart.com USA, it should still either dismiss or transfer the case because venue is not proper.

**1.      Venue Is Improper for Walmart Stores and Stores Texas, and This Case Should Be Dismissed Pursuant to Rule 12(b)(3)**

Under 28 U.S.C. § 1400(b), suits alleging patent infringement can only be brought "in the judicial district where the defendant resides, or where the defendant has committed acts of

infringement and has a regular and established place of business."[9]   Under the Supreme Court's

recent ruling in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), a

domestic corporation "resides" only in its state of incorporation.   As Soverain's complaint

acknowledges, neither Walmart Stores nor Stores Texas "resides" in the Eastern District of Texas

because they are incorporated in Delaware.   D.E. 76, at ¶¶ 31, 41.   Accordingly, venue is only

proper for Walmart Stores and Stores Texas if they have committed an act of infringement in this

District ***and*** have "a regular and established place of business" in the Eastern District of Texas.

28 U.S.C. § 1400(b).   Neither can be shown in this case.

### a.   The Alleged "Acts of Infringement" Do Not Occur in this District

The first prong – committing an act of infringement in the District – is not met for either

entity because any alleged acts of infringement necessarily occurred outside the Eastern District

of Texas.   Soverain's claims are directed at server networks and server activity,[10] and Soverain is

accusing certain features of the walmart.com website of infringing.   The accused features are

developed by Walmart.com USA from the Northern District of California, not by Defendants.

Bhatia Decl. ¶¶ 5, 10-11.   But, even assuming arguendo that Walmart Stores or Stores Texas were

involved as alleged by Soverain, the allegedly infringing acts still do not occur in the Eastern

District of Texas.   The accused functionality is made and deployed from the Northern District of

California, and no operation occurs in the Eastern District of Texas.   Additionally, none of the

servers or other infrastructure used to deploy the website – and thus perform the allegedly

---

[9]      In *Eolas v. Walmart*, Walmart preserved its 12(b)(3) defense given that *In re TC Heartland LLC*, No. 16-105 (Fed. Cir. 2016) was on appeal.   No. 6:15-cv-01040-RWS, D.E. 16 (E.D. Tex. Feb. 9, 2016).   Now that the Supreme Court has resolved the issue, the Eastern District of Texas is not a proper venue to bring suit.

[10]     The asserted claims specifically identified in Soverain's Amended Complaint are all directed at server networks or server activity.   '447 patent (D.E. 1-1), claim 5 (claiming certain steps in "a method of extracting data from network-based information in a communication network comprising plurality of network servers"); '900 patent (D.E. 1-2), claims 1 and 5 (claiming "a method of tracking web page requests received at a web server"); '780 patent, (D.E. 1-3), claims 22, 23, 32, 33, 112-114, 127-129 (claiming either "a method of processing server requests" (claims 22 and 23), or "[a]n information system on a network" (claims 32, 33, 112-114, 127-129)).

infringing acts – is located in this District.  *Id.* at ¶¶ 15-16.  Because the activity that Soverain alleges infringes necessarily occurs outside the Eastern District of Texas, venue in this District is improper.

In an attempt to conflate East Texas brick and mortar store operations with the alleged infringement, Soverain's Amended Complaint spends several paragraphs detailing new allegations related to the post-sale distribution and delivery of products.  Soverain alleges that Stores Texas "maintains physical locations for selling, marketing, and distributing products purchased through Walmart.com," [11] including providing "pickup locations" where customers can pick up an item purchased on the walmart.com website.  D.E. 76, at ¶¶ 34-35.  Paradoxically, Soverain also alleges that Walmart Stores is responsible for this same conduct.  *Id.* at ¶ 46.  Regardless of which entity Soverain thinks is responsible, these allegations are inconsequential because Soverain's asserted claims are not directed at "maintaining physical locations" or "distributing" products.[12]  Soverain itself describes the case as "aris[ing] from Wal-mart's infringement of Soverain's data extraction and network management patent portfolio."  D.E. 76, at ¶ 1.  Similarly, whether employees "deliver orders placed through Walmart.com" (*id.* at ¶ 36) is immaterial—Soverain does not and cannot accuse delivery services of infringement for shipping and delivering products.

