# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| SOVERAIN IP, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>MICROSOFT CORPORATION<br><br>*Defendant.* | Civil Action No. 2:17-cv-204-RWS-RSP<br><br>LEAD CASE<br><br>JURY TRIAL DEMANDED |
| SOVERAIN IP, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>TARGET CORPORATION,<br><br>*Defendant.* | Civil Action No. 2:17-cv-307-RWS-RSP<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF SOVERAIN IP, LLC'S RESPONSE TO DEFENDANT TARGET CORPORATION'S MOTION TO DISMISS FOR IMPROPER VENUE UNDER RULE 12(B)(3) OR TRANSFER PURSUANT TO 28 U.S.C. § 1406(A)**

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................................ 1

II.  STATEMENT OF FACTS ............................................................................................. 5

III. LEGAL STANDARD ..................................................................................................... 6

   A.  The Pleading Requirements For Venue Are Low............................................. 7

   B.  Defendants Seeking Transfer Face A Significant Burden. ............................. 8

   C.  Granting Jurisdictional Discovery Is Strongly Favored. ............................... 9

IV.  ARGUMENT ................................................................................................................ 11

   A.  Soverain's Complaint Is More Than Sufficient To Show Venue Is Proper As To
       Target. .................................................................................................................. 11

       1)   Target Has Committed Acts Of Infringement In The District. ........................... 13

       2)   Venue Is Proper As To Each Of The Patents-In-Suit............................. 14

   B.  Transfer To The District Of Minnesota Is Not Clearly More Convenient. ............... 17

       1)   Private Interest Factors........................................................................... 17

            (1)   Relative Ease Of Access To Sources Of Proof. ...................................... 17

            (2)   The Availability Of Compulsory Process. ............................................. 19

            (3)   Costs To Willing Witnesses Counsels Against Transfer......................... 19

            (4)   Judicial Economy And Other Practical Problems. ................................. 20

       2)   Public Interest Factors ........................................................................... 21

            (1)   Localized Interest Factor. ....................................................................... 21

            (2)   Court Congestion................................................................................... 22

            (3)   Additional Factors. ................................................................................ 22

   C.  To The Extent Factual Questions Remain, Soverain's Proposed Jurisdictional
       Discovery Is Warranted. .................................................................................... 23

V.   CONCLUSION ............................................................................................................ 25

# TABLE OF AUTHORITIES

**Cases**

*A. Stucki Co. v. Bethlehem Steel Corp.*,
   1978 U.S. Dist. LEXIS 20176 (W.D. Pa. Jan. 1, 1978)...................................................... 20

*Adaptix, Inc v. HTC Corp.*,
   2013 WL 1314413 (E.D. Tex. March 28, 2013).............................................................. 26

*Adrain v. Genetec Inc.*,
   2009 U.S. Dist. LEXIS 86855 (E.D. Tex. September 22, 2009) ....................................... 25

*Ambracco, Inc. v. Bossclip B.V.*,
   570 F.3d 233 (5th Cir. 2009) ............................................................................................ 9

*ATO RAM II, Ltd. v. SMC Multimedia Corp.*,
   2004 U.S. Dist. LEXIS 5810 (S.D.N.Y. Apr. 6, 2004)................................................ 8, 14

*Blair v. City of Worcester*,
   522 F.3d 105 (1st Cir. 2008)........................................................................................ 13, 31

*Blanco v. Carigulf Lines*,
   632 F.2d 656 (5th Cir. 1980) .......................................................................................... 12

*Blessey Marine Servs. v. Jeffboat, LLC*,
   2011 U.S. Dist. LEXIS 13434 (E.D. La. Feb. 10, 2011) ....................................... 6, 29, 30

*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008) ........................................................................................ 13

*Braspetro Oil Services Co. v. Modec (USA), Inc.*,
   240 Fed. Appx. 612 (5th Cir. 2007)................................................................................. 9

*Broadway Nat'l Bank v. Plano Encryption Techs., LLC,*
   173 F. Supp. 3d 469 (W.D. Tex. 2016)........................................................................... 11

*Case v. Goodyear Tire & Rubber Co.*,
   1983 U.S. Dist. LEXIS 16596 (D. Mass. May 31, 1983) ................................................ 19

*CentreOne v. Vonage Holdings Corp.*,
   2009 WL 2461003 (E.D. Tex. Aug. 10, 2009) .............................................................. 23

*Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances*,
   723 F.2d 357 (3d Cir. 1983)............................................................................................ 13

*Core Wireless Licensing, S.A.R.L. v. Apple, Inc.*,
   2013 WL 682849 (E.D. Tex. Feb. 22, 2013) .................................................................. 22

*Dale v. Frankel*,
   131 F. Supp. 2d 852 (S.D. Miss. 2001)........................................................................... 16

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,
   557 F.2d 1280 (9th Cir. 1977) ........................................................................................ 13

*Davis v. Asano Bussan Co.*,
    212 F.2d 558 (5th Cir. 1954) ................................................................. 12

*Dig. Equip. Corp. v. Elec. Memories & Magnetics Corp.*,
    452 F. Supp. 1262 (D. Mass. 1978). ...................................................... 20

*Dover Corp. v. Fisher Governor Co.*,
    221 F. Supp. 716, 720 (S.D. Tex. 1963) ............................................. 8, 17

*EnviroGLAS Prods. v. EnviroGLAS Prods., LLC*,
    705 F. Supp. 2d 560 (N.D. Texas 2010) .................................................. 9

*Eolas Techs., Inc. v. Adobe Sys. Inc.*,
    2010 WL 3835762 (E.D. Tex. Sept. 28, 2010) ...................................... 26

*Fielding v. Hubert Burda Media, Inc.*,
    415 F .3d 419 (5th Cir. 2005) ...................................................... 5, 11, 29

*General Foods Corp. v. Carnation Co.*,
    411 F.2d 528 (7th Cir. 1969) ................................................................ 18

*Gorman v. Ameritrade Holding Corp.*,
    293 F.3d 506 (D.C. Cir. 2002) ............................................................. 13

*Graftech Int'l Holdings, Inc. v. GC & Co., Ltd.*,
    Case No. 12-cv-720, Dkt. No. 39 (E.D. Tex. April 8, 2014) ................. 30

*GTE New Media Servs. Inc. v. BellSouth Corp.*,
    199 F.3d 1343 (D.C. Cir. 2000) ........................................................... 13

*Hayashi v. Red Wing Peat Corp.*,
    396 F.2d 13 (9th Cir. 1968) ................................................................. 11

*Hoover Grp., Inc. v. Custom Metalcraft, Inc.*,
    84 F.3d 1408 (Fed. Cir. 1996) ............................................................. 16

*In re Apple Inc.*,
    743 F.3d 1377 (Fed. Cir. 2014) ........................................................... 23

*In re Genentech Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009) ........................................................... 24

*In re Google*,
    2011 U.S. App. LEXIS 4381 (Fed. Cir. 2011) ..................................... 25

*In re Hoffman-LaRoche*,
    587 F.3d 1333 (Fed. Cir. 2009) ........................................................... 27

*In re Nintendo Co.*,
    589 F.3d 1194 (Fed. Cir. 2009) ........................................................... 10

*In re Volkswagen of Am. Inc.*,
    545 F.3d 304 (Fed. Cir. 2008) ..................................................... 1, 5, 10

*In  re Volkswagen  of Am., Inc.*,
    566 F.3d 1349 (Fed. Cir. 2009) ............................................. 2, 3, 10, 25

