# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| SOVEREIN IP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 2:17-CV-00204-RWS-RSP |
| | § | |
| MICROSOFT CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

This case concerns U.S. Patents 5,708,780, 7,191,447, and 8,606,900. Defendants AT&T Inc. and AT&T Services, Inc. (collectively, "AT&T") move to dismiss Soverein IP, LLC's allegations of willful infringement of each of these patents under Fed. R. Civ. P. 12(b)(6). Defs.' Motion [Dkt. # 51]. For the following reasons, the motion should be **DENIED**.

## I.   DISCUSSION

### A.   AT&T's Alleged Pre-Suit Knowledge of the Asserted Patents

Soverein alleges each patent "is well-known within the industry as demonstrated by the [numerous citations] in published patents and patent applications assigned to technology companies and academic institutions. Several of AT&T's competitors have paid considerable licensing fees for their use of the technology claimed by the . . . patent." Compl. [Dkt. # 1] ¶¶ 80 (alleging the '447 Patent has been cited 135 times), 101 (alleging the '900

Patent has been cited 139 times), 132 (alleging the '447 Patent has been cited 1840 times). Soverain also alleges AT&T knew of and cited to the '780 Patent in eleven of its own patents. *Id.* ¶ 130.

Soverain relies on, and the Court agrees with, Judge Robinson's conclusion in *Investpic, LLC v. FactSet Research Sys.*, Civ. No. 10-1028-SLR, 2011 WL 4591078 (D. Del. Sept. 30, 2011). When taken as true, these allegations are sufficient for one to infer AT&T had knowledge of the patents. *See Investpic, LLC*, 2011 WL 4591078, at *2 ("Defendants might disagree with this fact and may be able to prove otherwise through discovery; however, taking the factual assertion as true, if a patent is 'publicly' known, one can infer . . . that an individual defendant had knowledge of it.").

The Court rejects AT&T's contention that Soverain's failure to allege availability of commercial embodiments within the United States and compliance with 35 U.S.C. § 287 is fatal to Soverain's position. *See* Def.'s Reply [Dkt. # 84] at 2 (distinguishing *Investpic* because, unlike here, "the complaint in *Investpic* expressly identified compliance with the notice provision"). That would illogically exclude any non-practicing plaintiff and effectively establish a *de facto* rule that allegations of public knowledge of an asserted patent are only sufficient to support the "knowledge" element of willful infringement in competitor cases. There's no reason for such a distinction.

## B.    Allegations of Egregious Misconduct

For each patent, Soverain alleges that, "[i]n an effort to gain an advantage over AT&T's competitors by utilizing the same licensed technology without paying reasonable

royalties, AT&T infringed." Compl. [Dkt. # 1] ¶¶ 80, 101, 132. AT&T contends these allegations are too generic and boilerplate, Def.'s Motion [Dkt. # 51] at 9–10, and that Soverain's allegations are insufficient at least because it never pleads AT&T was aware of such licenses, Def.'s Reply [Dkt. # 84] at 4–5.

The Court concludes otherwise. Soverain alleges AT&T's purpose was to gain an advantage over its competitors by using the same technology they were using, but at a lower cost. Inherent in this allegation is that (1) AT&T knew its competitors had licensed rights in the technology for some royalty, and (2) it intentionally chose to use the licensed technology without a license for an edge over those competitors. AT&T may disagree with those allegations but, taking them as true, they are sufficient to overcome AT&T's Rule 12(b)(6) challenge. *See WesternGeco LLC v. ION Geophysical Corp.*, 837 F.3d 1358, 1362 (Fed. Cir. 2016) (concluding "subjective willfulness alone . . . can support an award of enhanced damages"). Moreover, controlling law does not require the Court to discount oth-erwise well-pleaded allegations simply because they are called boilerplate.

## II.   RECOMMENDATION

Defendants' Motion to Dismiss Plaintiff's Allegations of Willful Infringement Under Rule 12(b)(6) [Dkt. # 51] should be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal

conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see*

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 12th day of December, 2017.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE