IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Soverain IP, LLC, | § | |
|     Plaintiff, | § | Case No. 2:17-CV-00204-RWS-RSP |
| | § | LEAD CASE |
| v. | § | |
| | § | |
| Microsoft Corp., | § | |
|     Defendant. | § | |
| Soverain IP, LLC, | § | |
|     Plaintiff, | § | Case No. 2:17-CV-00293-RWS-RSP |
| | § | MEMBER CASE |
| v. | § | |
| | § | |
| AT&T Inc. et al., | § | |
|     Defendants. | § | |

**DEFENDANT AT&T SERVICES, INC.'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S ALLEGATIONS OF WILLFUL INFRINGEMENT UNDER RULE 12(B)(6)**

Defendant AT&T Services, Inc. ("AT&T") respectfully objects to the Magistrate Judge's report and recommendation that AT&T's motion to dismiss Soverain's allegations of willful infringement under Rule 12(b)(6). Dkt. 201. AT&T respectfully requests that the Court dismiss Soverain's Complaint as to the willfulness allegations.

## I. Soverain's Allegations of Pre-Suit Knowledge Are Insufficient

### A. U.S. Patent Nos. 7,191,447 and 8,606,900

The sole basis in Soverain's Complaint for AT&T's pre-suit knowledge of U.S. Patent Nos. 7,191,447 and 8,606,900 are the allegations that each is "well-known within the industry" due to having been cited "in published patents and patent applications assigned to technology companies and academic institutions" and other companies "hav[ing] paid considerable licensing fees for their use of the technology." Dkt. 201 at 1. These allegations are insufficient as a matter of law to establish that AT&T knew of—let alone willfully infringed—these patents. *See, e.g.*, *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 (D. Del. 2012) ("This court has not been convinced of the sufficiency of pleadings charging knowledge that is based upon a defendant's participation in the same market, media publicity and unrelated litigation by the defendant's competitors concerning the relevant patent.").

In finding Soverain's Complaint sufficient, the Magistrate Judge relied almost exclusively on a single district court decision in *InvestPic, LLC v. FactSet Research Sys., Inc.*, No. 10-cv-1028, 2011 WL 4591078 (D. Del. Sept. 30, 2011). But *InvestPic* involved more robust allegations than Soverain makes here. In *InvestPic*, the plaintiff alleged not only that the asserted patent was "well-known in the industry," but also that "products related to the invention are available within the U.S. public marketplace and are in compliance [with] 35 U.S.C. § 287." *Id.* at *2. In other words, the complaint in *InvestPic* alleged something more than the fame of the asserted patents. Indeed, the same court that decided *InvestPic* later explained that "[i]n and of themselves, the allegations regarding (1) Defendants' knowledge of patents related to the [asserted] patent or (2) the asserted

1

patent's ubiquity in Defendants' industry, may not have been sufficient." *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, No. 14-cv-1430, 2015 WL 5725768, at *3 (D. Del. Sept. 29, 2015). Here, there is nothing more than allegations regarding the patents' ubiquity in the industry.[1]

Virtually every other case to address this issue has found that the bare allegation that a patent is "publicly known" is insufficient to establish knowledge for willful infringement. *See, e.g.*, *MONEC Holding*, 897 F. Supp. 2d at 232; *SoftView LLC v. Apple Inc.*, No. 10-cv-389, 2012 WL 3061027, at *6 (D. Del. July 26, 2012) ("The Court concludes that SoftView's allegations concerning media publicity do not plausibly allege pre-suit knowledge of the '353 patent by Kyocera."); *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. 11-cv-1175, 2012 WL 6968938, *1-2 (D. Del. Jul. 18, 2012) ("The suggestion that filing a lawsuit gives actual knowledge to an unrelated party is . . . fanciful."); *Eon Corp. IP Holdings LLC v. Flo TV Inc.*, 802 F. Supp. 2d 527, 533 (D. Del. 2011) ("[P]laintiff asserts that defendants knew or should have known of the '757 patent by virtue of their participation in the interactive television market. The court declines to embrace this reasoning . . . ."). The reasoning in these cases makes sense: otherwise, a plaintiff could plead knowledge of a patent in *any* case by simply alleging its patent is "well-known" (which a court would have to accept as true). This Court should decline to adopt a rule in conflict with reason and the great weight of authority from other districts.

