IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SOVERAIN IP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 2:17-CV-00204-RWS-RSP |
| | § | |
| MICROSOFT CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court are Defendant AT&T Services, Inc.'s Objections (Docket No. 202) to Magistrate Judge Payne's Report and Recommendation (Docket No. 201), which recommends that the Court deny AT&T's motion to dismiss Soverain's allegations of willful infringement under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the Court **OVERRULES** AT&T's objections and **DENIES** the motion to dismiss.

## BACKGROUND

This patent case concerns U.S. Patents 5,708,780, 7,191,447, and 8,606,900. According to Soverain, these patents are part of a larger network management and data extraction patent portfolio that teaches how to streamline and secure a "single sign-on" process, extract data from hosts over a network, and authenticate and encrypt data using asymmetric keys. Compl. (Docket No. 1, No. 2:17-CV-000293-RWS-RSP) ¶ 25.

According to the Complaint, the asserted patents arose from the work of Open Market, Inc. during the infancy of e-commerce. *See id.* ¶ 2. Open Market's flagship Internet transaction product, called TRANSACT, included content management, authorization protocols, and

customer-relationship management technologies. *Id.* ¶ 5. TRANSACT contained functionality for separating the management of transactions from the management of content, allowing companies to securely and centrally manage transactions using content located on multiple distributed servers. *Id.*

Soverain pleads that Open Market began commercial shipments of TRANSACT in 1995. *Id.* ¶ 6. Early customers included Novell, Sprint, Disney, AT&T, Hewlett-Packard, Time Warner, Banc One, and First Union. *Id.* By the late 1990s, TRANSACT was an established market leader in e-commerce technology. *Id.* ¶ 7.

Soverain alleges both TRANSACT and the related patent portfolio are well-known within the industry. From 1996 through 2000, TRANSACT held the majority of the global market for transaction management systems and was praised for its secure, robust design. *Id.* ¶ 17. Soverain's patents and published applications have been cited in over 6000 issued United States patents and published applications as prior art, including by AT&T. *Id.* ¶¶ 80 (alleging the '447 Patent has been cited 135 times), 101 (alleging the '900 Patent has been cited 139 times), 130 (alleging AT&T knew of and cited to the '780 Patent in eleven of its own patents), and 132 (alleging the '447 Patent has been cited 1840 times).

## APPLICABLE LAW

Because AT&T's motion is dispositive, the Court reviews *de novo* those portions of the Report and Recommendation to which AT&T objects. 28 U.S.C. § 636(b)(1)(C).

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must assume that all well-pled facts are true, and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). The court must then decide whether those facts state a claim for relief that is plausible on its face. *Id.* at 217. "A claim has facial

plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

"The subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016). "Actual knowledge of infringement or the infringement risk is not necessary to plead a claim for willful infringement, but the complaint must adequately allege factual circumstances in which the patents-in-suit [are] called to the attention of the defendants." *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-00037-RWS-RSP, 2016 WL 3878246, at *1 (E.D. Tex. Mar. 30, 2016) (quoting *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012)).

**DISCUSSION**

AT&T objects to Judge Payne's recommendation on two grounds. First, AT&T contends Soverain's allegations of AT&T's pre-suit knowledge concerning the asserted patents are insufficient as a matter of law. AT&T's Objs. (Docket No. 202) at 1–3. Second, AT&T claims Soverain fails to allege sufficiently egregious misconduct to support a willfulness finding. *Id.* at 5.

As to the first ground—the extent of AT&T's pre-suit knowledge—not only does Soverain allege each patent is well-known in the industry by virtue of citations in patents and published applications, Soverain alleges AT&T cited the '780 Patent in eleven of its own patent applications, favorable media coverage of the related technology, early use by AT&T of related technology, and licensing by AT&T's competitors. Considered together, these are sufficient for the Court to reasonably infer AT&T knew of the asserted patents. *See, e.g., SoftView LLC v. Apple Inc.*, No.