Indeed, the "distribution" allegations added to Soverain's Amended Complaint do nothing to show that the ***alleged acts of infringement*** actually occur in this District.  If Soverain wishes to sue a Walmart entity for infringement based on the server activity at issue, it must do so in a proper

---

[11]    Soverain's allegation that Stores Texas "sells" products that are purchased through the walmart.com website is nonsensical.  While it is true that brick and mortar stores may offer the same products that are sold on walmart.com, stores do not "sell" products for the second time after they are already sold through walmart.com.  Moreover, Soverain cannot plausibly allege that its patents cover the sale of a product at a physical retail location.

[12]    To the extent that Soverain alleges that its asserted claims are directed at "maintaining physical locations" or "distributing" products, then its infringement allegations must fail, as these claims could not cover network and server activities.

venue.  The Eastern District of Texas is not such a venue, and both Walmart Stores and Stores

Texas should be dismissed for improper venue.

### b. Walmart Stores Does Not Have a Regular And Established Place of Business in the District

In addition to there being no infringing acts in this District, the second prong is not met for

Walmart Stores.  Soverain tries to mask the issue by alleging Walmart Stores "has a regular and

established place of business . . . through its operation and use of physical Walmart Stores to

deliver merchandise ordered through www.walmart.com."  D.E. 76, at ¶ 54.  But Soverain itself

claims that "[Stores Texas] maintains and operates [the] 'pickup locations' where products ordered

through Walmart.com are distributed, sold, and marketed to customers."  *Id.* at ¶ 35.  Soverain is

correct that it is the wholly-owned subsidiary Stores Texas, and not Walmart Stores, that operates

the retail locations in East Texas.  Bhatia Decl. at ¶ 4.

These retail locations should not be imputed to the parent company Walmart Stores.  Before

the Supreme Court's decision in *TC Heartland*, courts found venue was proper in "any judicial

district in which such defendant is subject to the court's personal jurisdiction."  28 U.S.C.

§ 1391(c).  When analyzing whether a corporate defendant was subject to personal jurisdiction in

this District, the contacts of subsidiaries were not imputed to the parent.  For example, in *Adaptix,*

*Inc. v. AT&T Mobility LLC*, the Court held that defendant L.G. could not be transferred to the

Southern District of California because it used "a San Diego-based subsidiary to import, market,

and sell the accused products in the United States," and "the contacts of a subsidiary are not

imputed to the parent for purposes of personal jurisdiction."  No. 6:12-CV-120, 2014 WL

12622296, at *2 (E.D. Tex. Jan. 27, 2014).

The same logic follows in the venue context – the making of Walmart.com USA's allegedly

infringing website cannot be imputed to Walmart Stores (nor Stores Texas) and, similarly, Stores

16

Texas' contacts with Texas cannot be imputed to Walmart Stores to make venue proper.  Without these contacts, Walmart Stores does not commit alleged acts of infringement in this District, nor does it have a regular and established place of business here.  Soverain is attempting to improperly combine the unrelated activities of two separate and distinct subsidiaries to establish venue over the parent company.  The Court should reject Soverain's attempt to manipulate venue and should dismiss Walmart Stores under Rule 12(b)(3).

2.      **In the Alternative, Walmart Stores and Stores Texas Should Both be Transferred to the Northern District of California**

If the Court does not dismiss Walmart Stores and Stores Texas, it should transfer the suit to the Northern District of California.  Under 28 U.S.C. § 1406(a), the Court can transfer the case to "any district or division in which it could have been brought" if it is "in the interest of justice." Soverain alleges that Walmart Stores and Stores Texas directly infringe the patents-in-suit through the development and maintenance of certain features and functionality of the walmart.com website.  As those operations occur almost entirely within the Northern District of California, with none occurring in the Eastern District of Texas, the Northern District of California would have personal jurisdiction over Walmart Stores and Stores Texas, and venue would be proper because alleged infringing activities occur there and the walmart.com headquarters is "a regular and established place of business."  28 U.S.C. § 1400(b).  Accordingly, transferring the case to the Northern District of California is appropriate if the Court does not dismiss it.[13]

---

[13]      In the event the Court finds that venue is proper for Stores Texas, but not Walmart Stores, the suit against Stores Texas should still be transferred pursuant to § 1404, or it should be severed and stayed pending resolution of the case against Walmart Stores because the Stores Texas claims are peripheral.  If the Court accepts Soverain's pleadings that Stores Texas developed the website, then transfer to the District where all of the website development occurred is appropriate because it is clearly more convenient.  If the Court instead finds Soverain's pleading implausible, then it should sever and stay Stores Texas consistent with *Eolas v. Walmart. See* Section IV.C. below.

**C.      In the Alternative, both Defendants Should Be Transferred under 28 U.S.C. § 1404**

If the Court finds that the suit should not be dismissed for failure to join Walmart.com USA and because venue is improper, the case should still be transferred to the Northern District of California because it is a clearly more convenient venue.  The walmart.com website is designed, developed, and maintained by employees at Walmart.com USA's headquarters in the Northern District of California.  All of the witnesses with relevant knowledge about the website are located there, as well as all of the relevant documents.  The public and private interest factors demonstrate that this suit should be transferred to the Northern District of California, just as the Court did recently in *Eolas v. Walmart*, No. 6:15-cv-01038, under almost identical facts.  Based on Soverain's pleadings, the Court can (and should) transfer Stores Texas.  However, if the Court looks past the pleadings, it should transfer Walmart Stores and sever and stay the peripheral case against Stores Texas, consistent with the Court's decision in *Eolas v. Walmart*.

**1.      The Private Factors Show that the Northern District of California Is Clearly More Convenient than the Eastern District of Texas**

**a.   The Northern District of California Provides Greater Ease of Access to Sources of Proof**

As the alleged infringer, the Walmart entities are presumed to have the bulk of the relevant evidence.  *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.").  Consequently, the location of the relevant documents weighs in favor of transfer to that location.  *Id.*  Here, the relevant documents are located in the Northern District of California, at Walmart.com USA's offices.  Bhatia Decl. at ¶ 14.  Similarly, the employees with relevant knowledge about the website are located in the Northern District of California.  *Id.* at ¶¶ 11, 13, 15.  As such, none of the relevant evidence or witnesses are located in the Eastern District of Texas.  *Id.* at ¶¶ 11-15.

18

In contrast, Soverain likely has few relevant documents in the Eastern District of Texas. According to its Amended Complaint, Soverain "owns the intellectual property rights to information management solutions that allow companies and individuals to manage Internet content, encrypt network based information, and manage access to network based information." D.E. 76, at ¶ 28.   As a patent licensing and litigation entity, Soverain is unlikely to have any relevant documents other than licenses and case files for other lawsuits.  This pittance of relevant evidence is vastly outweighed by the walmart.com evidence in the Northern District of California. *See In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014) ("[D]ecisions granting transfer have looked beyond the connection of the parties with the transferor venue when the disparity of convenience is so marked as to outweigh the plaintiff's right to choose the forum.").

Accordingly, as the Court is aware from its prior experience in *Eolas v. Walmart*, almost all of the relevant documents and witnesses are in the Northern District of California and little, if any, are in the Eastern District of Texas.  The fact that the relevant evidence is located in the Northern District of California weighs heavily in favor of transfer.  *Genentech*, 566 F.3d at 1345.

### b.   The Northern District of California Provides Compulsory Process over Non-Party Witnesses; the Eastern District of Texas Does Not

The availability of compulsory process favors transfer because at least one non-party witness is subject to the subpoena power of the Northern District of California, whereas none are for this District.  *See GeoTag, Inc. v. Aromatique, Inc.*, No. 2:10-cv-570, 2013 WL 8349856, at *3 (E.D. Tex. Jan. 14, 2013) (Schneider, J.) ("Transfer is favored" when a transferee district has "the power to compel attendance at both depositions and trial" over more non-party witnesses.).

At least one of the named inventors of the patents-in-suit,[14] John R. Ellis, is subject to compulsory process in the Northern District of California because he lives in Woodside, California in San Mateo County.[15]  At least six potential prior art witnesses identified in previous Soverain cases are also within the subpoena power of the Northern District of California.  Ex. 1.  In the previous case, *Soverain Software LLC v. Oracle Corp., et al.*, Judge Davis found that the availability of subpoena power over these witnesses "slightly favor[ed] transfer to the Northern District of California."  Case No. 6:12-cv-00141, D.E. 160, slip op. at 13 (E.D. Tex., March 27, 2014).  Additionally, all of the walmart.com website development and operation occurred in the Northern District of California.  If any former employees are necessary witnesses, it is likely they will still live in the Northern District of California.  Walmart Stores and Stores Texas are not aware of any relevant non-party witnesses in this District.

If this case is transferred, the Northern District of California will have the ability to compel at least one non-party witness, and likely more given that this suit involves Walmart.com USA's e-commerce website and as such relevant prior art witnesses and former employees are likely to be in Silicon Valley, in the Northern District of California.  This weighs in favor of transfer.

### c.  The Northern District of California Is More Convenient for All the Relevant Witnesses

The cost of attendance for party and non-party witnesses is an important factor in the transfer analysis.  *In re Volkswagen AG*, 371 F.3d 201, 204 (5th Cir. 2004) (courts must "contemplate consideration of the parties and witnesses."); *In re Genentech*, 566 F.3d at 1343

---

[14]     The other named inventors are not subject to compulsory process for both trial and depositions in either District.  David Gifford, Lawrence Stewart, Mark Levergood, Stephen Morris, Andrew Payne and Winfield Treese all live in Massachusetts, outside the subpoena power of either district.  The same is true of the prosecuting attorneys for the patents-in-suit.  On information and belief, the last named inventor, Daniel Earl Geer, Jr., is located in the Virginia area and is therefore also outside of both districts' subpoena power.

[15]     The description for Mr. Ellis's personal website shows that he is "a software executive in Woodside, California."  *See* view-source:http://www.johnrellis.com/.  This matches the face of '447 patent, which lists Woodside as Mr. Ellis's city of residence.  D.E. 1-1.

("The convenience of the witnesses is probably the single most important factor in transfer analysis."). The convenience of the witnesses "increases in direct relationship to the additional distance to be traveled" when the distance between the transferee and transferor venue is over 100 miles. *Volkswagen I*, 371 F.3d at 204-05. Courts in this District have noted that this rule favors transfer "if the transferee venue is a shorter average distance from witnesses than the transferor venue." *Ventronics Sys. LLC v. Drager Med. GmbH*, No. 6:10-cv-582, D.E. 156, slip op. at 7 (E.D. Tex. Oct. 20, 2011) (Davis, J.). Whether direct flights exist also has impact. *Id.* at 8.

The Northern District of California would be significantly cheaper and more convenient for witnesses. First, the vast majority of the relevant witnesses already reside in the Northern District of California near Walmart.com USA's headquarters. Bhatia Decl. ¶¶ 5, 11, 13. Because there are no relevant walmart.com witnesses in this District (*Id.* ¶ 12), and no Walmart Stores witnesses likely to be trial witnesses, holding the trial here would require every Walmart witness to travel more than 1,500 miles from the San Francisco Bay Area to Tyler, Texas. Conversely, the courthouses of the Northern District of California are close to Walmart.com USA's offices in the Bay Area. Bhatia Decl. ¶ 17. This heavily favors transfer. *In re Genentech, Inc.*, 566 F.3d at 1345 (holding that the "parties' convenience factor favored transfer, and not only slightly," where those with knowledge of development of the accused products at the defendants' facilities were in the transferee venue); *see also In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) (holding "[t]he cost of attendance for willing witnesses clearly favors transfer" when the average travel required would be over 700 miles less for the transferee district).

Of the potential Soverain witnesses, none appear to reside in the Eastern District of Texas. At least one resides in San Mateo County in the Northern District of California and thus it would be more convenient to him for trial to be held there. The remaining inventors are all believed to reside on the East Coast, either in the Greater Boston Area (near M.I.T.), or in Virginia. And

21

although Plaintiff claims to be a Texas corporation, according to state filings the manager of plaintiff Soverain IP is Stephen C. McArthur, a lawyer who has a firm in Los Angeles.[16] Travel to the Northern District of California would be cheaper and less time consuming for all of these witnesses due to the availability of direct flights.  Ex. 2, Online Flight Comparisons.  This weighs in favor of transfer.  *Ventronics Sys. LLC*, No. 6:10-cv-582, slip op. at 7.

Because the vast majority of the witnesses are located near Walmart.com USA's headquarters in the Northern District of California, and none are located in this District, this factor heavily favors transfer.

### d.  Practical Issues Are Neutral

This case is in its infancy as are Soverain's suits against other defendants over the patents-in-suit.  There are therefore no practical issues with transferring this case to the Northern District of California.  *See GeoTag*, 2013 WL 8349856, at *5 (granting transfer to the Northern District of Texas when the "case [was] still in its infancy").

That there are other pending Soverain cases in this District is of no import.  As the Federal Circuit reasoned in *In re Google, Inc.*, "it is improper for a district court to weigh the judicial economy factor in a plaintiff's favor solely based on the existence of multiple co-pending suits."  No. 17-107, D.E. 16 at 7 (Fed. Cir. Feb. 23, 2017) (non-precedential).  Doing so would allow Soverain to avoid transfer to a more convenient venue "simply because it filed related suits against multiple defendants in the transferor district.  That is not the law under the Fifth Circuit."  *Id.* Additionally, this District does not have any specialized knowledge about the patents-in-suit.  This is the first wave of lawsuits filed by Soverain on the '447 and '900 patents.  Moreover, only one suit has been filed by Soverain in this District on the '780 patent, and that was in 2004 before

---

[16] https://smcarthurlaw.com/contact/

Judge Davis.  As Judge Davis has since retired, his familiarity with the '780 patent is of "no further use in this case."  *Rembrandt Vision Techs. L.P. v. Johnson & Johnson Vision Care, Inc.*, No. 2:09-cv-200-TJW, 2011 WL 2937365, at *2 (E.D. Tex. July 19, 2011).  This factor is neutral.[17]

## 2.  The Public Interest Factors Also Weigh in Favor of Transfer

In addition to the private interest factors weighing in favor of transfer, the first public interest factor – local interest in the suit – favors transfer to the Northern District of California and the remaining public interest factors are neutral.  This presents a "clear overall picture: nothing favors the transferor forum, whereas several factors favor the transferee forum."  *In re Toyota Motor Corp*, 747 F.3d 1338, 1341 (Fed. Cir. 2014) (holding that when the "analysis shows that the transferee forum is 'clearly more convenient'" the case should be transferred and that the transferee venue need not be "*far* more convenient").

### a.  The Northern District of California Is the Only Venue with a Strong Local Interest in this Suit

The Northern District of California has a strong interest in this litigation for several reasons.  First, the walmart.com website is designed, operated, and maintained in that district, and all of the documents and witnesses for walmart.com are located there.  This connection to California weighs in favor of transfer.  *See In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (recognizing that an accused product "offered nationwide does not give rise to a substantial interest in any single venue," but "if there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor.").

Second, to the extent any judgment is rendered based on walmart.com, the effects of it will be felt in the Northern District of California at Walmart.com USA's headquarters.  Thus, the Northern District of California has a local interest in any judgment rendered.  *H-W Tech., L.C., v.*

---

[17]     If any of the other defendants move for transfer to the Northern District of California, as Walmart believes is likely, then judicial economy would favor transfer.

*Apple, Inc.*, No. 3:11-cv-651-G, 2012 WL 3072776 at *11 (N.D. Tex. July 5, 2012) (finding the Northern District of California had a localized interest in a suit against Apple because "the outcome of the case will have a direct financial impact on a party located there.").

Conversely, the Eastern District of Texas has no local interest in this suit. Soverain's Amended Complaint attempts to justify keeping the suit in this District by alleging Walmart Stores donated money to a political action committee that "seeks to expand sales of alcohol in Texas with a particular focus on counties in the Eastern District of Texas," and to other political campaigns in the District. D.E. 76, at ¶¶ 64-71. Soverain's inclusion of these allegations in the Amended Complaint is a non sequitur, as the relevant factor is "the local interest in having *localized interests decided* at home." *In re Volkswagen*, 371 F.3d at 203. The issues to be decided center on the walmart.com website and Soverain's patents; no resolution of those issues will affect politics or the sale of alcohol in the Eastern District of Texas. However, a resolution of those issues will affect the Northern District of California, where development for walmart.com is headquartered and where many engineers work each day. Soverain's strained attempt to fabricate a transfer factor in its favor only affirms the obvious – no convenience factors weigh in favor of this District.

### b.  The Other Public Interest Factors are Neutral

The conflicts of laws, court congestion and familiarity of the forum with the governing law factors are all neutral. At this time there are no known conflict of law issues between California and Texas. There is also no indication that this District or the Northern District of California suffers from administration difficulties related to court congestion. Lastly, both forums are well versed in patent law. Accordingly, the remaining public interest factors are all neutral.

### 3.      The Court Should Either Transfer Both Defendants, or Transfer Walmart Stores and Sever and Stay the Case Against Stores Texas

Because the Northern District of California is clearly a more convenient venue, the Court

should transfer Walmart Stores there.  The Court should also either transfer Stores Texas based on Soverain's direct infringement pleadings, or sever and stay Stores Texas because the case against it is peripheral at best.  This mirrors the Court's decision in *Eolas v. Walmart*, Case No. 6:15-cv-01038-RWS, D.E. 326 (E.D. Tex. Apr. 28, 2017), and as in that case, either option is appropriate.

### a.   The Court can Transfer both Walmart Stores and Stores Texas

The threshold question for transfer under § 1404 is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *Volkswagen I*, 371 F.3d at 203.  The Northern District of California has personal jurisdiction over Walmart Stores and would also be a proper venue.  The conduct at issue – making the accused features of the walmart.com website – was done in the San Francisco Bay area at Walmart.com USA's offices.  Bhatia Decl. at ¶¶ 5, 10-11.  These are minimum contacts with the forum state, and those headquarters are also a regular and established place of business in that district.  Thus the suit against Walmart Stores could have been brought there.

According to Soverain's pleadings, the suit against Stores Texas could also have been brought in the Northern District of California.  If it had filed suit in the Northern District of California, Soverain would only need to raise a prima facie case of personal jurisdiction and the Northern District of California would be required to resolve all factual conflicts in Soverain's favor.  *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012).  Soverain alleges that "Wal-Mart," which Soverain defines as being both Walmart Stores, Inc. *and* Stores Texas (D.E. 76 at 1), "designs, makes, sells, offers to sell, imports, and/or uses the Walmart.com Webpage." *Id.* at ¶ 99.  Soverain therefore contends that Stores Texas directly infringes through its alleged involvement in developing Walmart.com.

As demonstrated above, the development and operation of walmart.com occurs in the Northern District of California.  Thus, if Stores Texas was involved in developing walmart.com –

something Soverain has no evidence of and arguably plead in violation of its Rule 11(b) obligations – it would have minimum contacts with the Northern District of California and personal jurisdiction would be proper.  *Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 759 (Fed. Cir. 2016), *cert. denied sub nom. Mylan Pharm. v. Acorda Therapeutics*, 137 S. Ct. 625 (2017) (minimum contacts met "when the defendant purposefully directed activities at the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.").[18] Similarly, since the development occurred at Walmart.com USA's headquarters in the Northern District of California, venue would also be proper.

If the Court accepts Soverain's pleadings as true, it should transfer both Walmart Stores and Stores Texas to the Northern District of California because it is clearly more convenient.

### b.  If the Court Does Not Transfer Stores Texas, the Stores Texas' Case Should Be Severed and Stayed Because It Is Peripheral

If the Court transfers Walmart Stores but finds that it cannot transfer Stores Texas based on Soverain's pleadings, then it should sever and stay the case against Stores Texas because it is peripheral.  To find that Stores Texas cannot be transferred to the Northern District of California where walmart.com is developed and maintained, the Court must necessarily have rejected Soverain's allegation that Stores Texas directly infringes the patents-in-suit.  In that case, the only remaining allegation would be that Stores Texas "intended to induce patent infringement by third-party customers and users" of walmart.com.  D.E. 76 at ¶ 117.  Soverain's pleadings do not explain how Stores Texas, which only operates the retail Walmart physical locations in Texas, could actively induce infringement of the patents-in-suit through the walmart.com website.  Whatever

---

[18]     California's long-arm statute is co-extensive with these federal due process requirements.  *See Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1353 (Fed. Cir. 2017).  The final consideration for personal jurisdiction is whether it "is reasonable and fair."  *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003).  If Soverain's allegation that Stores Texas helped develop the Walmart.com website in the Northern District of California is taken as true, then it would not be unfair for Stores Texas to be sued in the Northern District of California.

the allegation, including if it is similar to the nonsensical theory raised by Eolas in *Eolas v. Walmart*, Case No. 6:15-cv-01038-RWS, the claim against Store Texas is peripheral to the direct infringement claims against Walmart Stores. Following this Court's reasoning in *Eolas* and prior precedent, the Stores Texas case should be severed and stayed.

Where another venue is more convenient for the primary claims, as it is for what may be the primary claims against Walmart Stores, courts routinely sever and transfer the primary defendant, while staying the case against the peripheral defendant.[19] This Court did exactly that in its recent opinion in *Eolas v. Walmart*, Case No. 6:15-cv-01038-RWS, D.E. 326 (E.D. Tex. Apr. 28, 2017). The facts here are identical. Soverain is alleging both Walmart Stores and Stores Texas directly and indirectly infringe the patents-in-suit through their alleged development and operation of walmart.com. However, if the Court finds that Stores Texas cannot be transferred to the Northern District of California due to lack of personal jurisdiction and improper venue, then it must necessarily have found Soverain's direct infringement allegations against Stores Texas implausible. In that event, the only claims left against Stores Texas would be indirect infringement claims based on the operation of brick and mortar stores, *i.e.* the same strained position taken by Eolas – that operating a brick and mortar Walmart store somehow induces customers to use the walmart.com website. This is a peripheral claim as Walmart.com USA is the "manufacturer," Walmart Stores is the parent of the manufacturer, consumers on walmart.com are the "customers"—and Stores Texas is not even in the picture. As in *UltimatePointer*, there is no evidence Stores Texas "had any role in the design, manufacture, or importation of the accused products," *i.e.* walmart.com. *UltimatePointer, L.L.C. v. Nintendo Co., Ltd.*, 6:11-cv-00496, D.E.

---

[19] Courts in this district consider three factors to determine if this is appropriate; whether: "(1) the remaining claims are peripheral to the severed claims; (2) adjudication of the severed claims would potentially dispose of the remaining claims; and (3) the § 1404(a) factors warrant transfer of the severed claims." *Ei-Land Corp. v. Simpson Strong-Tie Co., Inc.*, No. 2:09-cv-337, 2010 WL 3859783, at *6 (E.D. Tex. Sept. 30, 2010).

448, slip op. at 5-6 (E.D. Tex. June 17, 2014).   Additionally, just as in *Eolas v. Walmart*, adjudication of the claims against Walmart will dispose of the claims against Stores Texas because either walmart.com will be found not to infringe, the patents-in-suit will be found invalid, or Soverain will prevail and fully recover for any alleged infringement based on the development of walmart.com and use of walmart.com by third-party customers.

Once Stores Texas is severed, staying the case is appropriate in light of the three factors courts consider when deciding whether to stay a case: "(1) whether a stay will unduly prejudice or present a clear tactical advantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial has been set." *UltimatePointer*, 6:11-cv-00496, D.E. 448, slip op. at 18.  A stay would not unduly prejudice Soverain or present any tactical advantage because the claims against Stores Texas are peripheral and depend entirely on the underlying claims against Walmart Stores (as parent of Walmart.com USA).  As discussed above, a stay will also simplify the issues because the claims against Stores Texas will be resolved by a trial in the primary case.  The third factor also favors a stay because this case is in its infancy; indeed Defendants have not yet filed answers.

Because Stores Texas has no connection to the accused product or infringement allegations, if the Court does not grant dismissal, the Court should transfer Walmart Stores and sever and stay the case against Stores Texas.

## V.      <u>CONCLUSION</u>

Soverain, like Eolas and others before, tries to muddle Walmart entities to gerrymander jurisdiction and manipulate the venue analysis, omitting Walmart.com USA while asserting a website-based infringement claim.  This failure to join a necessary party alone warrants dismissal of the suit because the Eastern District of Texas is not a proper venue for Walmart.com USA.  If the Court does not find that the case must be dismissed for failure to join Walmart.com USA, it

28

should still dismiss the case because venue is improper under the current law.  Lastly, if the Court

finds that venue is proper, it should still transfer Walmart Stores and Stores Texas to the Northern

District of California because it is clearly the more convenient forum, or transfer Walmart Stores

while severing and staying the peripheral case against Stores Texas, consistent with the Court's

decision in *Eolas v. Walmart* under almost identical facts.  The only improper result would be to

allow this suit to proceed in this District on the basis of Soverain's blatant gamesmanship.

Dated:  July 17, 2017                          Respectfully submitted,

                                               WINSTON & STRAWN LLP

                                               */s/ John R. Keville*
                                               John R. Keville
                                               Texas Bar No. 24087625
                                               jkeville@winston.com
                                               Eric S. Schlichter
                                               Texas Bar No. 24007994
                                               eschlichter@winston.com
                                               Robert L. Green
                                               Texas Bar No. 24087625
                                               rlgreen@winston.com
                                               1111 Louisiana St., 25th Flr
                                               Houston, Texas 77002
                                               Tel.: (713) 651-2600
                                               Fax: (713) 651-2700

                                               **ATTORNEY FOR DEFENDANTS**
                                               **WAL-MART STORES, INC. AND**
                                               **WAL-MART STORES TEXAS, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

        I certify that a true and correct copy of the foregoing document has been served on counsel
of record who are deemed to have consented to electronic service on this 5th day of July 2017, via
electronic filing using the Court's CM/ECF system.

                                               */s/ John R. Keville*