SOVERAIN IP, LLC v. TARGET CORP.
OPP. TO MTD FOR VENUE OR TRANSFER

*In re Wells Fargo Wage & Hour Employment Practices Litig. (No. III)*,
2012 U.S. Dist. LEXIS 112769 (S.D. Tex. Aug. 10, 2012)............................................. 21

*Ingeniador, LLC v. Adobe Sys.*,
2014 U.S. Dist. LEXIS 3308 (E.D. Tex. Jan. 10, 2014) ............................................... 27

*Innovative Automation, LLC v. Audio Video and Video Labs, Inc., et al.*,
Case No. 11-cv-234, Dkt. No. 189 (E.D. Tex. April 3, 2012) ......................................... 11

*Leesona Corp. v. Cotwool Mfg. Corp.*,
201 F. Supp. 472 (D.S.C. 1962) ....................................................................................... 18

*Littlejohn v. Shell Oil Co.*,
483 F.2d 1140 (5th Cir.) ................................................................................................... 12

*Metcalfev. Renaissance Marine, Inc.*,
566 F.3d 324 (3d Cir. 2009) ............................................................................................. 12

*MobileMedia Ideas LLC v. HTC Corp.*,
Case No. 1:20-cv-112, Dkt. No. 84 (E.D. Tex. Sept. 15, 2011) ........................................ 6

*Mohamed v. Mazda Motor Corp.*,
90 F. Supp. 2d 757 (E.D. Tex. 2000) ................................................................................ 24

*Norman IP Holdings, LLC v. Lexmark, Inc.*,
2012 WL 3307942 (E.D. Tex. August 10, 2012) ................................................................ 3

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
626 F.3d 1222 (Fed. Cir. 2010) ........................................................................................ 31

*Orchid Biosciences, Inc. v. St. Louis Univ.*,
198 F.R.D. 670 (S.D. Cal. 2001) ...................................................................................... 31

*OrthoAccel Techs., Inc. v. Propel Orthodontics, LLC*,
2016 U.S. Dist. LEXIS 90615 (E.D. Tex. July 13, 2016) ................................................ 31

*Parker v. Silverleaf Resorts, Inc.*,
2017 U.S. Dist. LEXIS 65638 (N.D. Tex. May 1, 2017) ................................................. 21

*Raytheon Co. v. Cray, Inc.*,
2017 U.S. Dist. LEXIS 100887 (E.D. Tex. June 29, 2017) ..................................... *passim*

*Sanderson v. Spectrum Labs, Inc.*,
2000 U.S. App. LEXIS 34058 (7th Cir. 2000) ................................................................ 11

*Secure Axcess, LLC v. Trustmark Nat'l Bank*,
2014 U.S. Dist. LEXIS 108789 (E.D. Tex. Aug. 7, 2014) ........................................ 16, 30

*Silicon Labs. Inc. v. Maxlinear, Inc.*,
Case No. 12-cv-692, Dkt. No. 24 (E.D. Tex. October 11, 2012) ............................. 11, 30

*Steinbuch v. Cutler*,
518 F.3d 580 (8th Cir. 2008) ........................................................................................... 13

*Summit 6 LLC v. HTC Corp., et al.*,
2014 WL 4449821 (N.D. Tex. Sept. 10 2014) ................................................................ 22

*TC Heartland LLC v. Kraft Foods Group Brands LLC,*
    __ S. Ct. __, 2017 U.S. LEXIS 3213 (U.S. May 22, 2017). ............................................. 14

*Tex. Data Co., L.L.C. v. Target Brands, Inc.,*
    771 F. Supp. 2d 630 (E.D. Tex. Jan. 12, 2011).................................................. 10

*Toys "R" Us, Inc. v. Step Two, S.A.,*
    318 F.3d 446 (3d Cir. 2003)........................................................................... 29

*TQP Development, LLC v. AFLAC Inc., et al.,*
    Case No. 11-cv-00397, Dkt. No. 234 (E.D. Tex. October 15, 2012) .............................. 30

*Vertical Computer Sys., Inc. v. LG Electr. MobileComm U.S.A., Inc.,*
    2013 WL 2241947 (E.D. Tex. May 21, 2013) ............................................................. 24

## Rules

Fed. R. Civ. P. 12(b)(3)............................................................................................... 1

Fed. R. Civ. P. 12(b)(6)............................................................................................ 5, 7

## Statutes

28 U.S.C. § 1400(b) ....................................................................................... *passim*

28 U.S.C. § 1404(a) ........................................................................................... 2, 8

28 U.S.C. § 1406(a) ................................................................................................. 1

35 U.S.C. § 101 ..................................................................................................... 3

35 U.S.C. § 271................................................................................................ 6, 13, 14

## Other Sources

4 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* (3d ed. 2004) ........ 23

## I.   INTRODUCTION

Soverain IP, LLC ("Plaintiff" or "Soverain") respectfully requests the Court deny Target Corporation's ("Defendant" or "Target") Motion to Dismiss for Improper Venue or, in the alternative, to Transfer (Dkt. 59, hereinafter ("Motion" or "Mot.")). Soverain's Complaint properly pleads venue as to Target.  Target does not challenge that is has a regular and established physical presence in the District.  Incredibly, despite offering its infringing website in the Eastern District of Texas and boasting that its website receives over 21 million unique visitors each month, Target claims that the infringing website is not "used, sold, or offered for sale" in the District.  Mot. at 3.  When requested to provide venue discovery relating to this claim, Target responded that it was "not inclined to agree to early discovery."  Declaration of Daniel P. Hipskind ("Hipskind Decl.") Ex. 1 at 1.  Target fails to establish that venue is improper in this District pursuant to Federal Rule of Civil Procedure 12(b)(3).

Target's alternative requested relief of a transfer of the case to the District of Minnesota should also be denied.  Target comes nowhere near to carrying the "significant burden" required to show that the District of Minnesota is a "clearly more convenient venue."  *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 314, n.10, 315 (Fed. Cir. 2008) (cert. denied) ("*Volkswagen II*"). Examination of the relevant factors for transfer shows that transfer is not in the interest of justice.

***Sources Of Proof Counsel Against Transfer***.  Target and its declarant neglect to inform the Court of relevant sources of proof, including: (1) Target employees located in Texas involved in the infringing products – these individuals are likely to have relevant documents; (2) documents and witnesses located at Target's offices outside the District of Minnesota, including Pittsburgh; and (3) Soverain's presence in McKinney, Texas.  Target's identification of witnesses and documents is, at best, cherry-picked.  After receiving Target's Motion, Soverain

Page 1 of 27

requested early, expedited discovery relating to facts relevant to the venue issues raised in Target's Motion.  Importantly, Target refused to provide any discovery relating to venue before Soverain was forced to respond to its motion.  Hipskind Decl. Ex. 1.  Venue discovery could lead to the identification of relevant party witnesses and third party witnesses for whom this District is more convenient than the District of Minnesota. Defendant's refusal to provide discovery raises questions about the true convenience of the District of Minnesota as a forum.

Defendant's Motion attempts to gloss over the convenience of its preferred venue with regard to the 12 other cases also involving the patents-in-suit currently pending before this Court. Target merely states that, "on information and belief, under *TC Heartland*, Target believes venue would be improper for most if not all of those other lawsuits."  Mot. at 12.  Target fails to explain this conclusory assertion.  Soverain, on the other hand contends that venue is proper as to all 13 currently-pending cases, even in light of the Supreme Court's recent decision in *TC Heartland*.  Whether transfer would result in multiple courts adjudicating the same or similar issues is a "paramount consideration" in determining whether a "transfer is in the interests of justice." *See In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*Volkswagen III*").  Defendant wants to transfer to the District of Minnesota.  Several co-defendants have not requested to transfer venue, including at least Microsoft Corporation (Dkt. 31); Datapipe, Inc. (Dkt. 44); SDL International America Inc. (Dkt. 47); and Kohl's (Dkt. 64).

Defendant's purported interest in having this case adjudicated in Minnesota should not trump judicial economy and Soverain's interest in having its claims adjudicated by a Court that is handling 12 related cases involving common issues of fact and law. Indeed, § 1404(a) was designed to prevent the exact waste of judicial time and resources Defendant proposes with its requested transfer. *See Volkswagen III*, 566 F.3d at 1351 ("To permit a situation in

Page 2 of 27

which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.").

Notably, Defendant fails to address the highly illuminative decision of *Norman IP Holdings, LLC v. Lexmark, Inc.*, 6:12-cv-508, 2012 WL 3307942 (E.D. Tex. August 10, 2012) (Davis, C.J, ret.). There, the Court set forth at great length the vast number of transfer motions filed in the Eastern District of Texas, including transfers granted. *Id.* at *5, notes 4 & 5. The Court noted the great expenditures being made on such motions, expenditures that seemed out of proportion for an issue "that does not move the ball down the field, but only seeks a new field upon which to play." *Id.* at 5. The same is true here.

The suits filed by Soverain involve the same patents-in-suit and similar accused technology.  All cases are assigned to Judge Schroeder and Magistrate Judge Payne. Many of the same issues that are raised by Soverain's complaint against Target will be decided by this Court in these related proceedings, including: claim construction, any invalidity defenses pursuant to 35 U.S.C. §§ 101; 102; 103; and 112, and damages issues relating to an appropriate reasonable royalty owed to Soverain.

All told, the private factors disfavor transfer.

- Sources of Proof are At Best Neutral. Defendant emphasizes that its sources of proof are in Minnesota. However, it has refused venue discovery, so it is unclear whether other sources of proof exist and the location of any other sources of proof. Soverain's principal place of business is in McKinney, Texas, and the third-party inventors are located in Massachusetts.
- The Availability of Compulsory Process Weighs Against Transfer. Other than the inventors of the patent-in-suit, who are not in Minnesota, no third-party witnesses have been identified at this time. Because Defendant has refused venue discovery, it

is unclear whether other third-party witnesses may reside within 100 miles of this District.

- The Cost of Attendance of Willing Witnesses Weighs Against Transfer. Defendant fails to identify any third-party witnesses and has refused venue discovery. Defendant also fails to address the increased burden to Soverain, the third-party inventors, and other third parties that would arise from parallel proceedings in multiple venues. This factor weighs strongly against transfer.

- Judicial Economy and Practicable Problems Weigh Heavily Against Transfer. Target attempts to gloss over this factor, completely ignoring the substantial judicial economy and other benefits that result in the same court adjudicating all thirteen lawsuits related to the same patents. The other Defendants are scattered across the country in California, Washington, Illinois, Louisiana, Arkansas, and New York. At least four other defendants have not moved to transfer. It is not more convenient for these defendants to travel to the District of Minnesota, and litigating the same patents in multiple venues is an extreme waste of judicial resources. This "paramount consideration" weighs heavily against transfer.

The public factors are neutral or weigh against transfer.

- Transfer of One of Thirteen Related Cases Increases Court Congestion. Target fails to offer any argument on this issue, but rather attempts to minimize its importance and offer the conclusory assertion that this factor is neutral.  However, this Court is well-versed in handling complex patent matters and is most likely to adjudicate a multi-party, multi-patent case efficiently.

- This District Has A Local Interest In This Case. This District has a compelling interest in the case given Target's significant presence in terms of physical locations, employees, and customers utilizing the infringing website within this Dstrict, and presence of Soverain in McKinney, Texas.

A new venue must be "*clearly* more convenient" for transfer to be appropriate.

*Volkswagen II*, 545 F.3d at 315 (emphasis added). At best, Target's arguments establish that the

Page 4 of 27

Soverain IP, LLC v. Target Corp.
Opp. to MTD for Venue or Transfer

District of Minnesota is a slightly more convenient venue *for Target*. It fails to show that that Minnesota would be clearly more convenient for all parties and third parties.  Accordingly, Soverain respectfully requests that the Court deny Target's alternative request to transfer this case to the District of Minnesota.

In the alternative, Soverain requests the Court Order Target to provide venue and jurisdictional discovery.  Fifth Circuit precedent is clear that where "a plaintiff presents factual allegations" showing with "reasonable particularity the possible existence" of jurisdiction, "the plaintiff's right to conduct jurisdictional discovery should be sustained." *Fielding v. Hubert Burda Media, Inc.,* 415 F .3d 419, 429 (5th Cir. 2005) (internal citation omitted).  Any argument that Soverain is not entitled to discovery has been described by courts facing similar arguments as "almost certainly unsound." *Blessey Marine Servs. v. Jeffboat, LLC,* 2011 U.S. Dist. LEXIS 13434, at *20 (E.D. La. Feb. 10, 2011) ("Defendant's argument that jurisdictional discovery should not take place is therefore unpersuasive and, in light of Fifth Circuit case law, *almost certainly unsound*.") (emphasis added).  Venue discovery is also necessary for Soverain to defend against Target's request to transfer venue, which is based upon the cherry-picked facts put forward by Target. *MobileMedia Ideas LLC v. HTC Corp.*, Case No. 1:20-cv-112, Dkt. No. 84, slip op. at 2 (E.D. Tex. Sept. 15, 2011).  Target's Motion lacks merit, but to the extent doubt remains, limited jurisdictional discovery will show that venue is proper as to Target and transfer to Minnesota unwarranted.

## II.   STATEMENT OF FACTS

Soverain filed its patent infringement complaint against Target on April 12, 2017.  (C.A. No. 17-cv-307, Dkt. No. 1.)  Rather than answering the Complaint, on June 20, 2017, Target filed a motion to dismiss based on improper venue and in the alternative transfer to the District

of Minnesota.  (C.A. No. 17-cv-204,[1] Dkt. No. 59.)  On June 15, 2017, the Court set a scheduling

conference for July 19, 2017.  (Dkt. No. 36.)

Subsequent to Target filing its motion to dismiss on venue grounds or, in the alternative,

transfer, Soverain sought an agreement with Target that would allow the parties to develop the

factual record relating to Target's venue and transfer motion before the Court was forced to

expend resources considering it.  On June 21, 2017, Soverain proposed that the parties agree to a

briefing schedule that would permit Soverain to take limited jurisdictional discovery relating to

venue.  Hipskind Decl., Ex. 1 at 3-4.  Soverain proposed that the parties complete limited venue

discovery so the Court could be provided with a more complete factual record.  *Id.*   On July 11,

2017, counsel for Target rejected Soverain's proposal.  *Id.* at 1.  Given Target's refusal to

provide venue discovery, Soverain has been forced to oppose Target's motion, absent facts that

are exclusively in Target's control.

## III.    LEGAL STANDARD

In patent infringement actions, venue is proper "in the judicial district where the

defendant resides, or where the defendant has committed acts of infringement and has a regular

and established place of business."  28 U.S.C. § 1400(b).  Target does not contest that it has a

regular and established place of business in the Eastern District of Texas.  Mot. at 4-5.  Pleading

direct or induced infringement in the district is sufficient to plead acts of infringement in a

venue.  *See, e.g. Raytheon Co. v. Cray, Inc.*, Civil Action No. 2:15-CV-01554-JRG, 2017 U.S.

Dist. LEXIS 100887, at *1 (E.D. Tex. June 29, 2017) ("Under 35 U.S.C. § 271, an 'act of

---

[1] On June 6, 2017, the Court entered a Consolidation Order, consolidating this case with the lead case, *Soverain IP, LLC v. Microsoft Corporation*, C.A. No. 17-cv-204, Dkt. No. 16.  Unless explicitly referred to otherwise, all further citations to "Dkt. No." refer to Docket Entries in the Lead Case, C.A. 17-cv-204.

infringement' includes making, using, offering to sell, or selling a patented invention, or inducing such conduct.  Thus, an allegation that a defendant has committed one of those acts in the district is sufficient to satisfy this requirement of the venue statute"); *Dover Corp. v. Fisher Governor Co.*, 221 F. Supp. 716, 720 (S.D. Tex. 1963) (finding pleading of inducement in district sufficient to satisfy venue pleading); *Gould-Nat'l Batteries v. Sonotone Corp.*, No. 60 C 1764, 1961 U.S. Dist. LEXIS 3968, at *11 (N.D. Ill. May 19, 1961) (same).

### A.  The Pleading Requirements For Venue Are Low.

The standard for pleading venue is low; "[e]ven a perfunctory statement about venue will suffice."  *ATO RAM II, Ltd. v. SMC Multimedia Corp.*, 2004 U.S. Dist. LEXIS 5810, at *11 (S.D.N.Y. Apr. 6, 2004).  *See also Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982) ("'[I]t is not necessary . . . for the plaintiff to include allegations showing the venue to be proper.' . . . It logically follows therefore that on a motion for dismissal for improper venue under Rule 12 the movant has the burden of proving the affirmative defense asserted by it." (quoting Fed. R. Civ. P. Form 2, Advisory Committee note 3)).

The Fifth Circuit has not determined whether defendants or plaintiff bear the burden of proof on a motion regarding improper venue. *Raytheon*, 2017 U.S. Dist. LEXIS 100887 at *7. Unlike a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), in deciding a motion to dismiss pursuant to Rule 12(b)(3) "[t]he court may look outside of the complaint and its attachments and review the complaint supplemented by the undisputed facts evidenced in the record or by undisputed facts plus the court's resolution of disputed facts."  *EnviroGLAS Prods. v. EnviroGLAS Prods., LLC*, 705 F. Supp. 2d 560, 567 (N.D. Texas 2010) (citing *Ambracco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009)).

When analyzing the facts pled in the complaint in the context of a Rule 12(b)(3) motion to dismiss, "'the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff.'" *Id.* at 567-68 (quoting *Braspetro Oil Services Co. v. Modec (USA), Inc.*, 240 Fed. Appx. 612, 615 (5th Cir. 2007)).

## B.  Defendants Seeking Transfer Face A Significant Burden.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a). Target bears "a significant burden . . . to show good cause" to support its motion to transfer. *In re Volkswagen II*, 545 F.3d at 314 n. 10; *see also Tex. Data Co., L.L.C. v. Target Brands*, *Inc.*, 771 F. Supp. 2d 630, 638-39 (E.D. Tex. Jan. 12, 2011) ("the Court … recognizes the significance of the burden and does not take it lightly").  Defendant must "satisfy the statutory requirements and *clearly demonstrate* that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Volkswagen II*, 545 F.3d at 315 (emphasis added).

The Federal Circuit has found that creating parallel lawsuits in different jurisdictions is a "paramount consideration" weighing against transfer.  *See Volkswagen III*, 566 F.3d at 1351. The first inquiry when analyzing a case's eligibility for a §1404(a) transfer is whether the suit could have originally been brought in the proposed transferee district.  *See Volkswagen II*, 545 F.3d at 312.  Soverain does not dispute that its suit against Target could have been brought in the District of Minnesota.  Next, Defendant has the burden of proving that the transferee venue is "clearly more convenient" than the transferor venue.  *In re Nintendo Co.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009).  Determining whether Defendant has met its significant burden involves the consideration of various private and public interest factors, as discussed below.  *Volkswagen II*, 545 F.3d at

315.  The factors are not exhaustive or exclusive, and no one factor "can be said to be of dispositive weight." *Id.*

### C.  Granting Jurisdictional And Venue Discovery Is Strongly Favored.

Numerous cases in the Fifth Circuit have found that where a plaintiff has made "a preliminary showing of jurisdiction a lower standard than a prima facia case," the "plaintiff's right to conduct jurisdictional discovery should be sustained." *Silicon Labs. Inc. v. Maxlinear, Inc.,* Case No. 12-cv-692, Dkt. No. 24 at 2 (E.D. Tex. October 11, 2012) (quoting *Fielding*, 415 F .3d at 429).[2]

Fifth Circuit law holds that where a plaintiff presents a non-frivolous claim of jurisdiction and requests jurisdictional discovery, discovery is allowed.  *See Blanco v. Carigulf Lines*, 632 F.2d 656, 657 (5th Cir. 1980) (asserting that "this court has held that where the record left in doubt questions upon which jurisdiction could be based plaintiff … had the right to employ interrogatories to develop fully the necessary facts"); *Littlejohn v. Shell Oil Co.*, 483 F.2d 1140, 1146 (5th Cir.) (*en banc), cert. denied*, 414 U.S. 1116 (1973) (reversing the denial of

---

[2] Courts at every appellate level have confirmed that the standard for ordering venue discovery is identical to that for ordering personal jurisdiction discovery.  "We believe the same principles apply to a plaintiff's attempt to establish proper venue." *Broadway Nat'l Bank v. Plano Encryption Techs., LLC,* 173 F. Supp. 3d 469, 481 (W.D. Tex. 2016) (quoting *Sanderson v. Spectrum Labs, Inc.*, 2000 U.S. App. LEXIS 34058, 2000 WL 1909678, at *3 (7th Cir. 2000)); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n. 13 (1978) (explaining that discovery is not limited to the merits of a case, "[f]or example, where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."); *Innovative Automation, LLC v. Audio Video and Video Labs, Inc., et al.,* Case No. 11-cv-234, Dkt. No. 189 at 2 (E.D. Tex. April 3, 2012) (ordering venue discovery "[b]ased on the record presented, the Court cannot conclude that venue is proper in this District under Section 1400(b). . . . Accordingly, the Court will provide Innovative with the opportunity to conduct jurisdictional discovery as it relates to venue."); *Hayashi v. Red Wing Peat Corp.*, 396 F.2d 13, 14 (9th Cir. 1968) ("Of course the trial court may permit discovery on [a motion to dismiss for improper venue] and indeed should do so where discovery may be useful in resolving issues of fact presented by the motion, particularly since  . . . the relevant evidence is peculiarly within the movant's possession").

jurisdictional discovery even though the plaintiff had agreed in writing that discovery would not take place until after the district court ruled on the defendants' motions to dismiss); *Davis v. Asano Bussan Co*., 212 F.2d 558, 564-65 (5th Cir. 1954) (holding that "the plaintiff was not required to rely exclusively on affidavits furnished by the defendants for answer to that question [of personal jurisdiction], but had a right to employ interrogatories to develop [the jurisdictional question] fully" and asserting that "the district court … should have received the complete information called for by the interrogatories before entering final judgment.") (emphasis added).[3]

Granting venue discovery for the purposes of opposing a motion to transfer venue is also favored.  "[Defendant] cannot selectively include facts it asserts support a change of venue while refusing to provide reasonable discovery regarding the true nature and extent of its operations within the State." *MobileMedia Ideas LLC v. HTC Corp.*, Case No. 1:20-cv-112, Dkt. No. 84, slip op. at 2 (E.D. Tex. Sept. 15, 2011). In *MobileMedia Ideas*, Judge Ward denied the

---

[3] This view accords with the law in other numerous other Circuits. *See, e.g.*, *Metcalfev. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009) (noting that "if 'the plaintiff's claim is not clearly frivolous [as to the basis for personal jurisdiction], the district court should ordinarily allow discovery on jurisdiction'" (quoting *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983))); *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (noting that jurisdictional discovery "may be appropriately granted . . . where a more satisfactory showing of the facts is necessary" (quoting *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977))); *Blair v. City of Worcester*, 522 F.3d 105, 111 (1st Cir. 2008) (noting that "the threshold showing that a plaintiff must present to the district court to merit limited discovery is relatively low" as a plaintiff need only "demonstrate the existence of a plausible factual disagreement or ambiguity"); *Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008) (allowing jurisdictional discovery even though the plaintiff had not "adduced sufficient proof for a prima facie case" of personal jurisdiction, but had "offered documentary evidence, and not merely speculations or conclusory allegations" of the defendant's contacts with the forum state); *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 513 (D.C. Cir. 2002) (holding that jurisdictional discovery should be allowed if the plaintiff "has 'demonstrate[d] that it can supplement its jurisdictional allegations through discovery'" (quoting *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000))).

defendant's transfer motion without prejudice to later file it because "Plaintiff ha[d] not been provided necessary facts it needs to defend its position on the motion to transfer to the Northern District of California." *Id.*

## IV.   ARGUMENT

### A.   Soverain's Complaint Is More Than Sufficient To Show Venue Is Proper As To Target.

Soverain's Complaint makes a preliminary showing that venue is proper. "Even a perfunctory statement about venue will suffice." *ATO RAM II, Ltd. v. SMC Multimedia Corp.*, 2004 U.S. Dist. LEXIS 5810, at *11 (S.D.N.Y. Apr. 6, 2004). The Complaint goes beyond "perfunctory," explaining that venue is proper because "Defendant Target, directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the patents-in-suit." Dkt. 1 ¶ 34.

Venue is proper if Soverain establishes either (1) that Target resides in the Eastern District of Texas, or (2) that Target has committed acts of infringement and has a regular and established place of business in the Eastern District of Texas. *See* 28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Foods Group Brands LLC*, __ S. Ct. __, 2017 U.S. LEXIS 3213, at **6 (U.S. May 22, 2017). In *TC Heartland*, the Supreme Court held that a "domestic corporation 'resides' only in its State of incorporation . . . ." *Id.* at **6-7. Soverain acknowledges in its complaint that Target is a Minnesota corporation. Dkt. 1 at ¶ 32. In its Motion, Target has not challenged that it has "a regular and established place of business in this District" for venue purposes, and instead has argued only that it has not "committed acts of infringement" in this District. Mot. at 6-8.

However, Soverain shows that venue is proper in the Eastern District of Texas because Target has committed acts of infringement in the Eastern District of Texas and has a regular and established place of business in the Eastern District of Texas.  Soverain makes the following factual allegations sufficient to support a preliminary showing of venue:

- "Target is registered to do business in the State of Texas, has offices and facilities in the State of Texas."  *Id.*, ¶ 34.
- "Target . . . actively directs its activities to customers located in the State of Texas."  *Id.*
- "Target has committed acts within the Eastern District of Texas giving rise to this action."  *Id.*
- "Target, directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the patents-in-suit." *Id.*
- Target "has transacted business in the Eastern District of Texas and has committed acts of direct and indirect infringement in the Eastern District of Texas." *Id.*, ¶ 35.

Despite Target's claim, Soverain is not required to plead all facts that may be relevant to venue including acts of infringement in the District.  As Judge Gilstrap recognized in *Raytheon v. Cray*, this allegation is sufficient to establish that venue is proper.

> Although the statute uses the phrase "act of infringement," courts have "consistently held that an *allegation* of infringement is itself sufficient to establish venue and [the] plaintiff is not required to demonstrate actual infringement by [the] defendant[]." *Funnelcap, Inc. v. Orion Indus., Inc.*, 392 F. Supp. 938, 943 (D. Del. 1975) (emphasis added).  Under 35 U.S.C. § 271, an "act of infringement" includes making, using, offering to sell, or selling a patented invention, or inducing such conduct. ***Thus, an allegation that a defendant has committed one of those acts in the district is sufficient to satisfy this requirement of the venue statute.***

*Raytheon Co. v. Cray, Inc.*, Civil Action No. 2:15-CV-01554-JRG, 2017 U.S. Dist. LEXIS 100887, at *10-11 (E.D. Tex. June 29, 2017) (emphasis added).

Soverain need plead only "ultimate facts that sufficiently allege venue so as to sustain the Court's jurisdiction."  *Hoover Grp., Inc. v. Custom Metalcraft, Inc*., 84 F.3d 1408, 1410 (Fed. Cir. 1996) (internal quotation and citation omitted); see also *Dale v. Frankel*, 131 F. Supp. 2d 852, 862 n.9 (S.D. Miss. 2001)  ("The court, however, is aware of no requirement that plaintiffs

specifically plead all the facts that are potentially relevant to venue and jurisdiction. It is sufficient that they generally identify the basis for venue and jurisdiction and that, if and/or when venue or jurisdiction is challenged, they then adduce the relevant facts.").[4]

Soverain has generally identified the basis for venue by noting Target transacts business in this District and commits acts of infringement in this District.  (Dkt. 1, ¶¶ 34, 35, 65, 92, 114.) These ultimate facts sufficiently make a preliminary showing that venue is proper in this District and the Court's venue inquiry can end here.

### 1)   Target Has Committed Acts Of Infringement In The District.

Target argues that Soverain has not adequately pled that Target infringes in this District. Mot. at 6-8.  Target ignores the facts surrounding the accused products as well as Soverain's pleadings.  The infringing Target products (e.g., the Target.com website) is made available throughout the District to Target customers.  Specifically, when a user located in the District requests the infringing Target website, the website is offered to users located in the District.  By serving the infringing webpages to users located in this District, Target commits acts of direct infringement in the District.

Moreover, and at a minimum, Soverain also pleads that Target's customers directly infringe by performing the infringing methods accused of infringement, and Target induces that infringement by providing its customers with, *inter alia*, instructions on how to use the system in a way that infringes the claims.  Dkt. 1 at ¶¶ 76-78, 97-99 (alleging induced infringement). These indirect infringement pleadings, combined with Soverain's assertion that Target has "committed

---

[4] *See also Secure Axcess, LLC v. Trustmark Nat'l Bank*, 2014 U.S. Dist. LEXIS 108789, at *7 (E.D. Tex. Aug. 7, 2014) (holding that where a party pled a conclusory allegation that rebutted a Rule 12(b)(3) motion, the Plaintiff had made a "'preliminary showing of jurisdiction,' such that its jurisdictional allegation can be supplemented through discovery.").

SOVERAIN IP, LLC v. TARGET CORP.
OPP. TO MTD FOR VENUE OR TRANSFER

acts of direct *and indirect infringement in the Eastern District of Texas*" (emphasis added) clearly plead that, at minimum, Target's customers in this District directly infringe the patents-in-suit, and that Target induces that infringement.

Such a pleading satisfies §1400(b)'s requirement that the "defendant has committed acts of infringement" in this District. *See, e.g. Raytheon*, 2017 U.S. Dist. LEXIS 100887 at \*12 ("the Court will accept Raytheon's allegation that Cray induced users in this District to infringe the Asserted Patents.  That conduct is sufficient to constitute an 'act of infringement' under § 1400(b)."); *Dover Corp.*, 221 F. Supp. at 720 ("it reasonably and logically follows that the venue for this type of infringement was also intended to rest where the 'wrong' occurred.  I therefore hold active inducement under Section 271(b) to be an infringing act for the purposes of Section 1400(b)."); *Leesona Corp. v. Cotwool Mfg. Corp.*, 201 F. Supp. 472, 474 (D.S.C. 1962) ("If the tortious conduct, that is the acts aiding or inducing the infringement, are performed by defendants in this district, the requirement of the venue statute is fulfilled, so long as defendants have a regular and established place of business in this district, as is the case here."); *Gould-Nat'l Batteries*, 1961 U.S. Dist. LEXIS 3968 at \*11 ("I conclude that actively inducing infringement under 35 U.S.C.A., Section 271(b) is an infringing act for purposes of the venue statute, 28 U.S.C.A., Section 1400(b).").  Because Soverain pleads that Target induces infringement in this District and Target does not dispute that Target has a "regular and established place of business" in this District, venue is clearly proper as to Target.

### 2)      Venue Is Proper As To Each Of The Patents-In-Suit.

Target claims that venue is improper as "Soverain has not even alleged use of a claimed system or method in the Eastern District of Texas."  Mot. at 7.  However, the Complaint alleges that there is direct and induced infringement by Target of U.S. Patent Nos.: 7,191,447 ("the '447

patent") and 8,606,900 ("the '900 patent").  Dkt. 1 ¶¶ 74-78, 95-99.[5]   And, the Complaint alleges that there is direct infringement by Target of U.S. Patent No. 5,708,780 ("the '780 patent").  Dkt. 1. ¶¶ 126-127.   Further, the infringing products (the Target.com Website and associated technologies) is a system that is made available and offered to customers in the Eastern District of Texas.  Dkt. 1 ¶¶ 65, 92, 114 (The accused products "are provided to businesses and individuals located in the Eastern District of Texas.").

Target's claim that "Target is not promoting sales of its website, and Target has no reason to provide marketing materials, user manuals or other training to individuals on the normal and customer use of the website," is contradicted by publicly available facts.  Mot. at 8 (quotations omitted).  For example, Target promotes its website through social media and video advertising.  Hipskind Decl. Exs. 2 and 3 (showing Target.com's Facebook Page and Target.com Video Commercials available on YouTube).  Further, Target provides training materials on how to use the Target.com website.  Hipskind Decl. Exs. 4 (showing Target's website "help.target.com" which is dedicated to providing training on using Target.com).

The cases cited by Target are easily distinguishable from the facts here.  In *Case v. Goodyear*, the defendant had not sold any of the accused products in the District or alleged any inducement in the District.  *Case v. Goodyear Tire & Rubber Co.*, No. 82-1617-T, 1983 U.S. Dist. LEXIS 16596, at *2 (D. Mass. May 31, 1983) ("Case does not even allege that the company in Illinois to which Goodyear sold the products used them in this district . . . Nor has

---

[5] Target's claim that there cannot be both indirect and direct infringement of the same patent (Mot. at 8) ignores the patents-in-suit having both system and method claims.  As venue is determined on a patent-by-patent basis and is not specific to a claim, venue is proper even where a method claim might not be infringed in the district but a system claim in the same patent is infringed in the district.  *See General Foods Corp. v. Carnation Co*., 411 F.2d 528 (7th Cir. 1969).

SOVERAIN IP, LLC V. TARGET CORP.
OPP. TO MTD FOR VENUE OR TRANSFER

Case shown any inducement of infringement in this district.").  In contrast, Soverain alleges that the accused product has been used in the District and offered to Target's customers in the District.

Similarly, *Dig. Equip. Corp. v. Elec. Memories & Magnetics Corp.,* involved a set of facts where the infringing product had never been demonstrated in the District.

> On this precedent, I find that EMM's activities in this district do not amount to the acts of infringement required by Section 1400(b). The accused SECS-11 has never been demonstrated or even physically present in Massachusetts. No sale of the SECS-11 has arisen from EMM's activities here. I cannot accept DEC's argument that distribution of technical brochures describing the SECS-11 is the equivalent of demonstrating the product because of the common customer practice of basing a decision to purchase a data processing system on the written description alone

*Dig. Equip. Corp. v. Elec. Memories & Magnetics Corp.*, 452 F. Supp. 1262, 1266 (D. Mass. 1978).

In contrast, Soverain has pled that the accused product, the Target.com website, is offered to customers in the District and is accessed by customers in the District.

Target's reliance on *A Stucki Co. v. Bethlehem Steel Corp.*, is similarly misplaced.  The Court's opinion was expressly based on a third party who was committing the infringement under the management of the Defendant.  "Plaintiff argues that the alleged acts of infringement which occurred in this district were, in fact, approved, controlled and supervised by defendant from its principal offices in the Eastern District.  In plaintiff's estimation, presumably, these acts are sufficient infringement."  *A. Stucki Co. v. Bethlehem Steel Corp.,* No. 76-247, 1978 U.S. Dist. LEXIS 20176, at *2 (W.D. Pa. Jan. 1, 1978).  Soverain, in contrast, pleads that it is Target (not a third party under Target's management) that is making the Target.com website available in the District.

**B.      Transfer To The District Of Minnesota Is Not Clearly More Convenient.**

**1)      Private Interest Factors.**

Defendant has not shown that the District of Minnesota is a *clearly* more convenient

venue for this case.  Indeed, Defendant has blocked Soverain's request for venue discovery,

which would help clarify Defendant's assertions. When properly analyzed, the private interest

factors do not favor transfer.

**(1)  Relative Ease Of Access To Sources Of Proof.**

Defendant focuses solely on its office in Minneapolis, Minnesota, ignoring the locations

of other sources of proof.  Target ignores Soverain's documents and witnesses in its analysis, but

more troubling, Target ignores its own sources of proof that do not aid its present motion.

Defendant has refused venue discovery, frustrating Soverain's attempts to ascertain whether any

important third party witnesses and documents exist in or near this District and the actual

location of Target's sources of relevant information.  Target's declarant testifies that "all

employees in the U.S. who work on the development and maintenance of the www.target.com

and its associated hardware and software are located in Minneapolis, Minnesota or Sunnyvale,

California." Dkt. 59-1 at 2.[6]  However, based upon Target's job listings, significant activity

relating to its online sales (i.e., use of the Target.com website) is conducted in Pittsburgh,

Pennsylvania.  Hipskind Decl. Exs. 6-8.  Further, Target maintains a fulfillment center in this

District in Tyler, Texas.  *Id.* Ex. 9-10.  Because of Target's significant integration of its physical

stores, which Target concedes are within this District, and its fulfillment centers to fulfill online

---

[6] Target's declaration should be given little to no weight given its refusal to allow venue
discovery, including the deposition of Ms. Preble.  *See, e.g., Parker v. Silverleaf Resorts, Inc.*,
2017 U.S. Dist. LEXIS 65638, at *34 n.13 (N.D. Tex. May 1, 2017) (giving "happy camper
declarations" "limited weight") (citing *In re Wells Fargo Wage & Hour Employment Practices
Litig. (No. III)*, 2012 U.S. Dist. LEXIS 112769, at *13 (S.D. Tex. Aug. 10, 2012)).

orders (Hipskind Decl. Exs. 11-12), information and witnesses relating to the use of the websites and revenue information relating to damages are likely within this District.  Under the circumstances, this factor is at best neutral with regards to transfer.

Notably, Defendant's own Motion is silent about which of its witnesses will allegedly be inconvenienced by litigating in this District.  Target does not identify any witnesses by name, and Target's Motion is vague as to how many and which of its employees have any bearing on this case.  It is difficult to see how one plane flight and at most a couple nights in a hotel would constitute a "substantial hardship on Target witnesses."  Mot. at 11. Defendant's Motion is similarly conclusory and vague as to what and how many documents are in Minnesota.

Defendant's statements are too vague to meet the burden of showing that transfer is *clearly* more convenient.  *See, e.g. Summit 6 LLC v. HTC Corp., et al.,* No. 7:14-cv-0014-O, 2014 WL 4449821, at *7 (N.D. Tex. Sept. 10 2014) ("Defendants' 'conclusory statements that [their] documents related to research, design, development, testing and marketing are located in California (or Taiwan or Washington) are too vague to meet their burden.'").  *See also Core Wireless Licensing, S.A.R.L. v. Apple, Inc.,* 2013 WL 682849, at *3 (E.D. Tex. Feb. 22, 2013) (holding as too speculative Apple, Inc.'s statement that "virtually all Apple business documents and records relating to the research, design, development, marketing strategy, and product revenue related to the Accused products are located in or near Cupertino."), *mandamus denied, In re Apple Inc.,* 743 F.3d 1377 (Fed. Cir. 2014).

Defendant also gives ignores Soverain's Texas contacts and the convenience of this venue for Soverain. Soverain is a Texas limited liability company headquartered in McKinney, Texas. Dkt. 1 at ¶¶ 29-30.

Even without discovery of information relevant to this factor, the relative ease of access to sources of proof factor is neutral.

### (2)  The Availability Of Compulsory Process.

The primary consideration under this factor is the Court's ability to compel unwilling *non-party* witnesses to attend deposition or trial. *See, e.g.*, *CentreOne v. Vonage Holdings Corp.*, 2009 WL 2461003, at *6 (E.D. Tex. Aug. 10, 2009) ("As the parties have not identified any unwilling witnesses in this case, this factor remains neutral").  Target merely points to its U.S. employees as likely witnesses.  Mot. at 11.  Target has not identified any third-party witnesses for whom compulsory process may prove necessary.  However, compulsory process is unavailable in the District of Minnesota for the third-party, Massachusetts-based inventors of the patents-in-suit.  Defendant's refusal to participate in venue discovery leaves open the question whether non-party witnesses are within the subpoena power of this Court.  At best, this factor is neutral.

### (3)  Costs To Willing Witnesses Counsels Against Transfer.

Though all witnesses are considered under this factor, the cost of attendance of non-party witnesses is far more important than party witnesses.  *Vertical Computer Sys., Inc. v. LG Electr. MobileComm U.S.A., Inc.*, No. 2:10-CV-490-JRG, 2013 WL 2241947, at *4 (E.D. Tex. May 21, 2013) citing *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000) ("it is the convenience of non-party witnesses . . . that is the more important factor and is accorded greater weight in a transfer of venue analysis.").

Defendant improperly focuses its inquiry on its unidentified *party* witnesses, ignoring the cost of venue change to third party witnesses who may willingly attend trial.  Mot. at 11.

Defendant has not identified any third party witnesses and has refused to provide venue discovery.

With regard to party witnesses, Defendant fails to identify any specific witness that would be required to travel to Texas for trial.  Defendant's citation to *In re Genentech Inc.*, 566 F.3d 1338, 1348 (Fed. Cir. 2009), is inapposite. The slight inconvenience to Target of litigating in Texas does not and cannot outweigh the inconvenience that Soverain would face should this case be transferred to Minnesota.  Given the equal footing of the parties with regard to this factor, and Defendant's refusal to allow venue discovery, this factor weighs against transfer.

### (4)  Judicial Economy And Other Practical Problems.

Here, transfer would not promote judicial economy or serve the interest of justice. Defendant is one of thirteen defendants in related cases pending before this Court against whom Soverain asserts the several patents.  Transferring this case would result in a Minnesota judge presiding over Soverain's patent claims in addition to this Court, increasing the risk of inconsistent judgments and the duplication of judicial resources.  *Adrain v. Genetec Inc.*, 2009 U.S. Dist. LEXIS 86855, at *9-10 (E.D. Tex. Sept. 22, 2009) ("[T]he division of the case into multiple suits may be more convenient for [the defendant], but it would impose a significant burden on the plaintiff, witnesses, and the federal court system.  In addition to the burden on the courts, the existence of multiple lawsuits interpreting the same patent creates an unnecessary risk of inconsistent claim construction and adjudication.").  *See also In re Google*, 2011 U.S. App. LEXIS 4381, at *7 (Fed. Cir. 2011) ("having one trial court decide all the[] claims clearly furthers [the]" interest of justice); *Volkswagen III*, 566 F.3d at 1351 ("existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice.").  The existence of duplicate suits involving the same or

similar issues may create practical difficulties that "will weigh heavily in favor or against transfer." *Eolas Techs., Inc. v. Adobe Sys. Inc*., 2010 WL 3835762, at *27 (E.D. Tex. Sept. 28, 2010).

Even if these duplicative efforts were not problematic enough, there is an obvious benefit to keeping related cases involving the same patents and similar products on a similar schedule. *Adaptix, Inc. v. HTC Corp*., 2013 WL 1314413, *8 (E.D. Tex. March 28, 2013) (describing similar argument as "compelling"). This Court would conduct a *Markman* hearing in all four cases and invest substantial time and energy in learning about the patents-at-issue and the accused technology.  Even if the District of Minnesota were to adopt this Court's claim construction ruling, that Court would still be required to repeat this Court's investment of time and energy to learn about the patent and accused technology at issue to adjudicate case-dispositive motions and conduct trial.  A transfer would unnecessarily drain scarce judicial resources and would create a risk of inconsistent rulings.  This factor therefore weighs against transfer.

In sum, the private interest factors weigh against transfer or are neutral.  Target certainly has not shown that under these factors transfer is clearly more convenient to the parties and witnesses.

### 2)   Public Interest Factors
#### (1)  Localized Interest Factor.

Defendant's argument that the mere presence of its headquarters in the District of Minnesota "weighs in favor of transfer" in this case must be rejected.  This Court has deemed this type of argument improper because it essentially constitutes a request to transfer the case "because jurors in the transferee district will be more sympathetic to a particular party." *Ingeniador*, *LLC v. Adobe Sys.*, 2014 U.S. Dist. LEXIS 3308, at *10-11 (E.D. Tex. Jan. 10,

SOVERAIN IP, LLC v. TARGET CORP.
OPP. TO MTD FOR VENUE OR TRANSFER

2014).  Hoping for a sympathetic jury pool is not a valid reason for transfer.  Further, despite what Target suggests in its Motion, Soverain has not called into question the reputation of Target or its employees (Mot. at 12 (quoting *In re Hoffman-LaRoche*, 587 F.3d 1333, 1336 (Fed. Cir. 2009))) – Soverain simply seeks to be properly compensated for its damages caused by Target's infringement.

More importantly, Defendant has also refused discovery into whether its product is used by parties in this District.  Further, Defendant ignores that Soverain is a Texas company.  Given Soverain's contacts with this jurisdiction, and Defendant's nationwide reach, along with its refusal to provide venue discovery, this factor weighs against transfer, or is at best neutral.

### (2)  Court Congestion.

Defendant attempts to gloss over this factor, arguing that this factor is "speculative," and while offering no argument or evidence, asserts that this factor is neutral.  Mot. at 12.  The median time to trial in this District from 1997-2016, as reported in the PwC 2017 Patent Litigation Study, is 2.2 years, which is under the national average.  Hipskind Decl. Ex. 13 at 22.  Target provides no evidence or argument that this case could be heard sooner in the District of Minnesota.  This factor weighs against transfer.

### (3)  Additional Factors.

Soverain agrees with Target that "matters of conflicts of laws and application of foreign law are not anticipated" in this case.  Mot. at 13.  However, Soverain does not agree that the issue of the familiarity of the forum with the law that will govern the case is a neutral factor.  *Id.*  Notably, the District of Minnesota is not among the 15 most active districts for patent litigation reported on in the PwC Patent Litigation Study.  *Id.*  This point further suggests that this Court's

familiarity with complex patent suits, such as this multi-party, multi-patent case, can more efficiently adjudicate this matter.

### C.   To The Extent Factual Questions Remain, Soverain's Proposed Jurisdictional Discovery Is Warranted.

Soverain has pleaded facts that support the propriety of venue in the Eastern District of Texas for Target.  Consequently, Target's Motion lacks merit, and should be denied.  As this Court noted in *Raytheon*, motions such as Target's encourage "both gamesmanship, as well as excessive and costly venue discovery.  This ultimately amounts to a distraction from the merits of the case." *Raytheon*, 2017 U.S. Dist. LEXIS 100887, at *28.  The evidence strongly shows that venue is appropriate as to Target; accordingly, the Court should deny Target's Motion outright.

However, to the extent the Court determines that factual questions still remain, it should Order limited venue discovery to expand the limited record.  It is well settled that a Court may allow discovery to allow venue discovery.  *See Oppenheimer Fund, Inc.,* 437 U.S. at 351.  The Fifth Circuit has indicated that if "a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained." *Fielding,* 415 F.3d at 429 (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)); *accord* 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1067.6 (3d ed. 2004) (noting that jurisdictional discovery can be obtained "when there is some basis for believing that [it] would be fruitful").  Venue discovery is also necessary and appropriate for Soverain to respond to Target's request to transfer the case to the District of Minnesota.  *MobileMedia Ideas LLC v. HTC Corp.*, Case No. 1:20-cv-112, Dkt. No. 84, slip op. at 2 (E.D. Tex. Sept. 15, 2011).

With its current posture, Target seeks to keep Soverain and the Court in the dark as to all the facts relevant to the determination of the propriety of venue in the Eastern District of Texas, Courts have previously rejected efforts by defendants to shield themselves from jurisdictional discovery, as discussed in *Blessey Marine Servs.*:

> ***Defendant resists Plaintiff's request for jurisdictional discovery, contending that Plaintiff has thus far not made out a prima facie case*** for either specific or general jurisdiction. Defendant's argument may be sound if the Fifth Circuit had adopted the rule, apparently applicable in the Second and Seventh Circuits, that jurisdictional discovery is unavailable to a plaintiff that is unable to establish a prima facie case of personal jurisdiction. But, as noted above, the Fifth Circuit has suggested that a plaintiff need only to present "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts," ***or to otherwise show that jurisdictional discovery would not be wholly futile, in order to obtain such discovery***.

*Blessey Marine Servs.,* 2011 U.S. Dist. LEXIS 13434, at *17-18 (citation omitted) (emphasis added).

Courts in this District have consistently found that where a "preliminary showing" of jurisdiction has been made, jurisdictional discovery is warranted.

- *Graftech Int'l Holdings, Inc. v. GC & Co., Ltd.,* Case No. 12-cv-720, Dkt. No. 39 at 16-17 (E.D. Tex. April 8, 2014) (ordering jurisdictional discovery as the Plaintiff "had made a preliminary showing of jurisdiction, sufficient to convince this Court that its jurisdictional allegation can be supplanted through discovery.").

- *TQP Development, LLC v. AFLAC Inc., et al.,* Case No. 11-cv-00397, Dkt. No. 234 at 3 (E.D. Tex. October 15, 2012) (Schneider, J) (finding that although Plaintiff "has made a preliminary showing of jurisdiction sufficient to warrant jurisdictional discovery is a close one," "the Court orders [Defendant] to respond to the discovery within fifteen days.").

- *Silicon Labs. Inc. v. Maxlinear, Inc.,* Case No. 12-cv-692, Dkt. No. 24 at 2-3 (E.D. Tex. October 11, 2012) (finding that jurisdictional discovery was warranted as the Plaintiff has made a "preliminary showing of jurisdiction.").

- *Secure Axcess, LLC v. Trustmark Nat'l Bank,* 2014 U.S. Dist. LEXIS 108789 (E.D. Tex. Aug. 7, 2014) (finding that the Plaintiff's "assertion that [Defendant] has sufficient contacts with this District is a 'preliminary showing of jurisdiction,' such that its jurisdictional allegation can be supplanted through discovery." The Court then denied "Defendant's Motion to Dismiss for Improper Venue" and granted the requested "jurisdictional discovery.").

"[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted *or where a more satisfactory showing of the facts is necessary*." *Baker Hughes, Inc. v. Homa*, 2012 U.S. Dist. LEXIS 60224, 35-36 (S.D. Tex. Apr. 30, 2010) (emphasis added) (citing *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1235 (Fed. Cir. 2010)); *OrthoAccel Techs., Inc. v. Propel Orthodontics, LLC*, 2016 U.S. Dist. LEXIS 90615 (E.D. Tex. July 13, 2016) (discovery was deemed necessary because "the facts necessary to establish personal jurisdiction and propriety of venue [were] exclusively within defendant's knowledge.").

To the extent Target's Motion is not denied outright, which it should be, the discovery proposed by Soverain is likely to uncover additional information bearing on the venue issues raised in Target's Motion.  Soverain "should be allowed explore the quality, quantity and nature of all of Defendant's contacts with this forum and draw its own conclusions and proffer its own arguments as to whether Defendant should be subject to personal jurisdiction in this Court." *Orchid Biosciences, Inc. v. St. Louis Univ.,* 198 F.R.D. 670, 674 (S.D. Cal. 2001).

Courts have found that the burden on a defendant such as Target to resist such discovery is ***relatively high***.  "To defeat the discovery sought here, Defendant must meet the relatively high burden of establishing that it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Id.* at 674-75 (citation omitted).  To the extent additional discovery is necessary, it is clear that further discovery would clarify the activities and presence of Target in the District.

## V.   CONCLUSION

Target's motion to dismiss and alternatively transfer to the District of Minnesota should be denied outright.  To the extent it is not, the Court should order limited venue discovery to

ascertain Target's infringement in District and to provide the Court a more complete factual record regarding Target's motion to transfer.

Dated:  July 19, 2017

Respectfully submitted,

/s/  Daniel P. Hipskind_____
Elizabeth L. DeRieux
TX Bar No. 05770585
D. Jeffrey Rambin
TX Bar No. 00791478
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: 903-845-5770
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

Dorian S. Berger (CA SB No. 264424)
Daniel P. Hipskind (CA SB No. 266763)
Eric B. Hanson (CA SB No. 254570)
BERGER & HIPSKIND LLP
1880 Century Park East, Ste. 815
Los Angeles, CA 95047
Telephone: 323-886-3430
Facsimile: 323-978-5508
E-mail: dsb@bergerhipskind.com
E-mail: dph@bergerhipskind.com
E-mail: ebh@bergerhipskind.com

*Attorneys for Soverain IP, LLC*

Page 26 of 27

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this July 19, 2017 with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Daniel P. Hipskind      
Daniel P. Hipskind

Page 27 of 27