### B. U.S. Patent No. 5,708,780

For U.S. Patent No. 5,708,780, the Magistrate Judge also noted that Soverain alleged that AT&T cited to the patent in eleven of its own patents. This allegation, too, does not show

---

[1] The Magistrate Judge mistook AT&T to argue that a plaintiff *must* plead compliance with the marking statute (35 U.S.C. § 287), which would exclude any non-practicing plaintiff from alleging willfulness. *See* Dkt. 201 at 2. This was not AT&T's argument. As explained above, the fact that the plaintiff in *InvestPic* alleged availability of commercial embodiments marked in accordance with 35 U.S.C. § 287 was important because it was an *additional* allegation on top of the generic allegation of a patent being "well-known" in the industry. Missing here, however, is *anything* pled in the complaint in addition to generic industry fame.

knowledge of a patent. For example, in *Spherix Inc. et al. v. Juniper Networks, Inc.*, No. 14-cv-578 (D. Del. Mar. 31, 2015), the court found that "[t]he fact that the '123 patent was referenced during prosecution of two of defendant's over 1,700 patents is **not compelling evidence of knowledge**, i.e., that the patent was 'called to the attention' of defendant." *Id.* at *3 (emphasis added); *see also Chalumeau Power*, 2012 WL 6968938, at * 1 (finding that even in conjunction with facts such as public lawsuits against other industry players involving the patent, citations to a patent in another prosecution does not "make actual knowledge . . . plausible"). So too here, Soverain should not be allowed to impute knowledge of a patent based on AT&T having cited it in a handful of its own patent applications from among AT&T's tens of thousands of applications.

\* \* \*

This Court should therefore reject the Magistrate Judge's recommendation and find that Soverain's generic allegations of knowledge are insufficient to plead pre-suit willful infringement.

## II. Soverain Cannot Base Its Claim for Willfulness on Post-Filing Conduct Alone

Having found that Soverain had adequately alleged pre-suit knowledge of the asserted patents, the Magistrate Judge did not address AT&T's argument that Soverain has no basis to allege *post-filing* willfulness for any patent. This Court should dismiss Soverain's allegations of willfulness based on AT&T's post-filing knowledge of the asserted patents.

First, the '780 patent expired before this case was filed, and thus there can be no post-filing willfulness. *See Signal IP, Inc. v. Nissan N. Am., Inc.*, No. 14-cv-2962, 2014 WL 12597125, at *3 (C.D. Cal. Sept. 19, 2014) (dismissing claims of willful infringement where the "[p]atent expired before the Complaint was filed").[2]

---

[2] Moreover, for the '447 patent, Soverain failed to allege any facts that plausibly give rise to the inference that AT&T could have sufficient knowledge of and intent to willfully infringe the patent in the short time period (less than three months) between the filing of this case and expiration of the patent.

3

As for the '447 and '900 patents, Soverain cannot state a claim for willful infringement based solely on post-filing knowledge. As this Court has held, "pre-suit knowledge of the asserted patents is generally required to maintain a claim of willfulness." *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-CV-325-JRG, 2016 WL 9275395, at *2 (E.D. Tex. Oct. 19, 2016) (citing *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc), *overruled on other grounds by Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. ---, 136 S. Ct. 1923, 1926, 1932034 (2016)). "[A] limited exception exists when a plaintiff has moved for preliminary injunction on the ground that the defendant's post-filing conduct is reckless." *Id.* In other words, "[i]n the absence of a preliminary injunction, . . . a plaintiff may not recover enhanced damages under a theory of willfulness solely for post-filing conduct." *Id.* at 3-4; *see also Dorman Prod., Inc. v. Paccar, Inc.*, 201 F. Supp. 3d 663, 681 (E.D. Pa. 2016) ("Absent evidence of pre-filing willful infringement, a patentee who does not seek a preliminary injunction may not base a claim for willful infringement solely on the infringer's post-filing conduct.").[3]

Soverain has not sought an injunction in this case to stop AT&T's purportedly egregious conduct. Soverain, therefore, cannot avail itself of this limited exception. *See Opticurrent*, 2016 WL 9275395, at *2 ("Opticurrent has not sought a preliminary injunction to stop Defendants' alleged conduct. Therefore, it cannot take advantage of the limited exception allowing plaintiffs

---

[3] Soverain argued in its briefing before the Magistrate Judge that this Court should not follow its decision in *Opticurrent* because it was decided before *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275 (Fed. Cir. 2017). That is of no moment. *Mentor Graphics* did not eliminate the "connect[ion]" between "findings of willfulness [and] preliminary-injunction rulings." *Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 773 (Fed. Cir. 2014). *Mentor Graphics* simply reaffirmed *Aqua Shield*—decided well before *Opticurrent*—which held that there is no "rigid rule" that the *denial* of a motion for preliminary injunction eliminates all post-suit willfulness. *Aqua Shield*, 774 F.3d at 773-74. The court in *Aqua Shield* found that a denial of a motion for preliminary injunction did not eliminate post-suit willfulness only where the denial was not based on the merits of "infringement or validity at all." *Id.* Here, however, Soverain has not argued that a preliminary injunction would have been denied for reasons separate and apart from the merits of its infringement allegations.

to recover for solely post-filing conduct. Accordingly, the Court finds that Opticurrent's claim for willful infringement should be and is dismissed for failure to state a claim."). Soverain's claim for post-filing willful infringement should be dismissed for failure to state a claim.

**III.     Soverain Fails to Allege Egregious Misconduct Sufficient for Willfulness**

The Magistrate Judge also erred in finding egregious misconduct based on Soverain's generic allegation that AT&T infringed "[i]n an effort to gain an advantage over [its] competitors by utilizing the same licensed technology without paying reasonable royalties"—an allegation Soverain made essentially verbatim against a dozen different defendants. But this conduct—even if true—does not even approach the level of being "characteristic of a pirate." *See Halo*, 136 S. Ct. at 1932). Indeed, this allegation does not recite *any* "misconduct beyond typical infringement," and thus does not support a finding of willful infringement under *Halo*. *See id.* at 1935.

The Magistrate Judge's report and recommendation would essentially adopt a per se rule that once one company has licensed technology, all future infringement by "competitors" (however a plaintiff defines the term) is egregious and willful. The standard in *Halo*—designed as a "punitive" or "vindictive" sanction for the most "egregious cases of culpable behavior"—does not support such a rule. *Halo*, 136 S. Ct. at 1932. Soverain must—and fails to—make specific allegations of egregious misconduct against each defendant that "allow a trier of fact to conclude that [a defendant] acted with a level of intent that is more culpable than the typical infringer." *Monolithic Power Sys., Inc. v. Silergy Corp.*, 127 F. Supp. 3d 1071, 1077 (N.D. Cal. 2015). The generic fact that other companies have licensed the asserted patents does not reflect in any way on AT&T's specific intent to infringe. Soverain's allegations of egregious misconduct are therefore insufficient under *Halo* and must be dismissed for failure to state a claim.

\*     \*     \*

For the foregoing reasons, AT&T requests that the Court dismiss Soverain's claims of willful infringement for failure to state a claim upon which relief may be granted.

Dated: December 26, 2017                    Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

*/s/ Robert A. Vincent*
Robert A. Vincent (#24056474)
Nathan R. Curtis (#24078390)
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201-6912
Telephone: (214) 698-3100
Fax: (214) 571-2900
rvincent@gibsondunn.com
ncurtis@gibsondunn.com

Josh Krevitt
Benjamin Hershkowitz
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com

Harry L. Gillam, Jr. (#07921800)
gil@gillamsmithlaw.com
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Fax: (903) 934-9257

*Counsel for Defendants*
*AT&T, Inc. and AT&T Services, Inc.*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically on December 26, 2017, pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

                                                  */s/ Robert A. Vincent*