10-389-LPS, 2012 WL 3061027, at *5–6 (D. Del. July 26, 2012) (noting that "none of the allegations standing alone adequately alleges [the defendant] was aware of the patents-in-suit prior to the initiation of this litigation," but "[t]aken in combination, the Court concludes that SoftView has alleged a plausible basis from which one might reasonably infer [the defendant] had knowledge of the patent-in-suit"); *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, No. 14-1430-LPS-CJB, 2015 WL 5725768, at *3 (D. Del. Sept. 29, 2015) ("[Separately,] (1) Defendants' knowledge of patents related to the '239 patent or (2) the '239 patent's ubiquity in Defendants' industry, may not have been sufficient here. . . . But considered as a whole, they render it at least *plausible* that Defendants were aware of the '239 patent and its claims prior to suit." (emphasis in original)).

The cases on which AT&T relies are distinguishable. In *MONEC Holding*, for example, the court rejected that public disclosure stemming from two lawsuits against the defendants' competitors was sufficient to show the asserted patents were widely known in the industry. *MONEC Holding*, 897 F. Supp. 2d at 233–34 (distinguishing the facts from those of *Investpic, LLC v. FactSet Research Sys., Inc.*, No. 10-1028-SLR, 2011 WL 4591078 (D. Del. Sept. 30 2011)). There are no such allegations here.

In *Chalumeau Power Systems* and *Spherix, Inc.*, the courts rejected the plaintiffs' arguments that the defendants knew of the asserted patents because the examiner cited the patents during prosecution of the defendants' patent applications. *Chalumeau Power Sys. LLC v. Alcatel-Lucent,* No. 11-cv-1175-RGA, 2012 WL 6968938, at *1 (D. Del. July 18, 2012); *Spherix Inc. v. Juniper Networks, Inc.*, No. 14-cv-578-SLR, 2015 WL 1517508, at *3 (D. Del. Mar. 31, 2015). Here, however, Soverain alleges AT&T (not an examiner) cited to one of the asserted patents in eleven of its applications. That gives rise to a more-than-plausible inference that AT&T had sufficient knowledge of the asserted patent given that AT&T decided the patent was material to the

prosecution of its own applications.

In *EON Corp. IP Holdings LLC v. FLO TV, Inc.*, 802 F. Supp. 2d 527 (D. Del. 2011), the court rejected the plaintiff's argument that the defendant should have known of the asserted patent simply because of its participation in the same market. The court also rejected the plaintiff's argument the defendant should have known of the asserted patent because it licensed two third-party patents that cited the asserted patent. Soverain's allegations here are considerably less tenuous.

Having concluded that Sovereign's allegations about AT&T's knowledge of the asserted patents are at least plausible, AT&T's alleged conduct may warrant enhanced damages. As Judge Payne noted, inherent in Sovereign's allegation is that AT&T knew its competitors had licensed rights in the technology, yet intentionally chose to use the technology without a license specifically for gaining a financial edge over those competitors. Docket No. 201 at 3. Taking such allegations as true, the Court can reasonably infer AT&T's alleged behavior was "consciously wrongful" because its decision to not pay royalties was based on financial reasons rather than a belief it did not infringe the asserted patents. *See Halo Elecs., Inc.*, 136 S. Ct. at 1932 ("The sort of conduct warranting enhanced damages has been variously described in our cases as . . . consciously wrongful"). The Court finds Sovereign's allegations and the reasonable inferences that can be drawn from such allegations are sufficient to withstand AT&T's objection on this point.

## CONCLUSION

Having made a *de novo* review of the written objections filed by AT&T, and for the reasons detailed above, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Accordingly, the Court

**OVERRULES** AT&T's objections and **ADOPTS** the Report and Recommendation

(Docket No. 201) in its entirety. The Court further

**DENIES** Defendant's Motion to Dismiss Plaintiff's Allegations of Willful Infringement Under Rule 12(b)(6) (Docket No. 51).

**SIGNED this 26th day of March, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE